1  **JONES & DYER**
   **A Professional Corporation**
2  **1800 J Street**
   **Sacramento, California 95814**
3  **Telephone: (916) 552-5959**
   **Fax: (916) 442-5959**
4
   **MARK A. JONES, State Bar #96494**
5  **KRISTEN K. PRESTON, State Bar #125455**

6  Attorneys for: Defendant County of Lake and Lake County Sheriff's Office

7

8                      IN THE UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| MICHAEL BRAINERD, | NO. C 07 2663 EDL |
| Plaintiff, | **ANSWER TO COMPLAINT AND DEMAND FOR JURY** |
| vs. | |
| COUNTY OF LAKE; LAKE COUNTY SHERIFF'S OFFICE; and DOES 1 through 50, inclusive, | |
| Defendants. | |

19      Defendant County of Lake and Lake County Sheriff's Office, in answer to the complaint on

20 file herein, admit, deny and allege as follows:

21      1.      Answering Paragraph 1 of the complaint, defendants lack sufficient information or

22 belief to enable them to answer the allegations of said paragraph, and basing their denial on that

23 ground, deny each and every allegation contained therein.

24      2.      Answering Paragraph 2 of the complaint, defendants admit the allegations with

25 respect to the County of Lake, but deny such allegations to the extent they allege that the Lake

26 County Sheriff's Department is a separate public entity.

27      3.      Answering Paragraph 3 of the complaint, defendants admit the allegations contained

28 therein.

1    4.   Answering Paragraph 4 of the complaint, defendants deny the allegations contained therein.

2    5.   Answering Paragraphs 5, 6 and 7 of the complaint, defendants admit the allegations contained therein.

3    6.   Answering Paragraph 8 of the complaint, defendants lack sufficient information or belief to enable them to answer the allegations of said paragraph, and basing their denial on that ground, deny each and every allegation contained therein.

4    7.   Answering Paragraph 9 of the complaint, defendants lack sufficient information or belief to enable them to answer the allegations of said paragraph, and basing their denial on that ground, deny each and every allegation contained therein.

5    8.   Answering Paragraph 10 of the complaint, defendants lack sufficient information or belief to enable them to answer the allegations of said paragraph, and basing their denial on that ground, deny each and every allegation contained therein.

6    9.   Answering Paragraph 11 of the complaint, defendants lack sufficient information or belief to enable them to answer the allegations of said paragraph, and basing their denial on that ground, deny each and every allegation contained therein.

7    10.  Answering Paragraph 12 of the complaint, defendants allege that the conduct of the deputy sheriffs was lawful, appropriate and reasonable, and to the extent plaintiff's allegations conflict therewith, such allegations are denied.

8    11.  Answering Paragraph 13 of the complaint, defendants allege that the conduct of the deputy sheriffs was lawful, appropriate and reasonable, and to the extent plaintiff's allegations conflict therewith, such allegations are denied.

9    12.  Answering Paragraph 14 of the complaint, defendants allege that the conduct of the deputy sheriffs was lawful, appropriate and reasonable, and to the extent plaintiff's allegations conflict therewith, such allegations are denied.  With respect to the remaining allegations contained in Paragraph 14, defendants lack sufficient information or belief to enable them to answer the allegations of said paragraph, and basing their denial on that ground, deny each and every allegation contained therein.

13. Answering Paragraph 15 of the complaint, defendants lack sufficient information or belief to enable them to answer the allegations of said paragraph, and basing their denial on that ground, deny each and every allegation contained therein. In addition, defendants deny that plaintiff's concerns, if any, regarding his medical condition were not ignored.

14. Answering Paragraph 16 of the complaint, defendants allege that the conduct of the deputy sheriffs was lawful, appropriate and reasonable, and to the extent plaintiff's allegations conflict therewith, such allegations are denied.

15. Answering Paragraph 17 of the complaint, defendants lack sufficient information or belief to enable them to answer the allegations of said paragraph, and basing their denial on that ground, deny each and every allegation contained therein.

16. Answering Paragraph 18 of the complaint, defendants lack sufficient information or belief to enable them to answer the allegations of said paragraph, and basing their denial on that ground, deny each and every allegation contained therein.

17. Answering Paragraph 19 of the complaint, defendants lack sufficient information or belief to enable them to answer the allegations of said paragraph, and basing their denial on that ground, deny each and every allegation contained therein.

18. Answering Paragraph 20 of the complaint, defendants deny the allegations contained therein.

19. Answering Paragraph 21 of the complaint, defendants deny the allegations contained therein.

20. Answering Paragraph 22 of the complaint, defendants deny the allegations contained therein.

21. Answering Paragraph 23 of the complaint, defendants realleges and incorporate herein by reference their responses to Paragraphs 1 through 22 of the complaint as though fully set forth herein.

22. Answering Paragraphs 24, 25, 26, 27 and 28 of the complaint, defendants deny the allegations contained therein.

23. Answering Paragraph 29 of the complaint, defendants realleges and incorporate

herein by reference their responses to Paragraphs 1 through 24 of the complaint as though fully set forth herein.

