1  **JONES & DYER**
   **A Professional Corporation**
2  **1800 J Street**
   **Sacramento, California 95811**
3  **Telephone:  (916) 552-5959**
   **Fax: (916) 442-5959**
4
   **MARK A. JONES, State Bar #96494**
5  **KRISTEN K. PRESTON State Bar #125455**

6  Attorneys for: Defendant County of Lake

7  **David M. Poore, SBN 192541**
   **KAHN BROWN & POORE LLP**
8  **755 Baywood Drive, Suite 185**
   **Petaluma, California 94954**
9  **Telephone:    (707) 763-7100**
   **Facsimile:    (707) 763-7180**
10 **dpoore@kahnbrownlaw.com**

11 Attorneys for Plaintiff
   MICHAEL BRAINERD
12

13

14             IN THE UNITED STATES DISTRICT COURT

15             NORTHERN DISTRICT OF CALIFORNIA

16

17 MICHAEL BRAINERD                       )  NO.  C 07 2663 EDL
                                          )
18                         Plaintiff,     )  **JOINT CASE MANAGEMENT**
                                          )  **STATEMENT**
19 vs.                                    )
                                          )
20 COUNTY OF LAKE; LAKE COUNTY            )
   SHERIFF'S OFFICE; and DOES 1 through 50, )
21 inclusive,                             )
                                          )  Date:   August 28, 2007
22                         Defendants.    )  Time:  10:00 a.m.
                                          )  Location:  Courtroom E, 15th Floor
23 _____ )
                                          )  Hon. Elizabeth D. Laporte
24

25     1.     Jurisdiction and Service:

26     No issues exist with regard to jurisdiction or service.  Plaintiff intends on adding as

27                                   –1–

28        **JOINT CASE MANAGEMENT STATEMENT**
          **CASE NO. C 07-2663 EDL**

1  additional parties the law enforcement officers that arrested him.  Plaintiff attempted to obtain this

2  information prior to filing this action, but was advised by defendants that he would need to subpoena

3  the records to determine the identity of the officers.

4       Defendants notified plaintiff that the identities of arresting officers will be provided in

5  documents produced pursuant to Fed. Rules of Civ. Pro. 26(a).  Defendants are unaware of what

6  efforts, if any, were made by plaintiff to previously obtain this information and when such efforts

7  were made.  Defendants have not agreed to the addition of any parties.

8      2.    Facts:

9    Plaintiff's Version:

10      This case is a civil rights action asserting violations of the Fourth, Fifth, and Fourteenth

11  Amendments to the United States Constitution.  In particular, plaintiff alleges that defendants

12  unlawfully arrested plaintiff for engaging in felony "terrorist acts" without any reasonable

13  investigation or probable cause.  Moreover, plaintiff alleges that he was improperly searched, seized,

14  and incarcerated in the Lake County Jail for five days without any judicial review or probable cause

15  determination.  During this period of time, plaintiff was a diabetic with severe medical

16  complications, and defendants denied plaintiff reasonable access to medical care.  Defendants later

17  admitted that the "terrorist" charges against plaintiff were baseless, and plaintiff was never formally

18  charged with any crime.  As a result of defendants' actions, plaintiff suffered significant damages,

19  including the loss of his long-term position as a government worker with the City of Ukiah.

20  Plaintiff's economic damages and loss of benefits are substantial.

21    Defendant's Version:  Defendants generally and specifically deny plaintiff's version of

22  events.  Defendants contend that Plaintiff Michael Brainerd was lawfully arrested by Lake County

23  Sheriff's Department deputies on Thursday, May 19, 2004 for violation of California Penal Code

24  section 422.  Plaintiff threatened to beat a resident of his household with a baseball bat.  Plaintiff

25  was held in the Lake County Jail until Monday, May 23, 2004, when he was released pursuant to

26  California Penal Code section 849 with a detention certificate.  Upon entering the jail facility,

27

28

–2–

**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO. C 07-2663 EDL**

1  plaintiff's medical history and condition was assessed.  Plaintiff was provided adequate medical

2  treatment during his detention.

3      3.  <u>Legal Issues:</u>

4      Plaintiff's complaint alleges four causes of action, including violations of the Fourth, Fifth,

5  and Fourteenth Amendments based on unlawful arrest, unreasonable search and seizure, failure to

6  provide a timely probable cause hearing, and illegal incarceration with failure to provide medical

7  treatment.  Plaintiff seeks compensatory and punitive damages.

8      The following legal issues are disputed:  (1) whether defendant violated 42 U.S.C. Section

9  1983 and the above referenced constitutional amendments; (2) whether defendants had probable

10  cause to arrest and incarcerate plaintiff for committing "terrorist acts"; (3) whether defendants

11  conducted an unreasonable search and seizure; (4) whether defendant provided plaintiff with a

12  timely probable cause determination; (5) whether defendants illegally incarcerated plaintiff; (6)

13  whether plaintiff was denied adequate medical care and treatment; (6) whether defendants have

14  engaged in a pattern, practice, custom, or policy of violating such constitutional rights; and (7) the

15  nature and extent of damages.

