**David M. Poore, State Bar $192541
KAHN BROWN & POORE LLP
755 Baywood Drive, Suite 185
Petaluma, CA 94954
Telephone: (707) 763-7100
Fax: (707) 763-7180**

Attorneys for Plaintiff Michael Brainerd

**MARK A. JONES, State Bar #96494
KRISTEN K. PRESTON State Bar #125455
JONES & DYER
A Professional Corporation
1800 J Street
Sacramento, California 95811
Telephone: (916) 552-5959
Fax: (916) 442-5959**

Attorneys for: Defendant County of Lake

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRAINERD<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF LAKE; LAKE COUNTY SHERIFF'S OFFICE; and DOES 1 through 50, inclusive,<br><br>　　　　　　　　　Defendants.<br>_____ | NO. C 07 2663 EDL<br><br>**FURTHER JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: October 23, 2007<br>Time: 9:00 a.m.<br>Location: Courtroom E, 15th Floor<br>Hon. Elizabeth D. Laporte |

　　　1.　　Jurisdiction and Service:

　　No issues exist with regard to jurisdiction or service. Plaintiff intends on adding additional parties the law enforcement officers that arrested him. Plaintiff attempted to obtain this information prior to filing this action, but was advised by defendants that he would need to subpoena the records

–1–
**FURTHER JOINT CASE MANAGEMENT STATEMENT
CASE NO. C 07-2663 EDL**

1   to determine the identity of the officers.

2         Defendants notified plaintiff that the identities of arresting officers will be provided in
3   documents produced pursuant to Fed. Rules of Civ. Pro. 26(a). Defendants are unaware of what
4   efforts, if any, were made by plaintiff to previously obtain this information and when such efforts
5   were made. Defendants have not agreed to the addition of any parties.

6         2.    Facts:

7   Plaintiff's Version:

8         This case is a civil rights action asserting violations of the Fourth, Fifth, and Fourteenth
9   Amendments to the United States Constitution. In particular, plaintiff alleges that defendants
10  unlawfully arrested plaintiff for engaging in felony "terrorist acts" without any reasonable
11  investigation or probable cause. Moreover, plaintiff alleges that he was improperly searched, seized,
12  and incarcerated in the Lake County Jail for five days without any judicial review or probable cause
13  determination. During this period of time, plaintiff was a diabetic with severe medical
14  complications, and defendants denied plaintiff reasonable access to medical care. Defendants later
15  admitted that the "terrorist" charges against plaintiff were baseless, and plaintiff was never formally
16  charged with any crime. As a result of defendants' actions, plaintiff suffered significant damages,
17  including the loss of his long-term position as a government worker with the City of Ukiah.
18  Plaintiff's economic damages and loss of benefits are substantial.

19        Defendant's Version: Defendants generally and specifically deny plaintiff's version of
20  events. Defendants contend that Plaintiff Michael Brainerd was lawfully arrested by Lake County
21  Sheriff's Department deputies on Thursday, May 19, 2004 for violation of California Penal Code
22  section 422. Plaintiff threatened to beat a resident of his household with a baseball bat. Plaintiff
23  was held in the Lake County Jail until Monday, May 23, 2004, when he was released pursuant to
24  California Penal Code section 825 with a detention certificate. Upon entering the jail facility,
25  plaintiff's medical history and condition was assessed. Plaintiff was provided adequate medical
26  treatment during his detention.

27

28

–2–
**FURTHER JOINT CASE MANAGEMENT STATEMENT**
**CASE NO. C 07-2663 EDL**

3. <u>Legal Issues</u>:

Plaintiff's complaint alleges four causes of action, including violations of the Fourth, Fifth, and Fourteenth Amendments based on unlawful arrest, unreasonable search and seizure, failure to provide a timely probable cause hearing, and illegal incarceration with failure to provide medical treatment. Plaintiff seeks compensatory and punitive damages.

The following legal issues are disputed: (1) whether defendant violated 42 U.S.C. Section 1983 and the above referenced constitutional amendments; (2) whether defendants had probable cause to arrest and incarcerate plaintiff for committing "terrorist acts"; (3) whether defendants conducted an unreasonable search and seizure; (4) whether defendant provided plaintiff with a timely probable cause determination; (5) whether defendants illegally incarcerated plaintiff; (6) whether plaintiff was denied adequate medical care and treatment; (6) whether defendants have engaged in a pattern, practice, custom, or policy of violating such constitutional rights; and (7) the nature and extent of damages.

Defendants generally and specifically deny plaintiff's allegations. Defendants contend that probable cause existed and the arrest of plaintiff for violation of California Penal Code section 422 was lawful. Defendants further contend that defendants complied with California Penal Code sections 825 and 849 and other applicable statutes. Defendants contend that the detention of plaintiff was lawful and that, during the period of his detention, defendants were not deliberately indifferent to any serious medical need of plaintiff's. Defendants further deny any pattern, practice, custom or policy of violating constitutional rights.

