1  David M. Poore, SBN 192541
   KAHN BROWN & POORE LLP
2  755 Baywood Drive, Suite 185
   Petaluma, California 94954
3  Telephone:     (707) 763-7100
   Facsimile:     (707) 763-7180
4  dpoore@kahnbrownlaw.com

5
   Attorneys for Plaintiff
6  MICHAEL BRAINERD

7

8                  **UNITED STATES DISTRICT COURT**

9                 **NORTHERN DISTRICT OF CALIFORNIA**

10

11
   MICHAEL BRAINERD,                           **Case No. C 07 2663 EDL**
12
                    Plaintiff,
13                                             **PLAINTIFF MICHAEL BRAINERD'S
                                               NOTICE OF MOTION AND MOTION
14 v.                                          FOR LEAVE ; MEMORANDUM OF
                                               POINTS AND AUTHORITIES
15                                             [F.R.C.P. 15]
   COUNTY OF LAKE; LAKE COUNTY
16 SHERIFF'S OFFICE; and DOES 1 through 50,    **Date:         December 18, 2007**
   inclusive,                                  **Time:         9:00 a.m.**
17                                             **Location:     Courtroom E, 15th Floor**
                    Defendants.
18                                             **Hon. Elizabeth D. Laporte**

19

20

21

22

23

24

25

26

27

28
                                   -1-

1

## NOTICE OF MOTION AND MOTION

2  Please take notice that on December 18, 2007, at 9:00 a.m., or as soon thereafter as the

3  matter may be heard in the United States District Court for the Northern District of California,

4  Honorable Elizabeth D. Laporte, in Courtroom E, 15th Floor, 450 Golden Gate Avenue, San

5  Francisco, California, plaintiff Michael Brainerd will and hereby does move for an order granting

6  leave to file his First Amended Complaint, and thereby substituting as defendants to this case the

7  individual law enforcement officers MATTHEW WRISTEN and EMIL DEVINCENZI for

8  DOES 1 and 2, respectively. This motion is being brought pursuant to Federal Rule of Civil

9  Procedure Rule 15 and California Code of Civil Procedure Section 474 in that the defendants to

10  be substituted as DOES in the Amended Complaint is proper, and that amendment to add these

11  parties is proper and justice so requires.

12  This motion is based upon this Notice of Motion and Motion, the Memorandum of Points

13  and Authorities, the Declaration of David M. Poore, including the exhibits attached thereto, the

14  Declaration of Plaintiff Michael Brainerd, the pleadings on file in this action, and such other

15  matters and arguments that may be presented by the parties at the hearing in this matter.

16

## STATEMENT OF RELIEF SOUGHT

17  Plaintiff requests that this Court enter an order granting leave to amend to file a First

18  Amended Complaint substituting two additional defendants as defendant DOES 1 and 2. This

19  motion is being brought on two grounds. First, plaintiff seeks to amend the complaint under

20  California law to substitute as DOE defendants the two previously unidentified law enforcement

21  officers that arrested plaintiff and transported him to the Lake County detention facility, namely

22  MATTHEW WRISTEN and EMIL DEVINCENZI. In particular, plaintiff seeks to substitute

23  these two law enforcement officers as DOE defendants under California Code of Civil Procedure

24  Section 474. *Merritt v. County of Los Angeles,* 875 F.2d 765 (9th Cir. 1989) ["[T]he relation-back

25  provisions of state law, rather than Rule 15(c), govern a federal cause of action pursuant to 42

26  U.S.C. Section 1983."]. Plaintiff previously sued these unknown defendants as DOES 1 and 2 in

27  the operative complaint, and only recently learned of the true identity of these law enforcement

28  officials during the course of discovery. There is no reasonable dispute that the more liberal

-2-

1    relation-back provisions of California law apply, and, as a result, the motion should be granted on
2    that basis alone.

3    Second, in the alternative, plaintiff seeks leave to amend the complaint under Federal Rule
4    of Civil Procedure 15(c). Plaintiff has established each of the elements of amendment under Rule
5    15, including the application of relation-back under Rule 15(c). The allegations in the proposed
6    First Amended Complaint (1) arise out of the same transaction or conduct set forth in the original
7    complaint; (2) the new defendants received adequate notice of the action within the period
8    allowed by the federal rules; and (3) the law enforcement officers that arrested plaintiff knew or
9    should have known that the action would have been brought against it if the plaintiff had not
10   made a mistake concerning the identity of the proper party. Accordingly, the motion should be
11   granted.

