1  David M. Poore, SBN 192541
   KAHN BROWN & POORE LLP
2  755 Baywood Drive, Suite 185
   Petaluma, California 94954
3  Telephone:    (707) 763-7100
   Facsimile:    (707) 763-7180
4  dpoore@kahnbrownlaw.com

5  Attorneys for Plaintiff
   MICHAEL BRAINERD

6

ORIGINAL
FILED

MAY 1 8 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

7              UNITED STATES DISTRICT COURT                    **EDL**

8            NORTHERN DISTRICT OF CALIFORNIA

9

10

MICHAEL BRAINERD,

               Plaintiff,

11

12  v.

13

14  COUNTY OF LAKE; LAKE COUNTY
    SHERIFF'S OFFICE; and DOES 1 through 50,
15  inclusive,

16             Defendants.

Case No. **07    2663**

**COMPLAINT FOR DAMAGES,
EQUITABLE, AND/OR INJUNCTIVE
RELIEF**

**BY FAX**

VIOLATIONS OF THE UNITED STATES
CONSTITUTION AND FEDERAL CIVIL
RIGHTS STATUTES, 42 U.S.C. §§ 1983,
1985, *ET SEQ.*

**JURY TRIAL DEMANDED**

17

18      Plaintiff complains and alleges as follows:

19                          <u>**PARTIES AND JURISDICTION**</u>

20      1.      Plaintiff MICHAEL BRAINERD is, and at all relevant times hereto, has been a

21  resident of the State of California, County of Lake.

22      2.      Defendants COUNTY OF LAKE and LAKE COUNTY SHERIFF'S

23  DEPARTMENT (collectively "defendants" and/or "Lake County"), including its departments,

24  units, and/or political subdivisions, are and at all relevant times hereto, were operating as public

25  entities within the State of California, County of Lake.

26      3.      Defendant COUNTY OF LAKE is a county municipality located within the State

27  of California and doing business as a government entity under color of state authority and law.

28

-1-

1      4.      Plaintiff is informed and believes that defendant LAKE COUNTY SHERIFF'S

2    DEPARTMENT is a separate and distinct subdivision of the COUNTY OF MARIN doing

3    business as a government entity under color of state authority and law.

4      5.      This Court has jurisdiction over the subject matter of this action pursuant to 42

5    U.S.C. Section 1983 and 28 U.S.C. Section 1331.

6      6.      This Court has venue over this action in that defendants conducted their principal

7    place of business within the territorial boundaries of this judicial district.

8      7.      This Court has jurisdiction over defendants in that they are government agencies

9    that, at all relevant times herein, arrested, detained, searched, seized, and incarcerated plaintiff,

10   and operated under color of state authority, within this judicial district.

11     8.      Plaintiff does not know the true names and capacities of defendants sued herein as

12   DOES 1 through 50, and therefore sues these defendants by fictitious names.  Plaintiff will amend

13   his complaint to state the true names and capacities when ascertained.  Plaintiff is informed and

14   believes and thereon alleges that each of the fictitiously named defendants is responsible in some

15   manner for the occurrences and damages alleged herein, and that plaintiff's damages as

16   hereinafter set forth were proximately caused by said defendants.

17     9.      Plaintiff does not know the true names and capacities of the individual law

18   enforcement officials that conducted the acts and/or omissions as alleged in this complaint.

19   Plaintiff has requested all copies of the various law enforcement reports and incarceration

20   records, but defendants have refused to reasonably comply.  As a result, plaintiff hereby identifies

21   as DOES 1 through 15 as the individual law enforcement officials that conducted the acts and/or

22   omissions alleged in this complaint.

23     10.     Plaintiff is informed and believe, and thereby allege that each of the defendants

24   herein were at all times relevant hereto, the agents, representatives, servants and employees of the

25   remaining defendants, and were acting at least in part within the course and scope of such

26   relationship, and that the wrongful acts alleged herein were committed by such defendants, and

27   each of them.

