1  David M. Poore, SBN 192541
   KAHN BROWN & POORE LLP
2  755 Baywood Drive, Suite 185
   Petaluma, California 94954
3  Telephone:     (707) 763-7100
   Facsimile:     (707) 763-7180
4  dpoore@kahnbrownlaw.com

5
   Attorneys for Plaintiff
6  MICHAEL BRAINERD

7

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10

11
   MICHAEL BRAINERD,                        **Case No.  C 07 2663 EDL**
12
              Plaintiff,                     **FIRST AMENDED COMPLAINT FOR**
13                                           **DAMAGES, EQUITABLE, AND/OR**
                                             **INJUNCTIVE RELIEF**
14  v.

15                                           VIOLATIONS OF THE UNITED STATES
    COUNTY OF LAKE; LAKE COUNTY             CONSTITUTION AND FEDERAL CIVIL
16  SHERIFF'S OFFICE; MATTHEW WRISTEN       RIGHTS STATUTES, 42 U.S.C. §§ 1983,
    ("DOE 1"); EMIL DEVINCENZI ("DOE 2");   1985, *ET SEQ.*
17  and DOES 3 through 50, inclusive,

18            Defendants.                    **JURY TRIAL DEMANDED**

19

20       Plaintiff complains and alleges as follows:

21              **PARTIES AND JURISDICTION**

22       1.     Plaintiff MICHAEL BRAINERD is, and at all relevant times hereto, has been a

23  resident of the State of California, County of Lake.

24       2.     Defendants COUNTY OF LAKE and LAKE COUNTY SHERIFF'S

25  DEPARTMENT (collectively "defendants" and/or "Lake County"), including its departments,

26  units, and/or political subdivisions, are and at all relevant times hereto, were operating as public

27  entities within the State of California, County of Lake.

28
                                    -1-

3.    Defendant COUNTY OF LAKE is a county municipality located within the State of California and doing business as a government entity under color of state authority and law.

4.    Plaintiff is informed and believes that defendant LAKE COUNTY SHERIFF'S DEPARTMENT is a separate and distinct subdivision of the COUNTY OF LAKE doing business as a government entity under color of state authority and law.

5.    Upon filing of the Complaint, and plaintiff being ignorant of the true name of a defendant, and having designated said defendant in the Complaint by a fictitious name, to wit: "DOE 1" and having discovered the true name of defendant to be MATTHEW WRISTEN.

6.    Defendant MATTHEW WRISTEN is an individual whose residence is located in the State of California. Defendant WRISTEN is an employee of the LAKE COUNTY SHERIFF'S DEPARTMENT. For purposes of the cause of action under the Civil Rights Act, defendant WRISTEN is being sued in his individual capacity acting under color of law.

7.    Upon filing of the Complaint, and plaintiff being ignorant of the true name of a defendant, and having designated said defendant in the Complaint by a fictitious name, to wit: "DOE 2" and having discovered the true name of defendant to be EMIL DEVINCENZI.

8.    Defendant EMIL DEVINCENZI is an individual whose residence is located in the State of California. Defendant DEVINCENZI is an employee of the LAKE COUNTY SHERIFF'S DEPARTMENT. For purposes of the cause of action under the Civil Rights Act, defendant DEVINCENZI is being sued in his individual capacity acting under color of law.

9.    This Court has jurisdiction over the subject matter of this action pursuant to 42 U.S.C. Section 1983 and 28 U.S.C. Section 1331.

10.   This Court has venue over this action in that defendants conducted their principal place of business within the territorial boundaries of this judicial district.

11.   This Court has jurisdiction over defendants in that they are government agencies that, at all relevant times herein, arrested, detained, searched, seized, and incarcerated plaintiff, and operated under color of state authority, within this judicial district.

12.   Plaintiff does not know the true names and capacities of defendants sued herein as DOES 3 through 50, and therefore sues these defendants by fictitious names. Plaintiff will amend

1  his complaint to state the true names and capacities when ascertained. Plaintiff is informed and
2  believes and thereon alleges that each of the fictitiously named defendants is responsible in some
3  manner for the occurrences and damages alleged herein, and that plaintiff's damages as
4  hereinafter set forth were proximately caused by said defendants.

5      13.    Plaintiff does not know the true names and capacities of the individual law
6  enforcement officials that conducted the acts and/or omissions as alleged in this complaint.
7  Plaintiff has requested all copies of the various law enforcement reports and incarceration
8  records, but defendants have refused to reasonably comply. As a result, plaintiff hereby identifies
9  as DOES 1 through 15 as the individual law enforcement officials that conducted the acts and/or
10 omissions alleged in this complaint.

