**David M. Poore, State Bar $192541**
**KAHN BROWN & POORE LLP**
**755 Baywood Drive, Suite 185**
**Petaluma, CA 94954**
**Telephone: (707) 763-7100**
**Fax: (707) 763-7180**

Attorneys for Plaintiff Michael Brainerd

**MARK A. JONES, State Bar #96494**
**KRISTEN K. PRESTON State Bar #125455**
**JONES & DYER**
**A Professional Corporation**
**1800 J Street**
**Sacramento, California 95811**
**Telephone: (916) 552-5959**
**Fax: (916) 442-5959**

Attorneys for: Defendant County of Lake

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRAINERD,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF LAKE; LAKE COUNTY SHERIFF'S OFFICE; and DOES 1 through 50, inclusive,<br><br>　　　　　　　Defendants.<br>_____ | NO.  C 07 2663 EDL<br><br>**FURTHER JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  December 18, 2007<br>Time:  9:00 a.m.<br>Location: Courtroom E, 15th Floor<br>Hon. Elizabeth D. Laporte |

1. <u>Jurisdiction and Service:</u>

No issues exist with regard to jurisdiction or service.  Plaintiff was granted leave to amend his complaint to name additional parties and is ordered to file his amended complaint by December 17, 2007.

–1–
**FURTHER JOINT CASE MANAGEMENT STATEMENT**
**CASE NO. C 07-2663 EDL**

Plaintiff's Position:

Prior to the last Case Management Conference, plaintiff's counsel informed defendant's counsel that he would be seeking to amend the complaint to include as defendants the individual officers involved in this matter, whose names were previously unknown to plaintiff. For reasons unknown to plaintiff, defendant's lead trial counsel did not appear at the prior Case Management Conference. Instead, Kristen Preston, assistant trial counsel for defendant appeared and advised the court that they would be opposing the motion for leave to amend. The court set a briefing schedule for the motion, which was subsequently extended because of plaintiff's counsel's medical condition. Plaintiff expended attorneys' fees and costs in preparing the motion based upon defendant's counsel's representation to plaintiff's counsel and the court that amendment would be opposed. Plaintiff's counsel then timely filed the motion. Defendant served no opposition by the required deadline. Instead, several days after the deadline, defendant filed a notice of non-opposition.

Since the Court has granted the motion to amend the complaint to substitute the individual arresting officers as DOES 1 and 2, there does exist an issue with respect to service. Plaintiff's counsel has requested that the County of Lake accept service of process for the individual defendants because they are employees of the County. Although defendant County of Lake's attorney of record has indicated that they will likely represent the individual officers, they refuse to accept service. From plaintiff's perspective, this position is troubling; particularly when defendant's Initial Disclosures do not provide the individual defendant's addresses and telephone numbers. Instead, defendant's Initial Disclosures list the last known addresses and telephone numbers of these individual officers as the same business address as the County of Lake. Accordingly, as part of the Case Management Order, plaintiff requests that the County of Lake be required to supplement its Initial Disclosures to include the home addresses and telephone numbers of the individual defendants.

Defendant's Position:

Counsel for the County of Lake has not been authorized to accept service on behalf of the

–2–
**FURTHER JOINT CASE MANAGEMENT STATEMENT**
**CASE NO. C 07-2663 EDL**

individual defendants from whom plaintiff is seeking compensatory and punitive damages. Defendant provided the last known contact information for these individuals. Deputy Devincenzi is currently employed with the County of Lake. Matthew Wristen is a former employee. Plaintiff's counsel has made no effort to meet and confer regarding the issue of service. Several requests have been made for Mr. Poore to contact defense counsel to discuss the case, including issues of service and discovery. Mr. Poore has refused to respond to any of those requests and will communicate with counsel only through his legal assistant.

2.   Facts:

Plaintiff's Version:

This case is a civil rights action asserting violations of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. In particular, plaintiff alleges that defendants unlawfully arrested plaintiff for engaging in felony "terrorist acts" without any reasonable investigation or probable cause. Moreover, plaintiff alleges that he was improperly searched, seized, and incarcerated in the Lake County Jail for five days without any judicial review or probable cause determination. During this period of time, plaintiff was a diabetic with severe medical complications, and defendants denied plaintiff reasonable access to medical care. Defendants later admitted that the "terrorist" charges against plaintiff were baseless, and plaintiff was never formally charged with any crime. As a result of defendants' actions, plaintiff suffered significant damages, including the loss of his long-term position as a government worker with the City of Ukiah. Plaintiff's economic damages and loss of benefits are substantial.

