JONES & DYER
A Professional Corporation
1800 J Street
Sacramento, California 95814
Telephone: (916) 552-5959
Fax: (916) 442-5959

**MARK A. JONES, State Bar #96494**
**KRISTEN K. PRESTON, State Bar #125455**

Attorneys for: Defendant County of Lake, Lake County Sheriff's Office, Matthew Wristen (DOE 1) and Emil Devincenzi (Doe 2)

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRAINERD,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF LAKE; LAKE COUNTY SHERIFF'S OFFICE; and DOES 1 through 50, inclusive,<br><br>　　　　　　Defendants. | NO. C 07 2663 EDL<br><br>**ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY** |

　　　　Defendants County of Lake, Lake County Sheriff's Office, Matthew Wristen (Doe I) and Emil Devincenzi (Doe 2), in answer to the first amended complaint on file herein, admit, deny and allege as follows:

**Parties and Jurisdiction**

　　　　1.　　Answering Paragraph 1 of the first amended complaint, defendants lack sufficient information or belief to enable them to answer the allegations of said paragraph, and basing their denial on that ground, deny each and every allegation contained therein.

　　　　2.　　Answering Paragraph 2 of the first amended complaint, defendants admit the allegations with respect to the County of Lake, but deny such allegations to the extent they allege

**ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY**

-1-

that the Lake County Sheriff's Department is a separate public entity.

3. Answering Paragraph 3 of the first amended complaint, defendants admit the allegations contained therein.

4. Answering Paragraph 4 of the first amended complaint, defendants admit the allegations except that defendants deny such allegations to the extent they allege that the Lake County Sheriff's Department is a separate public entity.

5. Answering Paragraph 5 of the first amended complaint, defendants admit plaintiff amended his first amended complaint to identify MATTHEW WRISTEN as "DOE 1." As to all other allegations, defendants lack sufficient information or belief to enable them to answer the allegations of said paragraph, and basing their denial on that ground, deny each and every allegation contained therein.

6. Answering Paragraph 6 of the first amended complaint, defendants deny defendant WRISTEN is a current employee of LAKE COUNTY and that defendants engaged in any unlawful conduct with respect to plaintiff. As to all other allegations, defendants lack sufficient information or belief to enable them to answer the allegations of said paragraph, and basing their denial on that ground, deny each and every allegation contained therein.

7. Answering Paragraph 7 of the first amended complaint, defendants admit plaintiff amended his first amended complaint to identify EMIL DEVINCENZI as "DOE 2." As to all other allegations, defendants lack sufficient information or belief to enable them to answer the allegations of said paragraph, and basing their denial on that ground, deny each and every allegation contained therein.

8. Answering Paragraph 8 of the first amended complaint, defendants admit defendant DEVINCENZI is a current employee of LAKE COUNTY. Defendants deny that they engaged in any unlawful conduct with respect to plaintiff. As to all other allegations, defendants lack sufficient information or belief to enable them to answer the allegations of said paragraph, and basing their denial on that ground, deny each and every allegation contained therein.

9. Answering Paragraphs 9, 10 and 11 of the first amended complaint, defendants admit the allegations contained therein.

10. Answering Paragraph 12 of the first amended complaint, defendants lack sufficient information or belief to enable them to answer the allegations of said paragraph, and basing their denial on that ground, deny each and every allegation contained therein.

11. Answering Paragraph 13 of the first amended complaint, defendants lack sufficient information or belief to enable them to answer the allegations of said paragraph, and basing their denial on that ground, deny each and every allegation contained therein.

12. Answering Paragraph 14 of the first amended complaint, defendants lack sufficient information or belief to enable them to answer the allegations of said paragraph, and basing their denial on that ground, deny each and every allegation contained therein.

**Factual Background**

13. Answering Paragraph 15 of the first amended complaint, defendants lack sufficient information or belief to enable them to answer the allegations of said paragraph, and basing their denial on that ground, deny each and every allegation contained therein.

14. Answering Paragraph 16 of the first amended complaint, defendants allege that the conduct of the deputy sheriffs was lawful, appropriate and reasonable, and to the extent plaintiff's allegations conflict therewith, such allegations are denied.

15. Answering Paragraph 17 of the first amended complaint, defendants allege that the conduct of the deputy sheriffs was lawful, appropriate and reasonable, and to the extent plaintiff's allegations conflict therewith, such allegations are denied.

16. Answering Paragraph 18 of the first amended complaint, defendants allege that the conduct of the deputy sheriffs was lawful, appropriate and reasonable, and to the extent plaintiff's allegations conflict therewith, such allegations are denied. With respect to the remaining allegations contained in Paragraph 14, defendants lack sufficient information or belief to enable them to answer the allegations of said paragraph, and basing their denial on that ground, deny each and every allegation contained therein.

