```
 1  JONES & DYER
    A Professional Corporation
 2  1800 J Street
    Sacramento, California 95811
 3  Telephone: (916) 552-5959
    Fax: (916) 442-5959
 4
    MARK A. JONES, State Bar #96494
 5  KRISTEN K. PRESTON, State Bar #125455

 6  Attorneys for: Defendants County of Lake, Lake County Sheriff's Office, Matthew
                   Wristen and Emil Devincenzi
 7
```

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRAINERD | NO. C 07 2663 EDL |
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RESPONSES** |
| vs. | (F.R.C.P. 37- |
| COUNTY OF LAKE; LAKE COUNTY SHERIFF'S OFFICE; and DOES 1 through 50, inclusive, | Date: **March 4, 2008**<br>Time: **9:00 a.m.**<br>Courtroom E, 15th Floor |
| Defendants. | |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on March 4, 2008, at the hour of 9:00 a.m. in Courtroom E, 15th Floor, of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California, defendant County of Lake will move the court for an order compelling plaintiff to produce documents, provide further responses to interrogatories and to provide a verification for interrogatories.

**STATEMENT OF RELIEF REQUESTED**

Defendant requests an order compelling plaintiff to respond to written discovery, including:

- produce documents requested by defendant pursuant to Federal Rule of Civil Procedure 34;

- provide further responses to interrogatories propounded by defendant pursuant to Federal Rule of Civil Procedure 33; and
- verify interrogatory responses pursuant to Federal Rule of Civil Procedure 33.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this action on May 18, 2007 against the County of Lake and County of Lake Sheriff's Office, alleging causes of action based on "violations of the civil rights laws of the United States, 42 U.S.C. sections 1983 and 1985." (Docket #1) Specifically, plaintiff alleges causes of action for unlawful arrest, unreasonable search and seizure, failure to provide timely probable cause hearing, illegal incarceration/failure to provide medical treatment. (Id.) Plaintiff seeks general and special damages as well as equitable and injunctive relief, reasonable attorneys fees and costs and punitive damages against these defendants. Plaintiff's complaint alleges against these public entities that "defendants' actions and failures as alleged . . . constitute a pattern, practice, custom, and policy of violations of the civil rights laws of the United States, 42 U.S.C. sections 1983 and 1985. (Id.)

Plaintiff subsequently sought and was granted leave to amend his complaint to name Emil Devincenzi and Matthew Wristen as defendants. The substance of plaintiff's complaint did not significantly change except that these individuals were identified as defendants against whom plaintiff alleges all causes of action referenced hereinabove. (Docket #27)

On September 24, 2007, on behalf of the defendant County of Lake, interrogatories were propounded to the plaintiff. (Preston Declaration ¶1) These interrogatories were propounded pursuant to Federal Rules of Civil Procedure 33 and were propounded in tandem with a Request for Production of Documents pursuant to Federal Rules of Civil Procedure 34. (Id.)

Plaintiff sought and was granted extensions to respond to discovery. (Preston Declaration ¶2.) On November 28, 2007, plaintiff's discovery responses were received accompanied by a proof of service dated November 21, 2007. (Preston Declaration ¶3.) The interrogatory responses reflected that plaintiff's verification would follow. (Id.) Plaintiff's Rule 34 request indicated that documents would be produced.

No verification has been received from the plaintiff and no documents were produced by plaintiff in response to the Fed. Rule of Civ. Pro. 34 request. (Preston Declaration ¶¶ 3 and 4.)

1   On December 3, 2007, correspondence was directed to counsel for plaintiff requesting further
2   responses to Interrogatories Nos. 14, 16, 18, 19 and 20. The specific basis for entitlement to the
3   further responses was included in the correspondence. Plaintiff was requested to provide further
4   responses with his verification on or before December 18, 2007. Plaintiff was further requested to
5   comply with Local Rule 33-1 in providing these further responses. (Preston Declaration ¶5.)
6   Plaintiff did not respond to this request for further discovery. (Id.)

7   On December 11, 2007, a Further Joint Case Management Statement was submitted to the
8   court on behalf of the parties. (Docket #28) In that Statement, plaintiff represented "Defendant has
9   propounded written discovery to plaintiff. Plaintiff has responded with answers and objections.
10  Plaintiff has just received a meet and confer letter regarding said responses and is in the process of
11  responding." (Docket #28, at page 5.)   Despite this representation, no response was received on
12  behalf of plaintiff. (Preston Declaration ¶6.)

13  On or about January 14, 2008, correspondence was directed to counsel for the plaintiff again
14  seeking further responses to written discovery and referencing the December 3, 2007 letter. In this
15  January 14, 2008 correspondence, a response was requested on or before January 22, 2008
16  concerning further discovery responses seeking an indication as to "whether further responses will be
17  provided. We would also ask for some time estimate as to when we might expect these further
18  responses." No response was received to this correspondence.   (Preston Declaration ¶7.)

