1  **JONES & DYER**
   **A Professional Corporation**
2  **1800 J Street**
   **Sacramento, California 95811**
3  **Telephone: (916) 552-5959**
   **Fax: (916) 442-5959**
4
   **MARK A. JONES, State Bar #96494**
5  **KRISTEN K. PRESTON, State Bar #125455**

6  Attorneys for: Defendants County of Lake, Lake County Sheriff's Office, Matthew
                  Wristen and Emil Devincenzi
7

8
                    IN THE UNITED STATES DISTRICT COURT
9
                    NORTHERN DISTRICT OF CALIFORNIA
10

11 | MICHAEL BRAINERD | ) NO. C 07 2663 EDL |
   |                  | )                    |
12 |         Plaintiff, | ) **DECLARATION OF KRISTEN K.** |
   |                    | ) **PRESTON IN SUPPORT OF** |
13 | vs.                | ) **DEFENDANTS' MOTION TO** |
   |                    | ) **COMPEL DISCOVERY RESPONSES** |
14 | COUNTY OF LAKE; LAKE COUNTY | ) (F.R.C.P. 37- |
   | SHERIFF'S OFFICE; and DOES 1 through 50, | ) |
15 | inclusive, | ) Date:   March 4, 2008 |
   |            | ) Time:   9:00 a.m. |
16 |            | ) Courtroom E, 15th Floor |
   |         Defendants. | ) Judge: Hon. Elizabeth Laporte |
17

18 _____

19

20        I, KRISTEN K. PRESTON, declare as follows:

21        I am an attorney licensed to practice in all of the courts of the State of California and

22 admitted to practice in the United States District Court in and for the Northern District of California.

23 I am associated with the Law Offices of Jones & Dyer, counsel of record for the defendants herein. I

24 have personal knowledge of the matters stated herein and if called upon to testify thereto, could and

25 would testify competently thereto.

26        1.    On September 24, 2007, I caused to be served on the plaintiff written discovery,

27 including interrogatories pursuant to Federal Rules of Civil Procedure 33 and request for production

28 of documents pursuant to Federal Rules of Civil Procedure 34.  Plaintiff requested an extension

1 within which to respond to these written discovery requests. That request was granted.

2. Ultimately, on November 14, 2007, plaintiff requested an additional extension of time to respond to these discovery requests, which was also granted.

3. On or about November 28, 2007, plaintiff's responses to request for production of documents and interrogatories were received in my office. These responses were accompanied by a proof of service by mail dated November 21, 2007. No verification accompanied the responses to interrogatories; rather, the responses indicated "Verification to Follow." No verification was received.

4. No documents were produced by plaintiff in response to the FRCP 34 request.

5. On or about December 3, 2007, I caused correspondence to be sent to David M. Poore on behalf of the plaintiff requesting further responses to Interrogatories Nos. 14, 16, 18, 19 and 20. Inasmuch as the initial responses failed to comply with Civil Local Rule 33-1, I also requested that the further responses comply with this local rule and that Mr. Brainerd provide a verification for his responses. I requested responses not later than December 18, 2007. Attached hereto and incorporated herein by reference as Exhibit A is a true and correct copy of the correspondence directed to Mr. Poore. No response was received to this correspondence.

6. On or about December 11, 2007, the parties jointly filed a Further Case Management Conference Statement in compliance with this court's order to do so in advance of a December 18, 2007 status conference. In that statement, plaintiff represented to the court that "Defendant has propounded written discovery to plaintiff. Plaintiff has responded with answers and objections. Plaintiff has just received a meet and confer letter regarding said responses and is in the process of responding." Subsequent to that representation, no response was received to the December 3, 2007 meet and confer letter and no attempt was made on behalf of plaintiff to meet and confer.

7. On or about January 14, 2008, correspondence was directed to David Poore on behalf of the plaintiff referencing the December 3, 2007 correspondence and noting that no responses and no verification had been received. Mr. Poore was asked to contact me not later than January 22, 2008 to meet and confer on these further responses or, alternatively, to provide a time estimate as to when the further responses would be received. A true and correct copy of this correspondence is

1  attached hereto and incorporated herein by reference as Exhibit B . No response has ever been
2  received from Mr. Poore to this correspondence.

3        8.    Hearing nothing from Mr. Poore by January 22, 2008, on January 23, 2008, at
4  approximately 4:00 p.m. I caused an email correspondence to be directed to Mr. Poore suggesting a
5  telephone conference on January 24, 2008 at 3:00 p.m. in order to meet and confer regarding the
6  discovery responses. No response was received from Mr. Poore. I attempted to contact Mr. Poore at
7  3:00 p.m. on January 24, 2008 by telephone. I was told he was not in the office. I left a detailed
8  message concerning the reason for the call and requesting that he return my telephone call. Mr. Poore
9  did not return my call.

10        9.    Mr. Poore did send an email correspondence on January 24, 2008 suggesting a
11  conference on the afternoon of January 28, 2008. This proposed date and time conflicted with a
12  previously-scheduled court appearance in another matter. I notified Mr. Poore by email of my
13  inability to engage in a conference as he proposed. I detailed the anticipated content of a conference,
14  and requested Mr. Poore contact me either by telephone or email to confirm whether and when his
15  client would provide discovery responses. A true and correct copy of the aforementioned email
16  exchanges is attached hereto as Exhibit C. Mr. Poore did not respond to this email. I telephoned Mr.
17  Poore on January 29 and January 30, 2008 and left messages for him. Mr. Poore did not respond to
18  these calls.

19        10.    As of the date of this declaration, the plaintiff has failed to respond to any attempt to
20  engage in a conference to meet and confer concerning responses to written discovery. The plaintiff
21  has failed to provide further responses. The plaintiff has failed to provide a verification for his
22  interrogatories. The plaintiff has failed to produce documents as indicated in his response to the
23  request for production. Inasmuch as the court has ordered the parties to complete mediation not
24  later than March 17, 2008, and in view of the failure of plaintiff's counsel to respond to good faith
25  efforts to meet and confer and plaintiff's failure to provide discovery responses, defendant had no
26  alternative other than to pursue this motion and an order compelling plaintiff's response.

27      I declare under penalty of perjury under the laws of the United States that the foregoing is
28  true and correct. Executed this 4th day of February 2008 at Sacramento, California.

| | |
|---|---|
| 1 | /s/ Kristen K. Preston |
| 2 | KRISTEN K. PRESTON |

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DECLARATION IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES**
**CASE NO. C 07 2663 EDL**