1  JONES & DYER
   A Professional Corporation
2  1800 J Street
   Sacramento, California 95811
3  Telephone: (916) 552-5959
   Fax: (916) 442-5959
4
   MARK A. JONES, State Bar #96494
5  KRISTEN K. PRESTON, State Bar #125455

6  Attorneys for: Defendants County of Lake, Lake County Sheriff's Office, Matthew
                  Wristen and Emil Devincenzi
7

8
                       IN THE UNITED STATES DISTRICT COURT
9
                       NORTHERN DISTRICT OF CALIFORNIA
10

11 MICHAEL BRAINERD                    ) NO. C 07 2663 EDL
                                       )
12                     Plaintiff,      ) EXHIBITS A, B & C TO
                                       ) DEFENDANTS' MOTION TO
13 vs.                                 ) COMPEL DISCOVERY RESPONSES
                                       ) (F.R.C.P. 37-
14 COUNTY OF LAKE; LAKE COUNTY         )
   SHERIFF'S OFFICE; and DOES 1 through 50, ) Date:    March 4, 2008
15 inclusive,                          ) Time:    9:00 a.m.
                                       ) Courtroom E, 15th Floor
16                                     ) Judge: Hon. Elizabeth Laporte
                       Defendants.     )
17                                     )
                                       )
18 _____

19

20

21

22

23

24

25

26

27

28

EXHIBITS A, B. & C TO KRISTEN K. PRESTON DECLARATION
CASE NO. C 07 2663 EDL

-1-

LAW OFFICES OF
# JONES & DYER
A PROFESSIONAL CORPORATION
1800 J STREET
SACRAMENTO, CA 95811

(916) 552-5959
(916) 442-5959 (FAX)

email:j-d@jonesdyer.com

December 3, 2007

David M. Poore
KAHN BROWN & POORE LLP
755 Baywood Drive, Suite 185
Petaluma, CA 94954

Re:   Brainerd v. County of Lake

Dear Mr. Poore:

I am in receipt of your client's unverified responses to our written discovery requests. We anticipate you are in the process of obtaining Mr. Brainerd's verficiation. Please provide this as soon as possible.

When you provide the verification, we would appreciate obtaining further responses to the following discovery requests:

Special Interrogatory 14: This interrogatory seeks any facts now known to your client upon which he bases his contention that the alleged unlawful arrest in violation of his constitutional rights constitute a pattern, practice, custom and policy of violations of the civil rights laws of the United States, 42 U.S.C. sections 1983 and 1985. This is an allegation contained within your client's complaint. Clearly, the facts underlying this claim are not subject to the attorney client privilege. Neither is the interrogatory "premature." If your client currently has no facts upon which to base this contention, that is an appropriate response. Obviously, that does not preclude his ability to pursue discovery in support of this allegation.

Special Interrogatory 16: This interrogatory seeks facts upon which your client supports his contention that the alleged unlawful search and seizure in violation of his constitutional rights constitute a pattern, practice, custom and policy of violation of the civil rights laws of the United States, 42 U.S.C. sections 1983 and 1985. This is an allegation set forth in your client's complaint. Clearly, facts supporting this allegation are not protected by the attorney client privilege. The interrogatory seeks all presently-known facts supporting this allegation. In the event your client has no facts supporting this allegation, that is an appropriate response. Certainly, this does not preclude his ability to discover potential bases for his claim.

**Exhibit A**

Special Interrogatory 18: This interrogatory seeks all facts upon which your client contends that the alleged due process violation constitutes a pattern, practice, custom and policy of violation of the civil rights laws of the United States, 42 U.S.C. sections 1983 and 1985. This is an allegation set forth in your client's complaint. Clearly, facts supporting this allegation are not protected by the attorney client privilege. Your client has an obligation to respond with any facts now known to him. In the event your client has no facts supporting this allegation, that is an appropriate response and does not preclude his ability to discover potential bases for his claim.