24. Answering Paragraphs 30, 31, 32, 33 and 34 of the complaint, defendants deny the allegations contained therein.

25. Answering Paragraph 35 of the complaint, defendants realleges and incorporate herein by reference their responses to Paragraphs 1 through 31 of the complaint as though fully set forth herein.

26. Answering Paragraphs 36, 37, 38, 39 and 40 of the complaint, defendants deny the allegations contained therein.

27. Answering Paragraph 41 of the complaint, defendants realleges and incorporate herein by reference their responses to Paragraphs 1 through 37 of the complaint as though fully set forth herein.

28. Answering Paragraphs 42, 43, 44, 45 and 46 of the complaint, defendants deny the allegations contained therein.

### AFFIRMATIVE DEFENSES

29. As a first affirmative defense to each and every allegation and every cause of action set forth in the complaint, the defendants allege that those causes of action fail to state any claim upon which relief can be granted.

30. As a second affirmative defense to plaintiff's complaint, defendants allege that plaintiff's claims are barred by the applicable statutes of limitation.

31. As a fourth affirmative defense to plaintiff's causes of action in the complaint, defendants allege that they have qualified immunity from liability for matters set forth in the complaint. The acts complained of occurred within the scope of defendants' official duties and defendants had no knowledge that said acts were illegal and/or unconstitutional nor were said acts clearly violative of plaintiff's and/or the decedent's rights at the time they were committed.

32. As a fifth affirmative defense to plaintiff's causes of action in the complaint, defendants allege that they not liable to the plaintiff because any allegedly wrongful action taken by the individual officers was not pursuant to an official policy or custom.

33. As a sixth affirmative defense to plaintiff's causes of action in the complaint, defendants allege that any harm which came to plaintiff was a direct and proximate cause of the plaintiff's and/or the decedent's own actions.

34. As a seventh affirmative defense to plaintiff's causes of action in the complaint, defendants allege that any of plaintiff's alleged damages or injuries were aggravated by his failure to use reasonable diligence to mitigate them.

35. As an eighth affirmative defense to plaintiff's causes of action in the complaint, defendants allege that any of plaintiff's damages or injuries were proximately caused by the negligence of other persons, firms, corporations or entities, for whom the defendants are not responsible. Should plaintiff be entitled to recover under the complaint, his recovery should be reduced in proportion to the negligence of such other persons, firms, corporations or entities.

36. As a ninth affirmative defense to plaintiff's causes of action in the complaint, defendants allege that they were acting in their official capacities at all times relevant to this action, and any alleged actions were made in good faith, without malice, or were performed with a reasonable belief that their actions were authorized by and in accord with existing law and authority.

37. As a tenth affirmative defense to plaintiff's causes of action in the complaint, defendants allege that their actions were privileged as a matter of law. Consequently, no liability can be cast upon them in their individual capacities.

38. As a fourteenth affirmative defense to plaintiff's causes of action in the complaint, defendants allege that the decedent's arrests and/or detentions, if any, were made with probable cause.

39. As a fifteenth affirmative defense to plaintiff's causes of action in the complaint, defendants allege that any search or seizure of the decedent or of plaintiff's or decedent's property was reasonable and necessary to effect lawful and proper law enforcement procedures and, as such, there can be no liability against these defendants.

40. As a sixteenth affirmative defense to plaintiff's causes of action in the complaint, defendants allege that plaintiff's claims for punitive damages are barred by provisions of Government Code section 818 and Newport v. Fact Concert, Inc., 453 U.S. 247 (1981).

41. As a seventeenth affirmative defense to plaintiff's causes of action in the complaint, defendants allege that plaintiff is not entitled to punitive damages, because punitive damages are unconstitutional and violate the defendants' right to due process and equal protection.

42. As an eighteenth affirmative defense to plaintiff's causes of action in the complaint, defendants allege that at no time did their conduct constitute deliberate indifference to the needs or rights of plaintiff.

43. As a nineteenth affirmative defense to plaintiff's causes of action in the complaint, defendants allege that plaintiff and/or the decedent assumed the risk of their conduct.

44. As a twentieth affirmative defense to plaintiff's causes of action in the complaint, defendants allege that defendants acted appropriately in a sudden emergency situation.

WHEREFORE, defendants pray for judgment as follows:

1. That plaintiff take nothing by his action;
2. That defendants be awarded the costs of defending this lawsuit;
3. Defendants have a judgment against the plaintiff; and
4. For such other and further relief as this court deems proper.

DATED: June 21, 2007

JONES & DYER

By  /s/ Mark A. Jones
MARK A. JONES, Attorneys for Defendants County of Lake and Lake County Sheriff's Office

## DEMAND FOR JURY TRIAL

Defendants County of Lake and Lake County Sheriff's Office hereby request a trial by jury in this matter.

DATED: June 21, 2007.

                                          JONES & DYER

By:    /s/   Mark A. Jones
     MARK A. JONES, Attorneys for
     Defendants County of Lake and Lake County
     Sheriff's Office.