16      Defendants generally and specifically deny plaintiff's allegations.  Defendants contend that

17  probable cause existed and the arrest of plaintiff for violation of California Penal Code section 422

18  was lawful.  Defendants further contend that defendants complied with California Penal Code

19  sections 825 and 849 and other applicable statutes.  Defendants contend that the detention of

20  plaintiff was lawful and that, during the period of his detention, defendants were not deliberately

21  indifferent to any serious medical need of plaintiff's.  Defendants further deny any pattern, practice,

22  custom or policy of violating constitutional rights.

23      4.  <u>Motions:</u>

24      No motions are currently pending.  Defendants anticipates filing a dispositive motion.

25  Plaintiff will likely file a motion for partial summary judgment of discrete issues, including the

26  constitutional violations.

27

28

–3–

**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO. C 07-2663 EDL**

1      5.      Amendment of Pleadings:

2      Defendants do not expect to amend their answer.  Plaintiff anticipates amending the

3  complaint to assert the names of the officers that arrested him as stated above.  Defendant has

4  indicated the names of officers are referenced in documents defendants will produce pursuant to

5  FRCP 26(a).

6      6.      Evidence Preservation:

7      Except as maintained in the ordinary course, the parties do not propose any particular

8  measures are required to preserve evidence relevant to issues reasonably evident in this action.

9      7.      Disclosures:

10      Defendant made a full and timely initial disclosure of witnesses and documents as required

11  by Fed. R. Civ. P. 26(a) and the case schedule ordered in this action.

12      8.      Discovery:

13      The parties anticipate that discovery will include written discovery as well as depositions.

14      The parties submit that discovery should proceed pursuant to Federal Rule of Civil Procedure

15  26 and 29-37.  Plaintiff contends that the parties reached an agreement to proceed with initial

16  disclosures by August 31, 2007.  Defendant does not agree that the parties meaningfully conferred

17  concerning the disclosure date and defendant will proceed with Rule 26(a) initial disclosure in

18  accordance with the court's order.  The parties do not believe that a Rule 26(f) discovery conference

19  is necessary in this matter, and the parties should simply proceed with initial disclosures.

20      9.      Class Actions:

21  No applicable.

22      10.    Related Cases:

23  The parties are unaware of any other case related to the instant matter.

24      11.    Relief:

25  Plaintiff seeks compensatory and punitive damages.

26      12.    Settlement and ADR:

27

28

–4–

**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO. C 07-2663 EDL**

1        The parties have stipulated to court-supervised mediation.

2        13.    <u>Consent to Magistrate Judge for All Purposes:</u>

3        The parties will consent to have a magistrate judge conduct all further proceedings, including

4  trial and entry of judgment.

5        14.    <u>Other References:</u>

6        The parties do not suggest that this case is suitable for any other reference.

7        15.    <u>Narrowing of Issues:</u>

8        The parties have not presently identified any issues that can be narrowed by agreement.  The

9  parties will meet and confer to narrow issues as the need arises.

10       16.    <u>Expedited Schedule:</u>

11      The parties do not propose that this is the type of case that can be handled on an expedited

12  basis with streamlined procedures.

13       17.    <u>Scheduling:</u>

14      The parties propose the following cutoff dates:

15      Expert witness disclosure and reports by June 10, 2008;

16      Non-expert discovery completed by June 2, 2008;

17      Disclosure of experts and reports for experts intended solely for rebuttal on or before June

18  20, 2008;

19      Expert discovery completed by July 15, 2008;

20      All motions, except for motions for continuances, temporary restraining orders or other

21  emergency applications, filed by August 15, 2008;

22      Pre-trial conference October 7, 2008;

23      Trial November 3, 2008.

24      18:    <u>Trial:</u>

25      The parties request that this case be tried to a jury and anticipate the length of trial to be 5 to

26  8 days.

27

28

**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO. C 07-2663 EDL**

1      19.    <u>Disclosure of Non-Party Entities or Persons:</u>

2      Defendant's Certificate of Interested Parties or Persons is filed concurrently herewith and,

3 pursuant to Local Rule 3-16, provides: [Defendant] certifies that as of this date, other than the named

4 parties, there is no such interest to report.  Plaintiff is unaware of any such interest to report.

5      20.    <u>Other Matters:</u>

6      The parties submit that the information set forth above encompasses all of the matters which

7 may be conducive to the just, efficient and economical determination of the action.

8

Date:    <u>August 21, 2007</u>

9

10                 JONES & DYER

11

12                 By:   <u>/s/ Mark A. Jones</u>
                       Mark A. Jones
13                      Attorneys for Defendants

14 Date:    <u>August 21, 2007</u>

15

16                 KAHN BROWN & POORE LLP

17                 By:   <u>/s/ David M. Poore</u>
                       David M. Poore
18                      Attorneys for Plaintiff

19

20

21

22

23

24

25

26

27                   –6–
             **JOINT CASE MANAGEMENT STATEMENT**
28               **CASE NO. C 07-2663 EDL**