4. <u>Motions</u>:

No motions are currently pending. Plaintiff did not file a motion to amend, but intends on doing so. Defendants and plaintiff anticipate filing dispositive motions.

5. <u>Amendment of Pleadings</u>:

Defendants do not expect to amend their answer. Plaintiff will seek to amend the complaint to substitute new defendants for the respective amount of DOE defendants.

1   6.   Evidence Preservation:

Except as maintained in the ordinary course, the parties do not propose any particular measures are required to preserve evidence relevant to issues reasonably evident in this action.

7.   Disclosures:

Defendant made a full and timely initial disclosure of witnesses and documents as required by Fed. R. Civ. P. 26(a) and the case schedule ordered in this action. Defendant made two supplemental disclosures, August 31, 2007 and September 24, 2007. Plaintiff served his initial disclosures on August 27, 2007. Plaintiff subsequently produced documents in connection with his initial disclosures.

8.   Discovery:

The parties anticipate that discovery will include written discovery as well as depositions.

The parties submit that discovery should proceed pursuant to Federal Rule of Civil Procedure 26 and 29-37. Defendant has propounded written discovery to plaintiff and anticipates plaintiff's deposition will be set in November of 2007. The parties do not believe that a Rule 26(f) discovery conference is necessary in this matter, and the parties should simply proceed with initial disclosures.

9.   Class Actions:

Not applicable.

10.   Related Cases:

The parties are unaware of any other case related to the instant matter.

11.   Relief:

Plaintiff seeks compensatory and punitive damages.

12.   Settlement and ADR:

The parties have stipulated to court-supervised mediation. The court appointed mediator Teri Sklar, and further, ordered completion of mediation by December 17, 2007. The mediator scheduled an initial mediation conference with the parties October 1, 2007. A further conference call will be scheduled so that defendants' lead trial counsel can appear.

1  13.   Consent to Magistrate Judge for All Purposes:

2  The parties will consent to have a magistrate judge conduct all further proceedings, including

3  trial and entry of judgment.

4  14.   Other References:

5  The parties do not suggest that this case is suitable for any other reference.

6  15.   Narrowing of Issues:

7  The parties have not presently identified any issues that can be narrowed by agreement.  The

8  parties will meet and confer to narrow issues as the need arises.

9  16.   Expedited Schedule:

10  The parties do not propose that this is the type of case that can be handled on an expedited

11  basis with streamlined procedures.

12  17.   Scheduling:

13  The parties propose the following cutoff dates:

14  Expert witness disclosure and reports by June 10, 2008;

15  Non-expert discovery completed by June 2, 2008;

16  Disclosure of experts and reports for experts intended solely for rebuttal on or before June

17  20, 2008;

18  Expert discovery completed by July 15, 2008;

19  All motions, except for motions for continuances, temporary restraining orders or other

20  emergency applications, filed by August 15, 2008

21  Pre-trial conference October 7, 2008;

22  Trial November 3, 2008.

23  18:   Trial:

24  The parties request that this case be tried to a jury and anticipate the length of trial to be 5 to

25  8 days.

26  19.   Disclosure of Non-Party Entities or Persons:

27

28

–5–
**FURTHER JOINT CASE MANAGEMENT STATEMENT
CASE NO. C 07-2663 EDL**

1    Defendant's Certificate of Interested Parties or Persons is filed concurrently herewith and, pursuant to Local Rule 3-16, provides: [Defendant] certifies that as of this date, other than the named parties, there is no such interest to report.  Plaintiff is unaware of any such interest to report.

4    20.    Other Matters:

At the initial case management conference, the Court set a further conference so that plaintiff could file a motion for leave to amend to be heard concurrently with the further case management conference.  Plaintiff was unable to do so because his counsel was hospitalized and scheduled for emergency surgery due to serious medical condition.  Plaintiff's counsel's treating physician placed him on temporary disability, and removed him from work until at least November 1, 2007.  The surgery was temporarily postponed until plaintiff's counsel could obtain further review and treatment at the Neurology Department at UCSF.  Plaintiff's counsel's treating physician anticipates that the surgery will likely take place in November or early-December 2007.  Given this unforeseen circumstance, plaintiff's counsel requested via correspondence with the Court that the further CMC and Motion to Amend be rescheduled for a date in mid-December 2007 at the earliest.

The parties are unaware of any other matters to address at this point.

Date:  _____October 17, 2007_____

KAHN BROWN & POORE LLP

By:  ___/s/ David M. Poore_____
       DAVID M. POORE
       Attorneys for Plaintiff

Date:  _____October 17, 2007_____

JONES & DYER

By:  _____/s/ Kristen K. Preston_____
       KRISTEN K. PRESTON
       Attorneys for Defendants

–6–
**FURTHER JOINT CASE MANAGEMENT STATEMENT**
**CASE NO. C 07-2663 EDL**