12

13                       **MEMORANDUM OF POINTS AND AUTHORITIES**

14   **I.     STATEMENT OF THE CASE**

15   This case is a civil rights action asserting violations of the Fourth, Fifth, and Fourteenth
16   Amendments to the United States Constitution. In particular, plaintiff alleges that defendants
17   unlawfully arrested plaintiff for engaging in felony "terrorist acts" without any reasonable
18   investigation or probable cause. Moreover, plaintiff alleges that he was improperly searched,
19   seized, and incarcerated in the Lake County Jail for five days without any judicial review or
20   probable cause determination. During this period of time, plaintiff was a diabetic with severe
21   medical complications, and defendants denied plaintiff reasonable access to medical care.
22   Defendants later admitted that the "terrorist" charges against plaintiff were baseless, and plaintiff
23   was never formally charged with any crime. As a result of defendants' actions, plaintiff suffered
24   significant damages, including the loss of his long-term position as a government worker with the
25   City of Ukiah (Declaration of David M. Poore ("Poore Decl."), Exh. A).

26   This action was originally filed on May 18, 2007. The named defendants were County of
27   Lake, Lake County Sheriff's Office, and DOES 1 through 50. At the time of filing the complaint,
28   plaintiff did not know the true names of the law enforcement officials that arrested and

                                                -3-

1  transported him to the county jail. Shortly before filing this action, plaintiff and his counsel of
2  record contacted the Lake County Sheriff's Office to obtain a copy of the arrest report so that
3  plaintiff could determine the true names of the Sheriff's Deputies that arrested him. However,
4  defendants advised plaintiff that he would have to "subpoena" the documents. (Declaration of
5  Michael Brainerd, ¶ 2). As a result, plaintiff named these officers as fictitious DOE defendants,
6  and identified the "individual law enforcement officials that conducted the acts and/or omissions
7  alleged in this complaint" as DOES 1 through 15. (Poore Decl., ¶ 2, Exhibit A).

8      Once the action was filed, plaintiff served the complaint and summons upon the
9  defendants within 120 days. During that period of time, defendants' counsel, Kristin Preston, and
10  plaintiff's counsel, David M. Poore, spoke on the telephone regarding the Stipulation for
11  Selection of ADR and the drafting of the Joint Case Management Conference Statement. During
12  that conversation, plaintiff's counsel advised Ms. Preston that plaintiff will be amending the
13  complaint to substitute the names of the individual law enforcement officials that arrested
14  plaintiff. In particular, plaintiff's counsel advised her that plaintiff would not be changing any of
15  the factual allegations or legal causes of action, but would only be seeking to substitute the
16  unknown arresting officers for DOES 1 and 2. Plaintiff's counsel asked Ms. Preston to provide
17  the names of those officers. She stated that the names would be contained within the initial
18  disclosure document production which would be forthcoming. (Poore Decl., ¶ 3).

19      On August 21, 2007, defendants provided plaintiff with the initial disclosure documents
20  containing the names of the officers. This was the first time that plaintiff became aware of the
21  names of the individuals that arrested plaintiff. (Poore Decl., ¶ 4).

22      On August 28, 2007, the Court held an initial case management conference ("CMC").
23  During the conference, the parties discussed plaintiff's intention to amend the complaint to
24  substitute the names of the individual officers. The Court then continued the CMC to October 16,
25  2007, and set a briefing schedule for the motion. The CMC was then continued twice; once on
26  the Court's own motion, and then again pursuant to plaintiff's counsel's request to accommodate
27  a medical injury. The hearing is now set for December 18, 2007. (Poore Decl., ¶ 5).

28

1    The proposed First Amended Complaint does not change any of the factual allegations or

2  legal claims. The only difference between the initial complaint and the amended complaint is the

3  substitution of the two DOE defendants, namely MATTHEW WRISTEN ("Doe 1") and EMIL

4  DEVINCENZI ("Doe 2"). (Poore Decl., ¶ 6).

5    Defendants' have indicated that they oppose this motion. However, there is no evidence

6  of any prejudice to the defendants as a result of the amendment. There is no trial date; no

7  deposition discovery or extensive written discovery has been conducted; and this action was only

8  recently filed. (Poore Decl., ¶ 7).

9    **III.    LEGAL ARGUMENT**

10  **A.    The Legal Standard for Amending the Complaint.**

11    Federal Rule of Civil Procedure 15(a) provides that after a responsive pleading has been

12  filed, a party may amend a pleading only by leave of court, and shall be freely given when justice

13  so requires. This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v.*

14  *Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The reasons that a court may deny a motion

15  for leave to amend include undue delay, bad faith, prejudice to the opposing party, or the futility

16  of the amendment. *In Re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.