28

-2-

1

2                                      **FACTUAL BACKGROUND**

3          11.    On or about May 19, 2005, plaintiff had a verbal argument with his roommate in

4    their residential house located in the City of Blue Lakes, County of Lake, State of California. At

5    no point in time did plaintiff ever use any threatening language, communicate a threat of violence,

6    engage in violence, or commit any criminal offense.

7          12.    Several hours later, defendants' deputy sheriffs arrived at plaintiff's house and

8    advised plaintiff that they had received "a call" regarding the argument, and, without conducting

9    any reasonable investigation, defendants arrested plaintiff for being a "felony terrorist" without

10   any probable cause that plaintiff had committed such a crime or that such a crime was being

11   committed in the officers' presence. Plaintiff was later charged with the felony offense of

12   "threatening crime with intent to terrorize." Plaintiff had not committed any crime, and did not

13   understand why he was being charged as a "terrorist."

14         13.    Defendants did not have a warrant for plaintiff's arrest, and further did not have a

15   warrant to search any part of plaintiff's house. Despite the lack of a valid warrant, defendants

16   unlawfully detained, seized, and arrested plaintiff without probable cause, and then conducted an

17   unreasonable search of areas of plaintiff's house in which he had a reasonable expectation to

18   privacy.

19         14.    Once plaintiff was arrested, he advised defendants that he suffered from severe

20   medical complications as a result of adult-onset diabetes that required medication and insulin

21   treatments on a daily basis. In particular, plaintiff advised defendants that his diabetic condition

22   was serious and chronic, and the failure to take his required medications would likely result in

23   diabetic seizures and a diabetic coma. Plaintiff further informed defendants that he was employed

24   with the City of Ukiah, and needed to immediately notify his employer of the situation because he

25   needed to report to work. Defendants ignored plaintiff's concerns, and refused to allow plaintiff

26   to call his employer or obtain his medications.

27

28                                          -3-

1        15.   On or about 6:00 p.m. on May 19, 2005, defendants transported plaintiff to

2    defendants' detention facility for incarceration prior to formal charging and/or trial. When

3    plaintiff was booked at the detention facility, he began experiencing medical symptoms and

4    complications consistent with his diabetic condition, and again informed defendants that he

5    needed to immediately take his required medication to control the diabetes. Defendants again

6    ignored plaintiff's concerns and/or his medical condition.

7        16.   Plaintiff was incarcerated for approximately 88 hours without any arraignment,

8    judicial and/or magistrate review, probable cause hearing, or any other due process hearing to

9    determine if the warrantless charges against him were valid. There was no emergency or exigent

10   circumstances that excused the need for a probable cause hearing within 48 hours of plaintiff's

11   arrest, and defendants offered no justification for this delay.

12       17.   Moreover, during this period of time, plaintiff began experiencing diabetic

13   seizures as a result of the uncontrolled diabetes, including medical complications and symptoms

14   resulting in significant harm to plaintiff's health and safety. Plaintiff's conditions became so

15   pervasive and apparent that another inmate who was familiar with diabetic symptoms provided

16   plaintiff with two pieces of small candy to control plaintiff's condition. Plaintiff and others

17   informed defendants and their detention medical staff that plaintiff needed emergency medical

18   intervention, but defendants failed to take any reasonable measures to treat plaintiff's medical

19   condition.

20       18.   On or about 11:35 a.m. on May 23, 2005, defendants released plaintiff from pre-

21   trial confinement with no money or transportation, and with serious medical complications.

22   Plaintiff attempted to walk the seven-plus miles back to his house, but was later found walking

23   around in a confused and disorientated state in no discernable direction.

24       19.   As a result of defendants' actions, plaintiff was terminated from his nine-year

25   position at the City of Ukiah for failing to report to work.

26       20.   Defendants later admitted that the "terrorist" charges against plaintiff were

27   baseless, and plaintiff was never formally charged with any crime.

28

-4-

21.    Plaintiff is informed and believes that defendants' acts and/or omissions were intentional, malicious, oppressive and/or done with reckless and conscious disregard for the rights and safety of plaintiff.