11     14.    Plaintiff is informed and believe, and thereby allege that each of the defendants
12 herein were at all times relevant hereto, the agents, representatives, servants and employees of the
13 remaining defendants, and were acting at least in part within the course and scope of such
14 relationship, and that the wrongful acts alleged herein were committed by such defendants, and
15 each of them.

16                              **FACTUAL BACKGROUND**

17     15.    On or about May 19, 2005, plaintiff had a verbal argument with his roommate in
18 their residential house located in the City of Blue Lakes, County of Lake, State of California. At
19 no point in time did plaintiff ever use any threatening language, communicate a threat of violence,
20 engage in violence, or commit any criminal offense.

21     16.    Several hours later, defendants' deputy sheriffs arrived at plaintiff's house and
22 advised plaintiff that they had received "a call" regarding the argument, and, without conducting
23 any reasonable investigation, defendants arrested plaintiff for being a "felony terrorist" without
24 any probable cause that plaintiff had committed such a crime or that such a crime was being
25 committed in the officers' presence. Plaintiff was later charged with the felony offense of
26 "threatening crime with intent to terrorize." Plaintiff had not committed any crime, and did not
27 understand why he was being charged as a "terrorist."

28

1    17.    Defendants did not have a warrant for plaintiff's arrest, and further did not have a

2    warrant to search any part of plaintiff's house. Despite the lack of a valid warrant, defendants

3    unlawfully detained, seized, and arrested plaintiff without probable cause, and then conducted an

4    unreasonable search of areas of plaintiff's house in which he had a reasonable expectation to

5    privacy.

6    18.    Once plaintiff was arrested, he advised defendants that he suffered from severe

7    medical complications as a result of adult-onset diabetes that required medication and insulin

8    treatments on a daily basis. In particular, plaintiff advised defendants that his diabetic condition

9    was serious and chronic, and the failure to take his required medications would likely result in

10   diabetic seizures and a diabetic coma. Plaintiff further informed defendants that he was employed

11   with the City of Ukiah, and needed to immediately notify his employer of the situation because he

12   needed to report to work. Defendants ignored plaintiff's concerns, and refused to allow plaintiff

13   to call his employer or obtain his medications.

14   19.    On or about 6:00 p.m. on May 19, 2005, defendants transported plaintiff to

15   defendants' detention facility for incarceration prior to formal charging and/or trial. When

16   plaintiff was booked at the detention facility, he began experiencing medical symptoms and

17   complications consistent with his diabetic condition, and again informed defendants that he

18   needed to immediately take his required medication to control the diabetes. Defendants again

19   ignored plaintiff's concerns and/or his medical condition.

20   20.    Plaintiff was incarcerated for approximately 88 hours without any arraignment,

21   judicial and/or magistrate review, probable cause hearing, or any other due process hearing to

22   determine if the warrantless charges against him were valid. There was no emergency or exigent

23   circumstances that excused the need for a probable cause hearing within 48 hours of plaintiff's

24   arrest, and defendants offered no justification for this delay.

25   21.    Moreover, during this period of time, plaintiff began experiencing diabetic

26   seizures as a result of the uncontrolled diabetes, including medical complications and symptoms

27   resulting in significant harm to plaintiff's health and safety. Plaintiff's conditions became so

28   pervasive and apparent that another inmate who was familiar with diabetic symptoms provided

-4-

1  plaintiff with two pieces of small candy to control plaintiff's condition. Plaintiff and others

2  informed defendants and their detention medical staff that plaintiff needed emergency medical

3  intervention, but defendants failed to take any reasonable measures to treat plaintiff's medical

4  condition.

5      22.    On or about 11:35 a.m. on May 23, 2005, defendants released plaintiff from pre-

6  trial confinement with no money or transportation, and with serious medical complications.

7  Plaintiff attempted to walk the seven-plus miles back to his house, but was later found walking

8  around in a confused and disorientated state in no discernable direction.

9      23.    As a result of defendants' actions, plaintiff was terminated from his nine-year

10  position at the City of Ukiah for failing to report to work.

11     24.    Defendants later admitted that the "terrorist" charges against plaintiff were

12  baseless, and plaintiff was never formally charged with any crime.

13     25.    Plaintiff is informed and believes that defendants' acts and/or omissions were

14  intentional, malicious, oppressive and/or done with reckless and conscious disregard for the rights

15  and safety of plaintiff.