Defendant's Version: Defendants generally and specifically deny plaintiff's version of events. Defendants contend that Plaintiff Michael Brainerd was lawfully arrested by Lake County Sheriff's Department deputies on Thursday, May 19, 2004 for violation of California Penal Code section 422. Plaintiff threatened to beat a resident of his household with a baseball bat. Plaintiff was held in the Lake County Jail until Monday, May 23, 2004, when he was released pursuant to California Penal Code section 825 with a detention certificate. Upon entering the jail facility,

–3–
**FURTHER JOINT CASE MANAGEMENT STATEMENT**
**CASE NO. C 07-2663 EDL**

1  plaintiff's medical history and condition was assessed.  Plaintiff was provided adequate medical
2  treatment during his detention.
3       3.   Legal Issues:
4       Plaintiff's complaint alleges four causes of action, including violations of the Fourth, Fifth,
5  and Fourteenth Amendments based on unlawful arrest, unreasonable search and seizure, failure to
6  provide a timely probable cause hearing, and illegal incarceration with failure to provide medical
7  treatment.  Plaintiff seeks compensatory and punitive damages.
8       The following legal issues are disputed:  (1) whether defendant violated 42 U.S.C. Section
9  1983 and the above referenced constitutional amendments; (2) whether defendants had probable
10 cause to arrest and incarcerate plaintiff for committing "terrorist acts"; (3) whether defendants
11 conducted an unreasonable search and seizure; (4) whether defendant provided plaintiff with a
12 timely probable cause determination; (5) whether defendants illegally incarcerated plaintiff; (6)
13 whether plaintiff was denied adequate medical care and treatment; (6) whether defendants have
14 engaged in a pattern, practice, custom, or policy of violating such constitutional rights; and (7) the
15 nature and extent of damages.
16      Defendants generally and specifically deny plaintiff's allegations.  Defendants contend that
17 probable cause existed and the arrest of plaintiff for violation of California Penal Code section 422
18 was lawful.  Defendants further contend that defendants complied with California Penal Code
19 sections 825 and 849 and other applicable statutes.  Defendants contend that the detention of
20 plaintiff was lawful and that, during the period of his detention, defendants were not deliberately
21 indifferent to any serious medical need of plaintiff's.  Defendants further deny any pattern, practice,
22 custom or policy of violating constitutional rights.
23      4.   Motions:
24      Defendants and plaintiff anticipate filing dispositive motions.
25      5.   Amendment of Pleadings:
26      Defendants do not expect to amend their answer.  Plaintiff does not anticipate any additional
27
28

–4–
**FURTHER JOINT CASE MANAGEMENT STATEMENT
CASE NO. C 07-2663 EDL**

1  amendments to the complaint at this time.

2        6. <u>Evidence Preservation</u>:

3        Except as maintained in the ordinary course, the parties do not propose any particular

4  measures are required to preserve evidence relevant to issues reasonably evident in this action.  It is

5  unknown to plaintiff what attempts defendants have made to preserve all electronic evidence.

6        7. <u>Disclosures</u>:

7        Defendant made a full and timely initial disclosure of witnesses and documents as required

8  by Fed. R. Civ. P. 26(a) and the case schedule ordered in this action.  Defendant made two

9  supplemental disclosures, August 31, 2007, September 24, 2007 and October 22, 2007.  Plaintiff

10  served his initial disclosures on August 27, 2007.  Plaintiff subsequently produced documents in

11  connection with his initial disclosures.  Plaintiff will be making a supplemental disclosure prior to

12  the Case Management Conference in this matter.

13        8. <u>Discovery</u>:

14        The parties anticipate that discovery will include written discovery as well as depositions.

15  <u>Plaintiff's Position:</u>

16        Plaintiff submits that discovery should proceed pursuant to Federal Rule of Civil Procedure

17  26 and 29-37.   Defendant has propounded written discovery to plaintiff.  Plaintiff has responded

18  with answers and objections.  Plaintiff has just received a meet and confer letter regarding said

19  responses and is in the process of responding.  Defendant noticed plaintiff's deposition, however

20  plaintiff believes that said notice was defective.  Plaintiff's counsel was not available on the date

21  noticed and notified defendant that the deposition would have to be rescheduled to a date and time

22  mutually agreeable to all parties.

23        Plaintiff does not believe that a Rule 26(f) discovery conference is necessary in this matter,

24  and the parties should simply proceed with initial disclosures.  An informal discovery conference

25  may be necessary to address the timing of plaintiff's deposition.  Plaintiff has advised defendant

26  County of Lake that plaintiff's deposition should only proceed once all defendants have appeared in

27

28

–5–
**FURTHER JOINT CASE MANAGEMENT STATEMENT**
**CASE NO. C 07-2663 EDL**

1  this action. Defendant has apparently insisted that the deposition be conducted prior to the

2  appearance of all defendants in this matter. If the parties are unable to informally resolve this issue,

3  it may become necessary to schedule an informal discovery conference with the Court.