17. Answering Paragraph 19 of the first amended complaint, defendants lack sufficient information or belief to enable them to answer the allegations of said paragraph, and basing their denial on that ground, deny each and every allegation contained therein. In addition, defendants

1  deny that plaintiff's concerns, if any, regarding his medical condition were ignored.

2    18.    Answering Paragraph 20 of the first amended complaint, defendants allege that the conduct of the deputy sheriffs was lawful, appropriate and reasonable, and to the extent plaintiff's allegations conflict therewith, such allegations are denied.

3    19.    Answering Paragraph 21 of the first amended complaint, defendants lack sufficient information or belief to enable them to answer the allegations of said paragraph, and basing their denial on that ground, deny each and every allegation contained therein.

4    20.    Answering Paragraph 22 of the first amended complaint, defendants lack sufficient information or belief to enable them to answer the allegations of said paragraph, and basing their denial on that ground, deny each and every allegation contained therein.

5    21.    Answering Paragraph 23 of the first amended complaint, defendants lack sufficient information or belief to enable them to answer the allegations of said paragraph, and basing their denial on that ground, deny each and every allegation contained therein.

6    22.    Answering Paragraph 24 of the first amended complaint, defendants deny the allegations contained therein.

7    23.    Answering Paragraph 25 of the first amended complaint, defendants deny the allegations contained therein.

8    24.    Answering Paragraph 26 of the first amended complaint, defendants deny the allegations contained therein.

**First Cause of Action**

9    25.    Answering Paragraph 27 of the first amended complaint, defendants reallege and incorporate herein by reference their responses to Paragraphs 1 through 26 of the first amended complaint as though fully set forth herein.

10    26.    Answering Paragraphs 28, 29, 30, 31 and 32 of the first amended complaint, defendants deny the allegations contained therein.

**Second Cause of Action**

11    27.    Answering Paragraph 33 of the first amended complaint, defendants reallege and incorporate herein by reference their responses to Paragraphs 1 through 32 of the first amended

complaint as though fully set forth herein.

28. Answering Paragraphs 34, 35, 36, 37 and 38 of the first amended complaint, defendants deny the allegations contained therein.

### Third Cause of Action

29. Answering Paragraph 39 of the first amended complaint, defendants reallege and incorporate herein by reference their responses to Paragraphs 1 through 38 of the first amended complaint as though fully set forth herein.

30. Answering Paragraphs 40, 41, 42, 43 and 44 of the first amended complaint, defendants deny the allegations contained therein.

### Fourth Cause of Action

31. Answering Paragraph 45 of the first amended complaint, defendants reallege and incorporate herein by reference their responses to Paragraphs 1 through 44 of the first amended complaint as though fully set forth herein.

32. Answering Paragraphs 46, 47, 48, 49 and 50 of the first amended complaint, defendants deny the allegations contained therein.

### AFFIRMATIVE DEFENSES

33. As a first affirmative defense to each and every allegation and every cause of action set forth in the first amended complaint, the defendants allege that those causes of action fail to state any claim upon which relief can be granted.

34. As a second affirmative defense to plaintiff's first amended complaint, defendants allege that plaintiff's claims are barred by the applicable statutes of limitation.

35. As a third affirmative defense to plaintiff's causes of action in the first amended complaint, defendants allege that they have qualified immunity from liability for matters set forth in the first amended complaint.  The acts complained of occurred within the scope of defendants' official duties and defendants had no knowledge that said acts were illegal and/or unconstitutional nor were said acts clearly violative of plaintiff's and/or the decedent's rights at the time they were committed.

36. As a fourth affirmative defense to plaintiff's causes of action in the first amended

complaint, defendants allege that they are not liable to the plaintiff because any allegedly wrongful action taken by the individual officers was not pursuant to an official policy or custom.

37. As a fifth affirmative defense to plaintiff's causes of action in the first amended complaint, defendants allege that any harm which came to plaintiff was a direct and proximate cause of the plaintiff's own actions.

38. As a sixth affirmative defense to plaintiff's causes of action in the first amended complaint, defendants allege that any of plaintiff's alleged damages or injuries were aggravated by his failure to use reasonable diligence to mitigate them.

39. As an seventh affirmative defense to plaintiff's causes of action in the first amended complaint, defendants allege that any of plaintiff's damages or injuries were proximately caused by the negligence of other persons, firms, corporations or entities, for whom the defendants are not responsible.  Should plaintiff be entitled to recover under the first amended complaint, his recovery should be reduced in proportion to the negligence of such other persons, firms, corporations or entities.