19  In compliance with Civil Local Rule 37-2, a telephone conference was proposed with
20  plaintiff's counsel for January 24, 2008 at 3:00 p.m. in order to meet and confer concerning these
21  discovery issues. This proposal was made by email correspondence. Alternatively, counsel for the
22  plaintiff was requested to indicate whether Mr. Brainerd would provide a verification and further
23  responses and a date by which that might occur.   On January 24, 2008 at 3:00 p.m., an attempt was
24  made to contact counsel for the plaintiff by telephone. Mr. Poore was not in his office and a detailed
25  voicemail message was left. No return telephone call was received. (Preston Declaration ¶8.)

26  On January 24, 2008 at approximately 4:30 p.m Mr. Poore responded by email proposing the
27  afternoon of January 28, 2008 as an alternative for the meet and confer conference. Mr. Poore's
28  proposal conflicted with a previously-scheduled court appearance. As an alternative, an email

1  response from Mr. Poore was requested regarding plaintiff's intentions to respond to discovery. No
2  response was offered on behalf of plaintiff. Telephone messages were left with Mr. Poore on
3  January 29 and January 30, 2008 without response. (Preston Declaration ¶9.)
4       As of the date of this declaration, the plaintiff has failed to respond to any attempt to engage
5  in a conference to meet and confer concerning responses to written discovery. The plaintiff has
6  failed to provide further responses. The plaintiff has failed to provide a verification for his
7  interrogatories. The plaintiff has failed to produce documents as indicated in his response to the
8  request for production. Inasmuch as the court has ordered the parties to complete mediation not
9  later than March 17, 2008, and in view of the failure of plaintiff's counsel to respond to good faith
10 efforts to meet and confer and plaintiff's failure to provide discovery responses, defendant had no
11 alternative other than to pursue this motion and an order compelling plaintiff's response. (Preston
12 Declaration ¶10.)

**Defendant Has Complied with Civil Local Rule 37**

14      As outlined above and set forth in the declaration of Kristen K. Preston accompanying this
15 motion, defendant has made every effort to reasonably, and in good faith, meet and confer
16 concerning the written discovery requests propounded to Michael Brainerd, the further responses
17 sought, documents to be produced and the verification from Michael Brainerd required by Federal
18 Rules of Civil Procedure 33. Plaintiff has not responded to any of these attempts. Despite express
19 representations to the court that plaintiff would engage in meet and confer efforts, the plaintiff has
20 failed to do so.
21      Plaintiff has failed to meaningfully participate in any effort to meet and confer regarding
22 these discovery responses. Plaintiff sought and was granted a substantial extension of time within
23 which to initially respond to this discovery. Since the initial response, defendant has made numerous
24 efforts, as documented above and in the accompanying declaration, to address the deficiency in the
25 responses, the failure to produce documents, and the lack of verification for interrogatory responses.
26 Defendant attempted, albeit unsuccessfully, to convene a L.R. 37-2 conference. Ultimately,
27 defendant requested only that the plaintiff indicate whether he intended to provide further responses,
28 produce documents, and supply a verification and, if he did so intend, when defendant might expect

1  such responses. There was no response.

2  Since December 3, 2007, defendant has sent at least two letters and three emails and made
3  numerous telephone calls. Plaintiff has responded once.[1]

4  Responses to the discovery propounded by defendant is critical for meaningful mediation of
5  this case. Defendant intends also to complete the plaintiff's deposition prior to mediation, but
6  desires responses to written discovery in advance of the deposition.[2] In view of the extended delay
7  and plaintiff's failure to participate in any effort to meet and confer, informal resolution of these
8  discovery matters is unlikely. To adequately prepare for a meaningful mediation within the
9  applicable time constraints, the court's intervention is absolutely necessary.

10  **Defendant Is Entitled to Further Discovery Responses**

11  **Fed. Rule Civ. Pro. 33 - Interrogatories**

12  Defendant, as a matter of right, may propound discovery to plaintiff concerning the substance
13  of these claims. (Fed. Rule Civ. P. 26(b).) Plaintiff, as the party answering interrogatories, must
14  furnish 'such information as is available to [him]' (Rule 33(a)), and answer "fully in writing and
15  under oath . . ." Rule 33(b)(1)). Plaintiff is required to provide "'true, explicit, responsive,
16  complete, and candid answers to interrogatories.' (Citation.) An answer to an interrogatory must
17  respond to question being asked." (Anderson v. Fresno County, Human Services System, Slip Copy
18  2007 WL 1865657 (E.D. Cal. 2007).)