Special Interrogatory 19: This interrogatory seeks all facts supporting your client's contention that the defendant was deliberately indifferent to his serious medical needs while he was in custody. These are facts that are known only to your client. Obviously, they are not dependent upon any discovery. Facts supporting this contention are clearly not protected by the attorney client privilege and, unless your client intends to withdraw this claim, he has an obligation to identify all facts supporting it. If he currently has no facts in support of this claim, that is an appropriate response. Such a response will not preclude Mr. Brainerd in his ability to discover any basis that may exist for this claim.

Special Interrogatory 20: This interrogatory seeks facts supporting your client's claim that the actions or failures related to medical treatment against the defendant constitutes a pattern, practice, custom and policy of violations of the civil rights laws of the United States, 42 U.S.C. sections 1983 and 1985. Again, this is an allegation set forth in your client's complaint. Facts supporting this allegation are clearly not protected by the attorney client privilege. Unless your client intends to withdraw this claim, it is appropriate for the defendant to request disclosure of all facts supporting the claim. If your client currently has no facts in support of this claim, that is an appropriate response. This will not preclude Mr. Brainerd from pursuing discovery of some potential bases to support his claim.

In your further responses, we would ask that you comply with Local Rule 33-1 as this will assist the court in the event we need to seek assistance in obtaining complete responses.

We would like to resolve this discovery matter in advance of the case management conference scheduled for December 18, 2007. Therefore, we would ask that you provide further responses by that time or, alternatively, indicate your intention to not provide further responses so that we may seek the court's assistance in resolving this matter.

**Exhibit A**

David M. Poore
Re: Brainerd v. County of Lake
December 3, 2007
Page 3

        Should you have any questions or wish to discuss this matter, please feel free to give me a call.

                                Very truly yours,

                                KRISTEN K. PRESTON

KKP/mam

cc:    Richard R. Reza

H:\MAJ.cases\Brainerd v. Lake County\Poore.12-03-07.wpd

**Exhibit A**

LAW OFFICES OF

# JONES & DYER

(916) 552-5959
(916) 442-5959 (FAX)

A PROFESSIONAL CORPORATION
1800 J STREET
SACRAMENTO, CA 95811

email:j-d@jonesdyer.com

January 14, 2008

David M. Poore
KAHN BROWN & POORE LLP
755 Baywood Drive, Suite 185
Petaluma, CA 94954

Re:   Brainerd v. County of Lake

Dear Mr. Poore:

On December 3, 2007, we sent a request for further responses to written discovery. We also requested that Mr. Brainerd provide a verification pursuant to Federal Rules of Civil Procedure, Rule 33(b)(1). I have just reviewed my file and it does not appear that we have had any response from you to the December 3, 2007 correspondence. We have not received the further responses requested and it does not appear that we have Mr. Brainerd's verification.

In compliance with Judge Laporte's standing order regarding discovery procedures and the local rules, we are making another attempt, in good faith, to meet and confer concerning these discovery responses. With the presently imposed mediation deadline, time is of the essence in resolving these discovery matters. Therefore, we would ask that you contact me not later than January 22, 2008 and indicate whether further responses will be provided. We would also ask for some time estimate as to when we might expect these further responses.

We note from the representations that you made to the court in the most recent case management conference statement that a supplemental disclosure was to be made on behalf of the plaintiff in advance of the December 18, 2007 conference. Our file does not reflect that a supplemental disclosure was ever received.

I have asked my assistant to contact your office to arrange a mutually convenient date for the deposition of Mr. Brainerd. We will notice the deposition for an office in Napa. We will need to have the complete responses to written discovery requests in advance of the deposition.

H:\MAJ.cases\Brainerd v. Lake County\Poore.01-14-08.wpd

**Exhibit B**

David M. Poore
Re: Brainerd v. County of Lake
January 14, 2008
Page 2

Thank you for your attention to this matter. I look forward to hearing from you.