17  1997).

18    In this instance, plaintiff has met the legal standard for leave to amend his complaint.

19  There is no undue delay or prejudice to defendants. County defendants have only recently

20  answered and discovery has only recently commenced. No trial date has been set in this matter.

21  Additionally, it is largely beneficial and economical for the amendment to have all the defendants

22  go forward in the same action, rather than potentially separate suits.

23  **B.    Plaintiff Can Substitute the DOE Defendants Under California Law.**

24    In federal civil rights cases, the statute of limitations is governed under state law. *Wilson*

25  *v. Garcia*, 471 U.S. 261, 275, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Torres v. City of Santa*

26  *Ana*, 108 F.3d 224, 226 (9th Cir. 1997). "For actions under 42 U.S.C Section 1983, courts apply

27  the forum state's statute of limitations for personal injury actions, along with the forum state's

28  law regarding tolling, including equitable tolling, except to the extent that any of these laws is

-5-

1  inconsistent with federal law." *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In California,
2  that statute of limitations is two years. Cal. Code Civ. Proc. Section 335.1; *Abreu v. Ramirez*, 284
3  F.Supp.2d 1250, 1256 (C.D.Cal. 2003).

4          Likewise, a federal cause of action under Section 1983 is governed by the relation-back
5  provisions of state law. *Merritt v. County of Los Angeles*, 875 F.2d 765 (9th Cir. 1989); *Cabrales
6  v. County of Los Angeles*, 864 F.2d 1454 (9th Cir. 1988); *Rogers v. Horsely*, 123 Fed.Appx. 281,
7  285 (9th Cir. 2005). Rule 15(c)(1) provides that an amendment will relate back to the date upon
8  which the original complaint was filed when relation-back is permitted by the law that provides
9  the statute of limitations applicable to the action. Fed. R. Civ. Proc. 15(c)(1); *see also Jones v.
10  Wysinger*, 815 F.Supp. 1127, 1129 (N.D. Ill. 1993) ["[A] new subparagraph, 15(c)(1), was added
11  to provide an additional time period if a state statute of limitations were more liberal than the new
12  Rule 15(c)(3)."]. "The relation-back provisions of state law govern federal civil rights actions
13  when the state law is more liberal, as is the case in California." *Robertson v. Cusack*, 2006 U.S.
14  Dist. LEXIS 60863, *13 (N.D. Cal. 2006).

15          California law specifically allows the use of DOE pleading to preserve the statute of
16  limitations with respect to an unknown defendant. Cal. Code Civ. Proc. Section 474; *Lindley v.
17  General Electric Company*, 780 F.2d 797 (9th Cir. 1986). "Under California law, a plaintiff may
18  bring one or more causes of action against an unknown defendant by timely filing a DOE
19  complaint." *Rogers v. Horsely*, 123 Fed.Appx. 281, 285 (9th Cir. 2005). Once the true identity of
20  the fictitious DOE defendant is discovered during the litigation, the plaintiff may then substitute
21  the true name of the defendant for the fictitious DOE name. *Merritt v. County of Los Angeles,
22  supra*, 875 F.2d at 768. Such substitution is permitted up to three years after the commencement
23  of the action. Cal. Code Civ. Proc. Section 583.210; *Kreines v. United States*, 959 F.2d 834, 837
24  (9th Cir. 1992).

25          California law governing relation-back is "more liberal" than the standard set forth in Rule
26  15(c)(3). *Motley v. Parks*, 198 F.R.D. 532, 534 (C.D.Cal. 2000) [Plaintiffs permitted to sue
27  several law enforcement officers as DOE defendants because they did not know the names of the
28  officers that arrested them until after discovery commenced.]. Under California's relation-back

1  statute, the plaintiff must only establish that the amended complaint (1) consists of the same

2  general set of facts, (2) involves the same injury, and (3) refers to the same instrumentality.

3  *Norgart v. Upjohn Co.,* 21 Cal.4th 383 (1999). There is no requirement that the newly substituted

4  defendants have notice of the action within the time prescribed under the federal rules, or that

5  there be any "mistake" with respect to naming the defendant. *Lindley v. General Electric*

6  *Company, supra,* 780 F.2d at 799-800; *Reynolds v. Verbeck,* 2006 U.S. Dist. LEXIS 93662

7  (N.D.Cal. 2006).    Moreover, "California's policy in favor of litigating cases on the merits

8  requires that the fictitious name statute be liberally construed." *Lindley v. General Electric*

9  *Company, supra,* 780 F.2d at 801.