22.    Plaintiff is further informed and believes that defendants conduct towards plaintiff constitute a custom, policy, pattern and/or repeated practice of members of defendants' organization of violating the civil and/or constitutional rights of suspects and incarcerated detainees, including plaintiff, and plaintiff suffered significant and irreparable harm as a result of defendants customs, policies, and pattern and practice of constitutional violations.

## FIRST CAUSE OF ACTION

### (Unlawful Arrest – All Defendants)

23.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 22 of this Complaint as though fully set forth herein.

24.    In doing the acts complained of herein, defendants and DOES 1 through 50, individually and/or while acting in concert with one another, did act under color of state law to deprive defendant of his constitutionally protected rights, including, but not limited to, the right to be free from unlawful arrest without probable cause. These rights are substantive and procedural guarantees under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

25.    Defendants actions and failures as alleged above constitute a pattern, practice, custom, and policy of violations of the Civil Rights Laws of the United States, 42 U.S.C. §§ 1983 and 1985.

26.    As a direct and proximate result of defendants' acts, plaintiff has suffered loss of employment opportunities, loss of dignity, great humiliation, and emotional injuries manifesting in physical illness and emotional distress.

27.    Defendants' actions have caused and continue to cause plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and

-5-

COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF
BRAINERD V. COUNTY OF LAKE, ET. AL.

1    benefits, costs of suit, embarrassment and anguish, all to his damage in an amount according to
2    proof.

3        28.    As to the individual law enforcement officials identified as DOES 1 through 15,
4    and any other non-government entity defendant, the acts of these said defendants as alleged
5    herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and
6    intent to injure plaintiff and to cause plaintiff mental anguish, anxiety, and distress.  The
7    defendants' acts were done in conscious disregard of the risk of severe emotional harm to plaintiff
8    and with the intent to injure plaintiff, constituting oppression, fraud, malice under California Civil
9    Code §3294, entitling plaintiff to punitive damages against these defendants only..

10

11    ## SECOND CAUSE OF ACTION

12    (Unreasonable Search and Seizure – All Defendants)

13        29.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 24 of this
14    Complaint as though fully set forth herein.

15        30.    In doing the acts complained of herein, defendants and DOES 1 through 50,
16    individually and/or while acting in concert with one another, did act under color of state law to
17    deprive defendant of his constitutionally protected rights, including, but not limited to, the right to
18    be free from unreasonable searches and seizures.  These rights are substantive and procedural
19    guarantees under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

20        31.    Defendants actions and failures as alleged above constitute a pattern, practice,
21    custom, and policy of violations of the Civil Rights Laws of the United States, 42 U.S.C. §§ 1983
22    and 1985.

23        32.    As a direct and proximate result of defendants' acts, plaintiff has suffered loss of
24    employment opportunities, loss of dignity, great humiliation, and emotional injuries manifesting
25    in physical illness and emotional distress.

26        33.    Defendants' actions have caused and continue to cause plaintiff substantial losses
27    in earnings, significant reputation and professional injury, loss of promotional opportunities and

28

1    other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and

2    benefits, costs of suit, embarrassment and anguish, all to his damage in an amount according to

3    proof.

4         34.    As to the individual law enforcement officials identified as DOES 1 through 15,

5    and any other non-government entity defendant, the acts of these said defendants as alleged

6    herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and

7    intent to injure plaintiff and to cause plaintiff mental anguish, anxiety, and distress.  The

8    defendants' acts were done in conscious disregard of the risk of severe emotional harm to plaintiff

9    and with the intent to injure plaintiff, constituting oppression, fraud, malice under California Civil

10   Code §3294, entitling plaintiff to punitive damages against these defendants only.

11

12                          **THIRD CAUSE OF ACTION**

13               (Failure to Provide Timely Probable Cause Hearing –All Defendants)

14        35.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 31 of this

15   Complaint as though fully set forth herein.

16        36.    In doing the acts complained of herein, defendants and DOES 1 through 50,