16     26.    Plaintiff is further informed and believes that defendants conduct towards plaintiff

17  constitute a custom, policy, pattern and/or repeated practice of members of defendants'

18  organization of violating the civil and/or constitutional rights of suspects and incarcerated

19  detainees, including plaintiff, and plaintiff suffered significant and irreparable harm as a result of

20  defendants customs, policies, and pattern and practice of constitutional violations.

21

22                          **FIRST CAUSE OF ACTION**

23                      (Unlawful Arrest – All Defendants)

24     27.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 26 of this

25  Complaint as though fully set forth herein.

26     28.    In doing the acts complained of herein, defendants and DOES 3 through 50,

27  individually and/or while acting in concert with one another, did act under color of state law to

28  deprive defendant of his constitutionally protected rights, including, but not limited to, the right to

-5-

1   be free from unlawful arrest without probable cause. These rights are substantive and procedural

2   guarantees under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3       29.     Defendants actions and failures as alleged above constitute a pattern, practice,

4   custom, and policy of violations of the Civil Rights Laws of the United States, 42 U.S.C. §§ 1983

5   and 1985.

6       30.     As a direct and proximate result of defendants' acts, plaintiff has suffered loss of

7   employment opportunities, loss of dignity, great humiliation, and emotional injuries manifesting

8   in physical illness and emotional distress.

9       31.     Defendants' actions have caused and continue to cause plaintiff substantial losses

10  in earnings, significant reputation and professional injury, loss of promotional opportunities and

11  other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and

12  benefits, costs of suit, embarrassment and anguish, all to his damage in an amount according to

13  proof.

14      32.     As to the individual law enforcement officials identified as defendants DOES 1

15  through 15, and any other non-government entity defendant, the acts of these said defendants as

16  alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill

17  will and intent to injure plaintiff and to cause plaintiff mental anguish, anxiety, and distress. The

18  defendants' acts were done in conscious disregard of the risk of severe emotional harm to plaintiff

19  and with the intent to injure plaintiff, constituting oppression, fraud, malice under California Civil

20  Code §3294, entitling plaintiff to punitive damages against these defendants only..

21

22                          **SECOND CAUSE OF ACTION**

23                  (Unreasonable Search and Seizure – All Defendants)

24      33.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 32 of this

25  Complaint as though fully set forth herein.

26      34.     In doing the acts complained of herein, defendants and DOES 3 through 50,

27  individually and/or while acting in concert with one another, did act under color of state law to

28  deprive defendant of his constitutionally protected rights, including, but not limited to, the right to

-6-

1   be free from unreasonable searches and seizures. These rights are substantive and procedural

2   guarantees under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3       35.     Defendants actions and failures as alleged above constitute a pattern, practice,

4   custom, and policy of violations of the Civil Rights Laws of the United States, 42 U.S.C. §§ 1983

5   and 1985.

6       36.     As a direct and proximate result of defendants' acts, plaintiff has suffered loss of

7   employment opportunities, loss of dignity, great humiliation, and emotional injuries manifesting

8   in physical illness and emotional distress.

9       37.     Defendants' actions have caused and continue to cause plaintiff substantial losses

10  in earnings, significant reputation and professional injury, loss of promotional opportunities and

11  other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and

12  benefits, costs of suit, embarrassment and anguish, all to his damage in an amount according to

13  proof.

14      38.     As to the individual law enforcement officials identified as defendants

15  MATTHEW WRISTEN ("DOE 1"), EMIL DEVINCENZI ("DOE 2"), and DOES 3 through 15,

16  and any other non-government entity defendant, the acts of these said defendants as alleged

17  herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and

18  intent to injure plaintiff and to cause plaintiff mental anguish, anxiety, and distress. The

19  defendants' acts were done in conscious disregard of the risk of severe emotional harm to plaintiff

20  and with the intent to injure plaintiff, constituting oppression, fraud, malice under California Civil

21  Code §3294, entitling plaintiff to punitive damages against these defendants only.

22

23                          **THIRD CAUSE OF ACTION**

24              (Failure to Provide Timely Probable Cause Hearing –All Defendants)

25      39.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 38 of this

26  Complaint as though fully set forth herein.

27      40.     In doing the acts complained of herein, defendants and DOES 3 through 50,

28  individually and/or while acting in concert with one another, did act under color of state law to

-7-

1  deprive defendant of his constitutionally protected rights, including, but not limited to, the due
2  process right to obtain a timely probable cause hearing immediately after his warrantless arrest
3  and pre-trial detention. These rights are substantive and procedural guarantees under the Fourth,
4  Fifth, and Fourteenth Amendments to the United States Constitution.