4       Defendant's Position:

5       Defendant submits that discovery should proceed pursuant to Federal Rule of Civil

6  Procedure 26 and 29-37.  Defendant has propounded written discovery to plaintiff. Plaintiff has

7  responded with answers and objections. Defendant has requested further responses and will seek

8  intervention from the court to obtain further responses, if necessary. Defendants properly noticed

9  the deposition of Michael Brainerd prior to plaintiff's motion to amend. Plaintiff unilaterally

10 cancelled the deposition. Plaintiff's counsel refuses to participate in any efforts to meet and confer

11 regarding the rescheduling of Mr. Brainerd's deposition, instead relying on his legal assistant to send

12 messages concerning the timing, date and location of the deposition. The only location plaintiff's

13 counsel has voluntarily agreed to produce the plaintiff for deposition is at his own office in

14 Petaluma. Counsel cannot predict, absent an opportunity to meet and confer with Mr. Poore,

15 whether a motion will be required to compel the attendance of Mr. Brainerd at appropriate location

16 of defendants' choosing. Defendant does not believe that a Rule 26(f) discovery conference is

17 necessary in this matter, and the parties should simply proceed with initial disclosures.

18     9.    Class Actions:

19      Not applicable.

20     10.    Related Cases:

21      The parties are unaware of any other case related to the instant matter.

22     11.    Relief:

23      Plaintiff's complaint requests compensatory and punitive damages. Plaintiff's complaint

24 further seeks equitable and/or injunctive relief.

25     12.    Settlement and ADR:

26      The parties have stipulated to court-supervised mediation. The court appointed mediator

27

28

1  Teri Sklar, and further, ordered completion of mediation by March 17, 2008.  The mediator
2  scheduled an initial mediation conference with the parties October 1, 2007.  A further conference
3  call is anticipated.
4      13.    Consent to Magistrate Judge for All Purposes:
5      The parties will consent to have a magistrate judge conduct all further proceedings, including
6  trial and entry of judgment.
7      14.    Other References:
8      The parties do not suggest that this case is suitable for any other reference.
9      15.    Narrowing of Issues:
10     The parties have not presently identified any issues that can be narrowed by agreement.  The
11  parties will meet and confer to narrow issues as the need arises.
12     16.    Expedited Schedule:
13     The parties do not propose that this is the type of case that can be handled on an expedited
14  basis with streamlined procedures.
15     17.    Scheduling:
16     It is plaintiff's position that this scheduling provision is dependent upon the successful
17  service of the individual defendants in a timely manner.  It may be necessary to hold a further CMC
18  once the individual defendants appear in this action to determine appropriate scheduling of
19  discovery and trial dates.
20     The parties jointly propose the following cutoff dates:
21     Expert witness disclosure and reports by June 10, 2008;
22     Non-expert discovery completed by June 2, 2008;
23     Disclosure of experts and reports for experts intended solely for rebuttal on or before June
24  20, 2008;
25     Expert discovery completed by July 15, 2008;
26     All motions, except for motions for continuances, temporary restraining orders or other
27
28

–7–
**FURTHER JOINT CASE MANAGEMENT STATEMENT**
**CASE NO. C 07-2663 EDL**

1  emergency applications, filed by August 15, 2008

2       Pre-trial conference October 7, 2008;

3       Trial November 3, 2008.

4       18:    Trial:

5       The parties request that this case be tried to a jury and anticipate the length of trial to be 5 to 8 days.

7       19.    Disclosure of Non-Party Entities or Persons:

8       Defendant's Certificate of Interested Parties or Persons is filed concurrently herewith and, pursuant to Local Rule 3-16, provides: [Defendant] certifies that as of this date, other than the named parties, there is no such interest to report.  Plaintiff is unaware of any such interest to report.

11      20.    Other Matters:

12      The parties are unaware of any other matters to address at this point.

Date:    December 11, 2007

KAHN BROWN & POORE LLP

By:    /s/ David M. Poore
       DAVID M. POORE
       Attorneys for Plaintiff

Date:    December 11, 2007

JONES & DYER

By:    /s/ Mark A. Jones
       MARK A. JONES
       Attorneys for Defendants

–8–
**FURTHER JOINT CASE MANAGEMENT STATEMENT**
**CASE NO. C 07-2663 EDL**