40. As a eighth affirmative defense to plaintiff's causes of action in the first amended complaint, defendants allege that they were acting in their official capacities at all times relevant to this action, and any alleged actions were made in good faith, without malice, or were performed with a reasonable belief that their actions were authorized by and in accord with existing law and authority.

41. As a ninth affirmative defense to plaintiff's causes of action in the first amended complaint, defendants allege that their actions were privileged as a matter of law.  Consequently, no liability can be cast upon them in their individual capacities.

42. As a tenth affirmative defense to plaintiff's causes of action in the first amended complaint, defendants allege that the plaintiff's arrests and/or detentions, if any, were made with probable cause.

43. As a eleventh affirmative defense to plaintiff's causes of action in the first amended complaint, defendants allege that any search or seizure of plaintiff or plaintiff's property was reasonable and necessary to effect lawful and proper law enforcement procedures and, as such, there

1 can be no liability against these defendants.

2      44.    As a twelfth affirmative defense to plaintiff's causes of action in the first amended
3 complaint, defendants allege that plaintiff's claims for punitive damages are barred by provisions of
4 Government Code section 818 and <u>Newport v. Fact Concert, Inc.</u>, 453 U.S. 247 (1981).

5      45.    As a thirteenth affirmative defense to plaintiff's causes of action in the first amended
6 complaint, defendants allege that plaintiff is not entitled to punitive damages, because punitive
7 damages are unconstitutional and violate the defendants' right to due process and equal protection.

8      46.    As an fourteenth affirmative defense to plaintiff's causes of action in the first
9 amended complaint, defendants allege that at no time did their conduct constitute deliberate
10 indifference to the needs or rights of plaintiff.

11      47.    As a fifteenth affirmative defense to plaintiff's causes of action in the first amended
12 complaint, defendants allege that plaintiff assumed the risk of his conduct.

13      48.    As a sixteenth affirmative defense to plaintiff's causes of action in the first amended
14 complaint, defendants allege that defendants acted appropriately in a sudden emergency situation.

15      49.    As a seventeenth affirmative defense to plaintiff's causes of action in the first
16 amended complaint, defendants allege that to the extent plaintiff attempts to allege state claims,
17 these claims are barred pursuant to California Government Code sections 815.2, 815.6, 818.2, 818.8,
18 820, 820.2, 820.4, 820.8, 821, 821.6, 822.2, 844.6, 845, 845.2, 845.6, 846, 855, 855.8, 856
19 856.4,911.2, 911.4, 945.4, 946.6, 950.2 and 950.6.

20      50.    As a eighteenth affirmative defense to plaintiff's causes of action in the first amended
21 complaint, defendants allege that to the extent that plaintiff attempts to allege state claims, these
22 claims are barred pursuant to California Civil Code section 43.55.

23      51.    As a nineteenth affirmative defense to plaintiff's causes of action in the first amended
24 complaint, defendants allege that to the extent that plaintiff attempts to allege state claims, these
25 claims are barred pursuant to California Penal Code sections 196, 197, 835 and/or 843.

26      52.    As a twentieth affirmative defense to plaintiff's first amended complaint, defendants
27 allege that plaintiff was contributorily or comparatively negligent and careless in and about matters
28 and events set forth in the first amended complaint and his negligence proximately contributed to his

1 alleged injuries and damages. Any jury verdict in his favor that may be rendered in this case,
2 therefore, must be reduced by the percentage that his negligence contributed to any of his damages or
3 injuries.
4  WHEREFORE, defendants pray for judgment as follows:
5  1. That plaintiff take nothing by his action;
6  2. That defendants be awarded the costs of defending this lawsuit;
7  3. Defendants have a judgment against the plaintiff; and
8  4. For such other and further relief as this court deems proper.
9 DATED: January 11, 2008.

JONES & DYER

By   /s/ Mark A. Jones
   MARK A. JONES, Attorneys for Defendants
   County of Lake. Lake County Sheriff's Office,
   Matthew Wristen and Emil Devincenzi

**ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY**

## DEMAND FOR JURY TRIAL

Defendants County of Lake, Lake County Sheriff's Office, Matthew Wristen and Emil Devincenzi hereby request a trial by jury in this matter.

DATED: January 11, 2008.

                                JONES & DYER

                                By: ___/s/___Mark A. Jones___
                                MARK A. JONES,
                                Attorneys for Defendants County of Lake, Lake County Sheriff's Office, Matthew Wristen and Emil Devincenzi