19  Defendant Lake County propounded to plaintiff 20 interrogatories drafted in accordance with
20  Fed.R.Civ.P. 33. Six of these interrogatories sought information concerning the factual bases for the
21  causes of action set forth in plaintiff's complaint against the asking defendant. Such "contention"-
22  type interrogatories are "permissible and acceptable under Rule 33(c)." (U.S. ex rel. O'Connell v.
23  Chapman University, 245 F.R.D. 646 (C.D. Cal. 2007).) Such interrogatories are not only expressly

---

25  [1] On January 24, 2008 counsel for plaintiff sent an email in response to a request for a LR37 conference:
"This week is very bad for me. I am available in the afternoon on Monday, January 28, or potentially Tuesday.
26  Let me know." An email response was unanswered. A calendar conflict prevented a conference on the
afternoon of January 28. Telephone calls to Mr. Poore the mornings of Tuesday, January 29, and Wednesday,
27  January 30, remain unreturned.

28  [2] Defendant has also solicited from plaintiff mutually convenient dates for the completion of plaintiff's
deposition in Napa, California. No dates have been supplied by plaintiff.

1  authorized by Rule 33, but have been deemed "consistent with Rule 11 of the Federal Rules of Civil
2  Procedure, [which requires that] plaintiffs must have some factual basis for the allegations of their
3  complaint . . ." (Id., citations omitted.)
4       Plaintiff served responses to these interrogatories on November 21, 2007. Plaintiff provided
5  no verification with his responses. Of the six "contention" interrogatories, plaintiff answered one
6  interrogatory. To the remaining five, including interrogatory numbers 14, 16, 18, 19, and 20,
7  plaintiff's response consisted entirely of objections. Plaintiff's objections are identical to each of the
8  interrogatories and all of the objections recited by plaintiff are without merit.
9       Plaintiff's assertion that each interrogatory is "vague, ambiguous and overbroad" constitute
10 improper, boilerplate objections. (U.S. ex rel. O'Connell v. Chapman University, 245 F.R.D. 646,
11 649-650 (C.D. Cal. 2007).) A review of the complaint reflects that the content of the interrogatories
12 consistently follows the substance of plaintiff's allegations as plaintiff has set these allegations forth
13 in his complaint. Plaintiff's assertion of these objections is tantamount to labeling the allegations of
14 his own complaint "vague, ambiguous and overbroad."
15      Plaintiff's objections based on attorney client privilege and work product protection are
16 equally improper. Rule 33 specifically sanctions contention-type interrogatories and plaintiff's
17 iteration of the factual bases for his claims in no way invades the privilege or protection cited.
18 Indeed, plaintiff is obligated to disclose the facts and evidence of which he is aware supporting his
19 claims in the event he intends to rely on this evidence at the time of trial.
20      Plaintiff's objection that the interrogatories are compound and contain impermissible
21 subparts is entirely without merit. The substance of each interrogatory reflects the substance of *each*
22 *individual claim* plaintiff alleges in his complaint. There are no subparts. Even assuming, for
23 purposes of argument, that the interrogatories are deemed to contain subparts, defendant is within the
24 limitation for the number of interrogatories it may propound.
25      Finally, plaintiff's objection that the interrogatories are "premature" lacks merit. Plaintiff
26 makes vague and broad claims in his complaint for which he is required to have *some* factual basis.
27 In the event plaintiff can currently articulate no factual basis of support for the claims set forth in his
28 complaint, his responses must indicate this. Otherwise, he is properly compelled to present the

1  factual basis for his claims in complete, responsive, verified answers to these interrogatories and to
2  supply a verification for the substantive answer to other interrogatories served November 21, 2007.

### Rule 34 - Request for Production of Documents

4  Defendant County of Lake propounded nine separate document requests to the plaintiff.
5  There is no dispute between the parties that the documents requested are subject to production by the
6  plaintiff. While plaintiff did respond with objections to some of the requests, notwithstanding any
7  objection, plaintiff indicated he would produce responsive documents. That representation was
8  made November 21, 2007. In the 60 days that have elapsed since that representation, not one
9  document has been produced.

10  Prior to the discovery responses plaintiff produced documents in connection with his Rule
11  26(a) disclosure. Since the date of the discovery responses plaintiff has made no supplemental
12  disclosure and plaintiff has made no effort to identify which, if any, of the previously produced
13  documents are responsive to the Rule 34 request.

14  Sufficient time has now elapsed to indicate that plaintiff will continue to delay production of
15  documents indefinitely without intervention by the court and an order compelling his compliance.

### CONCLUSION

17  Based on the foregoing, defendant respectfully requests this court issue an order compelling
18  the plaintiff to provide a verification for answer to interrogatories served November 21, 2007, to
19  provide complete, responsive, verified answers to interrogatories numbers 14, 16, 18, 19 and 20, and
20  to produce documents pursuant to defendants' Fed.R.Civ.P. 34 request within 10 days.

21  Dated:    February 4, 2008

22                                       JONES & DYER

24  By:    /s/ Mark A. Jones
         MARK A. JONES,
25       Attorneys for County of Lake, Lake County
         Sheriff's Office, Matthew Wristen and Emil
         Devincenzi