Very truly yours,

KRISTEN K. PRESTON

KKP/mam

H:\MAJ.cases\Brainerd v. Lake County\Poore.01-14-08.wpd

**Exhibit B**

**Kristen Preston**

**From:** Kristen Preston [kpreston@jonesdyer.com]
**Sent:** Friday, January 25, 2008 7:57 AM
**To:** 'dpoore@kahnbrownlaw.com'
**Subject:** RE: Brainerd LR37-1 Conference

David,

Thank you for responding.

We have a mediation coming up on this case. We need to get your client's deposition taken before the mediation. We cannot do that without his responses to the written discovery. We have been patiently waiting since early December either to receive further responses or to hear from you that there will be no further response. My assistant also informs me that she has called your office for deposition dates without response. These items would be the topics for a Rule 37 conference. I cannot imagine it would take more than 10-15 minutes, if that.

With the pending time constraints, I need to move this along. Monday and Tuesday of next week are bad for me. So perhaps a good place for us to start would be for you to let me know the following today:
1. Will you provide the further responses requested in our December 3, 2007 letter? If so, when?
2. Will your client provide a verification? If so, when?
3. Will you produce the documents referenced in your Rule 34 response? If so, when?
4. When will we receive the Rule 26 disclosure you referenced in the statement for the 12-18-07 CMC?
5. What are available dates for your client's deposition? We intend to take the deposition in Napa.

You can either respond by e-mail, if that is more comfortable for you, or give me a call.

Thanks,
Kristen Preston
Jones & Dyer
(916) 552-5959
(916) 442-5959 Fax

CONFIDENTIALITY NOTICE
This communication and any accompanying document(s) are confidential and may be privileged. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privilege as to this communication or otherwise. If you have received this communication in error, please contact me at the above Internet address or by telephone at (916) 552-5959. Thank you.

**From:** David Poore [mailto:dpoore@kahnbrownlaw.com]
**Sent:** Thursday, January 24, 2008 4:33 PM
**To:** kpreston@jonesdyer.com
**Cc:** 'Mary Alice Myers'
**Subject:** RE: Brainerd LR37-1 Conference

Kristen,

This week is very bad for me. I am available in the afternoon on Monday, January 28, or potentially Tuesday. Let me know.

1/30/2008

**Exhibit C**

Thanks.

David M. Poore
Kahn Brown & Poore LLP
755 Baywood Drive, Suite 185
Petaluma, California 94954
Tele: (707) 763-7100
Fax: (707) 763-7180
dpoore@kahnbrownlaw.com
Main Office: Emeryville, California

---

**From:** Kristen Preston [mailto:kpreston@jonesdyer.com]
**Sent:** Wednesday, January 23, 2008 3:53 PM
**To:** 'David M. Poore'
**Cc:** 'Mary Alice Myers'
**Subject:** Brainerd LR37-1 Conference

David,

I have not received a response to my letter of December 18, 2007. In view of the upcoming mediation deadline, we need to move ahead with discovery. I would like to schedule a telephone conference this week so that we can meet and confer regarding the further responses, verification of responses, and the deposition date.

I asked you to contact me at your convenience by January 22, 2008; you were apparently unavailable to respond. Therefore, I propose that we schedule a specific date and time for the conference. Please let me know whether you are available at 3 p.m. tomorrow, January 24, 2008, to confer on these issues by telephone. Alternatively, you could just indicate whether your client will provide a verification and further responses as requested and a date by which that will occur.

Thanks,
Kristen Preston
Jones & Dyer
(916) 552-5959
(916) 442-5959 Fax

CONFIDENTIALITY NOTICE
This communication and any accompanying document(s) are confidential and may be privileged. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privilege as to this communication or otherwise. If you have received this communication in error, please contact me at the above Internet address or by telephone at (916) 552-5959. Thank you.

1/30/2008

**Exhibit C**