10      In this case, the California requirements for relation-back have been met. First, plaintiff

11  originally named the two unknown law enforcement officers as fictitious DOE defendants in the

12  complaint that was timely filed within the two-year limitations period.[1] The two officers that

13  effectuated the arrest upon plaintiff were identified as DOES 1 and 2 in the original complaint.

14  As such, they were properly identified in accordance with Code of Civil Procedure Section 474.

15  Second, it is undisputed that plaintiff was ignorant of the actual names of the officers when he

16  filed this complaint, and then immediately sought their true names once defendant County of

17  Lake appeared in this action. Third, plaintiff is seeking this DOE amendment well within the

18  three-year period required under California law. This action was only recently timely filed this

19  year. Finally, there is no reasonable dispute that the allegations in the First Amended Complaint

20  involve the same general set of facts, same injury, and same instrumentality. In fact, the actual

21  factual and legal allegations in the First Amended Complaint remain unchanged. Plaintiff has not

22  added any new causes of action or any new legal or factual theories in the amended complaint.

23  Indeed, they are identical to the original complaint. Instead, the only amendment contained in the

24  First Amended Complaint is the substitution of the two DOE defendants. *See Motley v. Parks,*

25  198 F.R.D. 532, 534 (C.D.Cal. 2000) [relation-back applies when plaintiff did not know the true

26

27

28

[1] The original complaint was filed shortly before the two-year statute of limitations. Since the complaint was filed, the two-year statute of limitations has expired.

-7-

1  names of the law enforcement officers who arrested him].  Accordingly, the motion should be
2  granted.

3  **C.    The Relation-Back Doctrine Applies.**

4  In the alternative, plaintiff seeks to amend the complaint under Federal Rule of Civil
5  Procedure 15(c).  Rule 15(c) has three elements for "relation back": (1) the amended complaint
6  must arise out of the same transaction or conduct set forth in the original complaint; (2) the new
7  party must receive notice of the action within the period allowed by the applicable statute of
8  limitations such that the substituted party would not suffer prejudice; and (3) the new party knew
9  or should have known that the action would have been brought against it if the plaintiff had not
10  made a mistake concerning the identity of the proper party.  *G.F. Co. v. Pan Ocean Shipping Co.,*
11  *Ltd.*, 23 F.3d 1498, 1503 (9th Cir. 1994).  Once these requirements are satisfied, Rule 15(c)
12  instructs that the amendment "relates back to the date of the original pleading."  Fed. R. Civ.
13  Proc. 15(c).

14  1.    **The Same Conduct, Transaction, or Occurrence.**

15  As an initial matter, there is no reasonable argument that plaintiff's First Amended
16  Complaint does not involve the same conduct, transaction, or occurrence.  A federal civil rights
17  action that only seeks to substitute or change the names of existing law enforcement defendants
18  without changing the nature of the allegations involves the same "occurrence set forth in the
19  original complaint." *Jacobsen v. Osborne,* 133 F.3d 315, 320 (5th Cir. 1998).  As noted above,
20  plaintiff's amended complaint does not change any of the factual or legal allegations.  The
21  complaint sets forth the same set of operative facts as the original complaint.  The only change is
22  the substitution of two DOE defendants.  Accordingly, the amended complaint involves the same
23  conduct, transaction, or occurrence.

24  2.    **Notice of the Action.**

25  In order for relation-back to apply under Rule 15(c), the plaintiff must also demonstrate
26  that the newly substituted defendants had notice of the action within 120 days following the filing
27  of the original complaint. *Skoczylas v. Federal Bureau of Prisons,* 961 F.2d 543, 545 (5th Cir.
28  1992).  However, there is no requirement that the plaintiff demonstrate actual notice.  Instead, the

-8-

courts will "infer notice if there is an identity of interest between the original defendant and the defendant sought to be added or substituted." *Jacobsen v. Osborne*, 133 F.3d at 320. Identity of interest means that the parties are closely related in their business operations or other activities such that the institution of the action against one defendant serves to provide notice to the other defendant. *Id.*. In federal civil rights cases, notice of the litigation to a city attorney, county counsel, or some other "shared counsel" involves sufficient notice to the law enforcement employees. *Id.* at 319-320 [notice to city attorney for New Orleans sufficient notice to individual police officer].