17   individually and/or while acting in concert with one another, did act under color of state law to

18   deprive defendant of his constitutionally protected rights, including, but not limited to, the due

19   process right to obtain a timely probable cause hearing immediately after his warrantless arrest

20   and pre-trial detention.  These rights are substantive and procedural guarantees under the Fourth,

21   Fifth, and Fourteenth Amendments to the United States Constitution.

22        37.    Defendants actions and failures as alleged above constitute a pattern, practice,

23   custom, and policy of violations of the Civil Rights Laws of the United States, 42 U.S.C. §§ 1983

24   and 1985.

25        38.    As a direct and proximate result of defendants' acts, plaintiff has suffered loss of

26   employment opportunities, loss of dignity, great humiliation, and emotional injuries manifesting

27   in physical illness and emotional distress.

28

COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF
BRAINERD V. COUNTY OF LAKE, ET. AL.

39.    Defendants' actions have caused and continue to cause plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, costs of suit, embarrassment and anguish, all to his damage in an amount according to proof.

40.    As to the individual law enforcement officials identified as DOES 1 through 15, and any other non-government entity defendant, the acts of these said defendants as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure plaintiff and to cause plaintiff mental anguish, anxiety, and distress. The defendants' acts were done in conscious disregard of the risk of severe emotional harm to plaintiff and with the intent to injure plaintiff, constituting oppression, fraud, malice under California Civil Code §3294, entitling plaintiff to punitive damages against these defendants only.

## FOURTH CAUSE OF ACTION

### (Illegal Incarceration/Failure to Provide Medical Treatment – All Defendants)

41.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 37 of this Complaint as though fully set forth herein.

42.    In doing the acts complained of herein, defendants and DOES 1 through 50, individually and/or while acting in concert with one another, did act under color of state law to deprive defendant of his constitutionally protected rights, including, but not limited to, the due process and equal protection rights to be free from unreasonable or unlawful pre-trial detention and/or incarceration, and to be provided timely and appropriate medical care and treatment while incarcerated. These rights are substantive and procedural guarantees under the Fifth and Fourteenth Amendments to the United States Constitution.

43.    Defendants actions and failures as alleged above constitute a pattern, practice, custom, and policy of violations of the Civil Rights Laws of the United States, 42 U.S.C. §§ 1983 and 1985.

44.    As a direct and proximate result of defendants' acts, plaintiff has suffered loss of employment opportunities, loss of dignity, great humiliation, and emotional injuries manifesting in physical illness and emotional distress.

45.    Defendants' actions have caused and continue to cause plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, costs of suit, embarrassment and anguish, all to his damage in an amount according to proof.

46.    As to the individual law enforcement officials identified as DOES 1 through 15, and any other non-government entity defendant, the acts of these said defendants as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure plaintiff and to cause plaintiff mental anguish, anxiety, and distress. The defendants' acts were done in conscious disregard of the risk of severe emotional harm to plaintiff and with the intent to injure plaintiff, constituting oppression, fraud, malice under California Civil Code §3294, entitling plaintiff to punitive damages against these defendants only.

## **PRAYER FOR RELIEF**

Wherefore, plaintiff prays for judgment against Defendants, and each of them as follows:

1. For general damages in an amount according to proof;

2. For special damages in an amount according to proof;

3. For prejudgment interest in an amount according to proof;

4. For equitable and/or injunctive relief according to proof;

5. For reasonable attorney's fees and cost of suit therein;

6. For punitive or exemplary damages against the individual defendants only; and,

7. For such other and further relief as the court may deem proper.

8. Plaintiff's hereby demand a trial by jury.

1

2                         <u>STATEMENT OF INTERESTED PARTIES</u>

3          Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

4    named parties in this action, there is no such interest to report.

5

6    Dated: May 18, 2007                          KAHN BROWN & POORE LLP

7

8                                                 By:_____

9                                                      David M. Poore
                                                     Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                          -10-