5      41.    Defendants actions and failures as alleged above constitute a pattern, practice,
6  custom, and policy of violations of the Civil Rights Laws of the United States, 42 U.S.C. §§ 1983
7  and 1985.

8      42.    As a direct and proximate result of defendants' acts, plaintiff has suffered loss of
9  employment opportunities, loss of dignity, great humiliation, and emotional injuries manifesting
10  in physical illness and emotional distress.

11     43.    Defendants' actions have caused and continue to cause plaintiff substantial losses
12  in earnings, significant reputation and professional injury, loss of promotional opportunities and
13  other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and
14  benefits, costs of suit, embarrassment and anguish, all to his damage in an amount according to
15  proof.

16     44.    As to the individual law enforcement officials identified as MATTHEW
17  WRISTEN ("DOE 1"); EMIL DEVINCENZI ("DOE 2"), DOES 3 through 15, and any other
18  non-government entity defendant, the acts of these said defendants as alleged herein, were
19  intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to
20  injure plaintiff and to cause plaintiff mental anguish, anxiety, and distress. The defendants' acts
21  were done in conscious disregard of the risk of severe emotional harm to plaintiff and with the
22  intent to injure plaintiff, constituting oppression, fraud, malice under California Civil Code
23  §3294, entitling plaintiff to punitive damages against these defendants only.

24
25                          **FOURTH CAUSE OF ACTION**
26              (Illegal Incarceration/Failure to Provide Medical Treatment – All Defendants)
27     45.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 44 of this
28  Complaint as though fully set forth herein.

-8-

1      46.    In doing the acts complained of herein, defendants and DOES 3 through 50,

2  individually and/or while acting in concert with one another, did act under color of state law to

3  deprive defendant of his constitutionally protected rights, including, but not limited to, the due

4  process and equal protection rights to be free from unreasonable or unlawful pre-trial detention

5  and/or incarceration, and to be provided timely and appropriate medical care and treatment while

6  incarcerated. These rights are substantive and procedural guarantees under the Fifth and

7  Fourteenth Amendments to the United States Constitution.

8      47.    Defendants actions and failures as alleged above constitute a pattern, practice,

9  custom, and policy of violations of the Civil Rights Laws of the United States, 42 U.S.C. §§ 1983

10  and 1985.

11      48.    As a direct and proximate result of defendants' acts, plaintiff has suffered loss of

12  employment opportunities, loss of dignity, great humiliation, and emotional injuries manifesting

13  in physical illness and emotional distress.

14      49.    Defendants' actions have caused and continue to cause plaintiff substantial losses

15  in earnings, significant reputation and professional injury, loss of promotional opportunities and

16  other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and

17  benefits, costs of suit, embarrassment and anguish, all to his damage in an amount according to

18  proof.

19      50.    As to the individual law enforcement officials identified as MATTHEW

20  WRISTEN ("DOE 1"); EMIL DEVINCENZI ("DOE 2"), DOES 1 through 15, and any other

21  non-government entity defendant, the acts of these said defendants as alleged herein, were

22  intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to

23  injure plaintiff and to cause plaintiff mental anguish, anxiety, and distress. The defendants' acts

24  were done in conscious disregard of the risk of severe emotional harm to plaintiff and with the

25  intent to injure plaintiff, constituting oppression, fraud, malice under California Civil Code

26  §3294, entitling plaintiff to punitive damages against these defendants only.

27  \\\

28

1      **PRAYER FOR RELIEF**

2      Wherefore, plaintiff prays for judgment against Defendants, and each of them as follows:

3      1. For general damages in an amount according to proof;

4      2. For special damages in an amount according to proof;

5      3. For prejudgment interest in an amount according to proof;

6      4. For equitable and/or injunctive relief according to proof;

7      5. For reasonable attorney's fees and cost of suit therein;

8      6. For punitive or exemplary damages against the individual defendants only; and,

9      7. For such other and further relief as the court may deem proper.

10     8. Plaintiff's hereby demand a trial by jury.

11                 STATEMENT OF INTERESTED PARTIES

12     Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

13     named parties in this action, there is no such interest to report.

14

15     Dated: December 3, 2007              KAHN BROWN & POORE LLP

16

17                                          By:_____
                                               David M. Poore
18                                             Attorneys for Plaintiff

19

20

21

22

23

24

25

26

27

28
                                          -10-