In this case, plaintiff provided notice to defendant County of Lake and the Lake County Sheriff's Department well within the 120-day period following the filing of the complaint. The original complaint was served upon the county counsel's office – the designated legal representative for the county and its employees, including the individual law enforcement officers that are being substituted into this action. Moreover, there is no reasonable argument that the County and its law enforcement officials are "closely related" in their law enforcement operations such that notice to the employer constitutes notice to the deputies. As a result, the "shared counsel" between the original defendant (i.e. County of Lake and the Lake County Sheriff's Department) and the "closely related" operations between the defendants are sufficient to infer an identity of interest and notice to the newly substituted Sheriff's Deputies. Accordingly, the notice prong has been satisfied.

3. **Knowledge of Mistake.**

Finally, there is sufficient evidence of mistake. Under federal law, the plaintiff must establish that the new party knew or should have known that the action would have been brought against it if the plaintiff had not made a mistake concerning the identity of the proper party. *G.F. Co. v. Pan Ocean Shipping Co., Ltd.*, 23 F.3d 1498, 1503 (9th Cir. 1994). In federal civil rights cases, the concept of "mistake" has been the subject of extensive litigation since it is common that a plaintiff will not know the exact identity of the arresting officers. *See generally Singletary v. Pennsylvania Department of Corrections*, 266 F.3d 186 (3rd Cir. 2001). Some circuits have concluded that the ignorance of the identities of the arresting officers does not constitute a

-9-

1    "mistake" under Rule 15(c). *See Worthington v. Wilson*, 8 F.3d 1253, 1255-1256 (7th Cir. 1993).

2    However, other courts have determined that such an analysis of the federal rules is unjustified,

3    and would lead to "seriously inequitable outcomes" in litigation that should be determined on its

4    merits. *Singletary v. Pennsylvania Department of Corrections*, 266 F.3d 186, 190 (3rd Cir. 2001).

5    In those cases, the courts have determined that the ignorance of the names of the arresting officers

6    does constitute an "error" or "mistake" or "misidentification" for purposes of relation-back under

7    Rule 15(c)(3). *Id*; *Arthur v. Maersk, Inc.*, 434 F.3d 196, 208-209 (3rd Cir. 2006) ["It is of no

8    consequence that [plaintiff's] mistake resulted from lack of knowledge, rather than mere

9    misnomer."]; *Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d 1173, 1192, n.13 (3rd Cir. 1994).

10    The analysis of the Third Circuit is more convincing in the context of civil rights cases,

11    and is certainly more consistent with the purpose of the federal rules. As the Third Circuit has

12    recognized, "there is no linguistic basis for this distinction" between "misnomer and

13    misidentification" and the mistake resulting "lack of knowledge" of the individual officers'

14    identities. *Arthur v. Maersk, Inc., supra*, 434 F.3d at 208. They both constitute an "error" that

15    should result in relation-back. "A 'mistake' is no less a 'mistake' when it flows from lack of

16    knowledge as opposed to inaccurate description." *Id*. [citing the definition of "mistake" in

17    Webster's Third International Dictionary]. "Both errors render the plaintiff unable to identify the

18    potentially liable party and unable to name that party in the original complaint." *Id*. "Thus, both

19    errors constitute a 'mistake concerning the identity of the proper party' for purposes of Rule

20    15(c)." *Id*.

21    Likewise, in this case, there is no reasonable basis to restrict the "mistake" prong of Rule

22    15(c) to exclude a mistake based upon lack of identity of the law enforcement officers that

23    arrested plaintiff.    Plaintiff's mistake concerning the identity of the officers is no less a

24    "misidentification" merely because the officers were identified as DOES 1 and 2 in the original

25    complaint as opposed to being identified as an erroneous name or "misnomer." The mistake is

26    still a mistake that should result in relation-back. Since the purpose of the federal rules (and Rule

27    15 in particular) is to avoid technical pleading requirements so that cases can be tried on their

28    merits, there is no legitimate reason to limit the "liberality" of Rule 15(c)'s relation-back to cases

-10-

1  strictly involving "misidentification or misnomer" – particularly in the context of civil rights
2  cases. This conclusion is supported by plaintiff's diligence in attempting to determine the names
3  of the officers prior to this litigation, but being rendered unable to do so without a "subpoena."[2]
4  Accordingly, plaintiff's lack of knowledge should constitute "mistake" under Rule 15, and the
5  motion should be granted.

6  **IV.   CONCLUSION**

7  Based upon the foregoing, plaintiff respectfully requests that the Court grant this motion
8  for leave to file a First Amended Complaint.

9
10  Date: November 13, 2007                                    KAHN BROWN & POORE LLP
11
12                                                             David Poore
                                                               Attorneys for Plaintiffs
13

---

[2] Defendants' refusal to turn over the arrest report records to plaintiff should also result in equitable estoppel and/or tolling for purposes of the statute of limitations.