1   **JONES & DYER**
    **A Professional Corporation**
2   **1800 J Street**
    **Sacramento, California 95811**
3   **Telephone:  (916) 552-5959**
    **Fax: (916) 442-5959**
4

5   **MARK A. JONES, State Bar #96494**
    **KRISTEN K. PRESTON, State Bar #125455**

6   Attorneys for: Defendant County of Lake, Lake County Sheriff's Office, Matthew
                     Wristen and Emil Devincenzi
7

8

              IN THE UNITED STATES DISTRICT COURT
9

              NORTHERN DISTRICT OF CALIFORNIA
10

11   MICHAEL BRAINERD         ) NO.  C 07 2663 EDL
                            )
12               Plaintiff,   ) **SEPARATE STATEMENT OF**
                            ) **DISCOVERY REQUESTS AND**
13   vs.                       ) **RESPONSES IN SUPPORT OF**
                            ) **MOTION TO COMPEL FURTHER**
14   COUNTY OF LAKE; LAKE COUNTY ) **RESPONSES TO**
    SHERIFF'S OFFICE; and DOES 1 through 50, ) **INTERROGATORIES AND**
15   inclusive,              ) **PRODUCTION OF DOCUMENTS**
                            ) **(Local Rule 37-2)**
16                             )
              Defendants.  ) **Date:  March 4, 2008**
17                             ) **Time:  9:00 a.m.**
                            ) **Courtroom E, 15th Floor**
18   _____  **Judge: Hon. Elizabeth Laporte**

19

20         Come now defendants and in compliance with Civil Local Rule 37-2 set forth in full the

21   discovery responses and responses and contentions regarding requested discovery sought by

22   defendants' motion to compel.

23       **Interrogatory No. 14:**  If plaintiff contends that the alleged unlawful arrest and violation of

24   plaintiff's constitutional rights constitute a pattern, practice, custom and policy of violations of the

25   Civil Rights Laws of the United States, 42 U.S.C. Section 1983 and 1985, state each and every fact

26   upon which plaintiff bases this contention, including specific reference to the alleged pattern,

27   practice, custom and policy to which plaintiff's contention relates.

28       **Response to Interrogatory No. 14:**  Objection.  This interrogatory is vague, ambiguous and

1    overbroad.  This interrogatory seeks information that is protected by the attorney client

2    communication privilege.  This interrogatory further seeks information that is protected under the

3    attorney work product doctrine.  Moreover, this interrogatory is compound and contains

4    impermissible subparts.   This interrogatory is also premature in that it is a contention interrogatory

5    that seeks "all" information when discovery has only recently commenced and there has been no

6    deposition or responses to written discovery.

7        **Basis for Defendant's Contention That it Is Entitled to Requested Discovery:**

8        These are the first and only interrogatories propounded to the plaintiff in this case.  The

9    interrogatories are not cumulative or duplicative.  This interrogatory seeks plaintiff's factual support

10   for contentions made in his complaint.  Plaintiff is the only source of this information.

11       The objections are not well taken.  None of the information sought is subject to the attorney

12   client privilege or work product protection.  This interrogatory seeks facts ***now known*** to the plaintiff

13   upon which he bases the contentions in his complaint.  The interrogatory is not premature.  Pursuant

14   to Fed.R.Civ.P. 11, plaintiff is required to have some factual basis for the allegations contained in his

15   complaint and plaintiff is requested in this interrogatory to identify that factual basis for this specific

16   contention that he was subject to "unlawful arrest."

17       The interrogatory is not compound and contains no subparts.  The contention specifically

18   addresses the substance of plaintiff's claim set forth in the first cause of action in his complaint

19   against this asking defendant. Plaintiff's other objections are boilerplate and improper.  (U.S. ex

20   rel.O'Connell v. Chapman University, 245 F.R.D. 646, 649-650 (C.D. Cal. 2007).)

21       **Interrogatory No. 16:**   If plaintiff contends that the alleged unlawful search and seizure and

22   violation of plaintiff's constitutional rights constitute a pattern, practice, custom and policy of

23   violations of the Civil Rights Laws of the United States, 42 U.S.C. Section 1983 and 1985, state each

24   and every fact upon which plaintiff bases this contention, including specific reference to the alleged

25   pattern, practice, custom and policy to which plaintiff's contention relates.

26       **Response to Interrogatory No. 16:**   Objection.  This interrogatory is vague, ambiguous,

27   and overbroad.  This interrogatory seeks information that is protected by the attorney client

28   communication privilege.  This interrogatory further seeks information that is protected under the

1  attorney work product doctrine.  Moreover, this interrogatory is compound and contains

2  impermissible subparts.   This interrogatory is also premature in that it is a contention interrogatory

3  that seeks "all" information when discovery has only recently commenced and there has been no

4  deposition or responses to written discovery.

5         **Basis for Defendant's Contention That it Is Entitled to Requested Discovery:**

6         These are the first and only interrogatories propounded to the plaintiff in this case.  The

7  interrogatories are not cumulative or duplicative.  This interrogatory seeks plaintiff's factual support

8  for contentions made in his complaint.  Plaintiff is the only source of this information.

9         The objections are not well taken.  None of the information sought is subject to the attorney

10  client privilege or work product protection.  This interrogatory seeks facts ***now known*** to the plaintiff

11  upon which he bases the contentions in his complaint. The interrogatory is not premature.  Pursuant

12  to Fed.R.Civ.P. 11, plaintiff is required to have some factual basis for the allegations contained in his

13  complaint and plaintiff is requested in this interrogatory to identify that factual basis for this specific

14  contention that he was subject to "unreasonable search and seizure."

15         The interrogatory is not compound and contains no subparts.  The contention specifically

16  addresses the substance of plaintiff's claim set forth in the second cause of action in his complaint

17  against this asking defendant.  Plaintiff's other objections are boilerplate and improper.  (U.S. ex

18  rel.O'Connell v. Chapman University, 245 F.R.D. 646, 649-650 (C.D. Cal. 2007).)

19         **Interrogatory No. 18:**   If plaintiff contends that the alleged due process violation constitutes

20  a pattern, practice, custom and policy of violations of the Civil Rights Laws of the United States, 42

21  U.S.C. Section 1983 and 1985, state each and every fact upon which plaintiff bases this contention,

22  including specific reference to the alleged pattern, practice, custom and policy to which plaintiff's

23  contention relates.

24         **Response to Interrogatory No. 18:**   Objection.  This interrogatory is vague, ambiguous,

25  and overbroad.  This interrogatory seeks information that is protected by the attorney client

26  communication privilege.  This interrogatory further seeks information that is protected under the

27  attorney work product doctrine.  Moreover, this interrogatory is compound and contains

28  impermissible subparts.   This interrogatory is also premature in that it is a contention interrogatory

1  that seeks "all" information when written discovery has only recently commenced and there has been

2  no deposition or responses to written discovery.

3  **Basis for Defendant's Contention That it Is Entitled to Requested Discovery:**

4  These are the first and only interrogatories propounded to the plaintiff in this case.  The

5  interrogatories are not cumulative or duplicative.  This interrogatory seeks plaintiff's factual support

6  for contentions made in his complaint.  Plaintiff is the only source of this information.

7  The objections are not well taken.  None of the information sought is subject to the attorney

8  client privilege or work product protection.  This interrogatory seeks facts ***now known*** to the plaintiff

9  upon which he bases the contentions in his complaint. The interrogatory is not premature.  Pursuant

10  to Fed.R.Civ.P. 11, plaintiff is required to have some factual basis for the allegations contained in his

11  complaint and plaintiff is requested in this interrogatory to identify that factual basis for this specific

12  contention.

13  The interrogatory is not compound and contains no subparts.  The contention specifically

14  addresses the substance of plaintiff's claim set forth in the third cause of action in his complaint

15  against this asking defendant. Plaintiff's other objections are boilerplate and improper.  (<u>U.S. ex</u>

16  <u>rel.O'Connell v. Chapman University</u>, 245 F.R.D. 646, 649-650 (C.D. Cal. 2007).)

17  **Interrogatory No. 19:**   If plaintiff contends that defendant was deliberately indifferent to

18  any serious medical need of plaintiff while plaintiff was in custody, please state each and every fact

19  upon which plaintiff bases this contention, including specific reference to exact nature of plaintiff's

20  serious medical need, the treatment plaintiff alleges was warranted, and the facts upon which

21  plaintiff claims that defendant was deliberately indifferent.

22  **Response to Interrogatory No. 19:**   Objection.  This interrogatory is vague, ambiguous,

23  and overbroad.  This interrogatory seeks information that is protected by the attorney client

24  communication privilege.  This interrogatory further seeks information that is protected under the

25  attorney work product doctrine.  Moreover, this interrogatory is compound and contains

26  impermissible subparts.   This interrogatory is also premature in that it is a contention interrogatory

27  that seeks "all" information when written discovery has only recently commenced and there has been

28  no deposition or responses to written discovery.

1    **Basis for Defendant's Contention That it Is Entitled to Requested Discovery:**

2        These are the first and only interrogatories propounded to the plaintiff in this case.  The

3    interrogatories are not cumulative or duplicative.  This interrogatory seeks plaintiff's factual support

4    for contentions made in his complaint.  Plaintiff is the only source of this information.

5        The objections are not well taken.  None of the information sought is subject to the attorney

6    client privilege or work product protection.  This interrogatory seeks facts ***now known*** to the plaintiff

7    upon which he bases the contentions in his complaint. The interrogatory is not premature.  Pursuant

8    to Fed.R.Civ.P. 11, plaintiff is required to have some factual basis for the allegations contained in his

9    complaint and plaintiff is requested in this interrogatory to identify that factual basis for this specific

10   contention.     Plaintiff alleges that the public entities, including the County of Lake and the County

11   of Lake Sheriff's Department were deliberately indifferent.  Defendant is entitled to recover the

12   specific factual bases for this claim, including the individual(s) the plaintiff contends was

13   deliberately indifferent, plaintiff's alleged "serious medical need," and other facts supportive of this

14   contention.

15       The interrogatory is not compound and contains no subparts.  The contention specifically

16   addresses the substance of plaintiff's claim set forth in the fourth cause of action in his complaint

17   against this asking defendant. Plaintiff's other objections are boilerplate and improper.  (U.S. ex

18   rel.O'Connell v. Chapman University, 245 F.R.D. 646, 649-650 (C.D. Cal. 2007).)

19       **Interrogatory No. 20:**    If plaintiff contends that the actions and failures related to medical

20   treatment plaintiff alleges against defendants constitutes a pattern, practice, custom and policy of

21   violations of the Civil Rights Laws of the United States, 42 U.S.C. Section 1983 and 1985, state each

22   and every fact upon which plaintiff bases this contention, including specific reference to the alleged

23   pattern, practice, custom and policy to which plaintiff's contention relates.

24       **Response to Interrogatory No. 20:**    Objection.  This interrogatory is vague, ambiguous,

25   and overbroad.  This interrogatory seeks information that is protected by the attorney client

26   communication privilege.  This interrogatory further seeks information that is protected under the

27   attorney work product doctrine.  Moreover, this interrogatory is compound and contains

28   impermissible subparts.   This interrogatory is also premature in that it is a contention interrogatory

1   that seeks "all" information when discovery has only recently commenced and there has been no

2   deposition or responses to written discovery.

3   **Basis for Defendant's Contention That it Is Entitled to Requested Discovery:**

4   These are the first and only interrogatories propounded to the plaintiff in this case.  The

5   interrogatories are not cumulative or duplicative.  This interrogatory seeks plaintiff's factual support

6   for contentions made in his complaint.  Plaintiff is the only source of this information.

7   The objections are not well taken.  None of the information sought is subject to the attorney

8   client privilege or work product protection.  This interrogatory seeks facts ***now known*** to the plaintiff

9   upon which he bases the contentions in his complaint. The interrogatory is not premature.  Pursuant

10  to Fed.R.Civ.P. 11, plaintiff is required to have some factual basis for the allegations contained in his

11  complaint and plaintiff is requested in this interrogatory to identify that factual basis for this specific

12  contention.

13  The interrogatory is not compound and contains no subparts. The contention specifically

14  addresses the substance of plaintiff's claim set forth in the fourth cause of action in his complaint

15  against this asking defendant.  Plaintiff's other objections are boilerplate and improper.  (<u>U.S. ex

16  rel.O'Connell v. Chapman University</u>, 245 F.R.D. 646, 649-650 (C.D. Cal. 2007).)

17  **<u>FED.R.CIV.P. 34 - REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

18  **Request for Production No. 1:**   Plaintiff's personnel records regarding his termination,

19  including pay and benefit records at the time of termination.

20  **<u>Response to Request for Production No.1:</u>**

21  All responsive documents within plaintiff's possession, custody, and/or control will be

22  produced.

23  **Basis for Defendant's Contention That it Is Entitled to Requested Discovery:**

24  Plaintiff represents that documents "will be produced."  As of the date of this motion, no

25  documents have been produced.  Plaintiff made a single disclosure pursuant to Fed.R.Civ.P 26(a),

26  including production of documents pre-dating this discovery response.  Plaintiff has failed to

27  produce any additional documents or identify which, if any, of the documents produced in

28  connection with the Rule 26 disclosure are responsive to this request.  Plaintiff alleges in his

1  complaint that he was terminated from his job as a result of defendant's alleged wrongful conduct

2  and includes loss of pay and benefits as a component of his damages.  Defendant is entitled to

3  conduct discovery concerning the validity of these claims.

4      **Request for Production No. 2:**

5      The Civil Service Commission for the City of Ukiah's determination regarding plaintiff's

6  termination.

7      **Response to Request for Production No. 2:**

8      All responsive documents within plaintiff's possession, custody, and/or control will be

9  produced.

10      **Basis for Defendant's Contention That it Is Entitled to Requested Discovery:**

11      Plaintiff represents that documents "will be produced."  As of the date of this motion, no

12  documents have been produced.  Plaintiff made a single disclosure pursuant to Fed.R.Civ.P 26(a),

13  including production of documents pre-dating this discovery response.  Plaintiff has failed to

14  produce any additional documents or identify which, if any, of the documents produced in

15  connection with the Rule 26 disclosure are responsive to this request. Plaintiff alleges in his

16  complaint that he was terminated from his job as a result of defendant's alleged wrongful conduct.

17  Defendant is entitled to conduct discovery concerning the validity of these claims.

18      **Request for Production No. 3:**

19      The unemployment file of plaintiff.

20      **Response to Request for Production No. 3:**

21      All responsive documents within plaintiff's possession, custody, and/or control will be

22  produced.

23      **Basis for Defendant's Contention That it Is Entitled to Requested Discovery:**

24      Plaintiff represents that documents "will be produced."  As of the date of this motion, no

25  documents have been produced.  Plaintiff made a single disclosure pursuant to Fed.R.Civ.P 26(a),

26  including production of documents pre-dating this discovery response.  Plaintiff has failed to

27  produce any additional documents or identify which, if any, of the documents produced in

28  connection with the Rule 26 disclosure are responsive to this request.  Plaintiff alleges in his

1   complaint that he was terminated from his job as a result of defendant's alleged wrongful conduct

2   and includes loss of pay and benefits as a component of his damages.  Defendant is entitled to

3   conduct discovery concerning the validity of these claims.

4          **Request for Production No. 4:**

5          Plaintiff's medical records pertaining to conditions for which plaintiff contends defendant

6   failed to provide treatment.

7          **Response to Request for Production No.4:**

8          Objection.  The request is vague, ambiguous, and overbroad.  This request seeks information

9   that is protect4ed by plaintiff's right to medical privacy, and is not narrowly tailored to any time

10  period or any definition of "conditions."  Without waiving those objections, plaintiff responds as

11  follows: All relevant non-privileged documents within plaintiff's possession, custody, and/or control

12  will be produced.

13         **Basis for Defendant's Contention That it Is Entitled to Requested Discovery:**

14         Plaintiff represents that documents "will be produced."  As of the date of this motion, no

15  documents have been produced.  Plaintiff made a single disclosure pursuant to Fed.R.Civ.P 26(a),

16  including production of documents pre-dating this discovery response.  Plaintiff has failed to

17  produce any additional documents or identify which, if any, of the documents produced in

18  connection with the Rule 26 disclosure are responsive to this request.  Plaintiff alleges in his

19  complaint that he suffered from a long-standing medical problem for which the defendant denied

20  him treatment.  Defendant is entitled to conduct discovery concerning the validity of this claim.

21         **Request for Production No. 5:**

22         Any and all documents supporting plaintiff's wage loss claim.

23         **Response to Request for Production No. 5:**

24         All responsive documents within plaintiff's possession, custody, and/or control will be

25  produced.

26         **Basis for Defendant's Contention That it Is Entitled to Requested Discovery:**

27         Plaintiff represents that documents "will be produced."  As of the date of this motion, no

28  documents have been produced.  Plaintiff made a single disclosure pursuant to Fed.R.Civ.P 26(a),

1  including production of documents pre-dating this discovery response.  Plaintiff has failed to

2  produce any additional documents or identify which, if any, of the documents produced in

3  connection with the Rule 26 disclosure are responsive to this request.  Plaintiff alleges in his

4  complaint that he was terminated from his job as a result of defendant's alleged wrongful conduct

5  and includes loss of pay and benefits as a component of his damages.  Defendant is entitled to

6  conduct discovery concerning the validity of these claims.

7          **Request for Production No. 6.**

8          Any and all documents supporting plaintiff's claim of future diminished earning capacity.

9          **Response to Request for Production No. 6:**

10         All responsive documents within plaintiff's possession, custody, and/or control will be

11 produced.

12         **Basis for Defendant's Contention That it Is Entitled to Requested Discovery:**

13         Plaintiff represents that documents "will be produced."  As of the date of this motion, no

14 documents have been produced.  Plaintiff made a single disclosure pursuant to Fed.R.Civ.P 26(a),

15 including production of documents pre-dating this discovery response.  Plaintiff has failed to

16 produce any additional documents or identify which, if any, of the documents produced in

17 connection with the Rule 26 disclosure are responsive to this request.  Plaintiff alleges in his

18 complaint that he was terminated from his job as a result of defendant's alleged wrongful conduct

19 and includes future loss of earnings as a component of his damages.  Defendant is entitled to conduct

20 discovery concerning the validity of these claims.

21         **Request for Production No. 7:**

22         Any and all records and documents reflecting medical expenses and lost benefits claimed by

23 plaintiff.

24         **Response to Request for Production No. 7:**

25         Objection.  This request is vague, ambiguous and compound with respect to both "medical

26 expenses" and "lost benefits."  Without waiving such objections, plaintiff responds as follows: All

27 responsive documents within plaintiff's possession, custody, and/or control will be produced.

28         **Basis for Defendant's Contention That it Is Entitled to Requested Discovery:**

H:\MAJ.cases\Brasserd v. Lake County\Pleadings\Mot to Compel - Sep Stmt.wpd

1     Plaintiff represents that documents "will be produced." As of the date of this motion, no

2 documents have been produced. Plaintiff made a single disclosure pursuant to Fed.R.Civ.P 26(a),

3 including production of documents pre-dating this discovery response. Plaintiff has failed to

4 produce any additional documents or identify which, if any, of the documents produced in

5 connection with the Rule 26 disclosure are responsive to this request. Plaintiff alleges in his

6 complaint that "medical expenses" and "employment benefits" are components of his damages.

7 Defendant is entitled to conduct discovery concerning the validity of these claims.

8     **Request for Production No. 8:**

9     Any and all records or documents reflecting moving expenses and relocation benefits claimed

10 by the plaintiff.

11     **Response to Request for Production No. 8:**

12     All responsive documents within plaintiff's possession, custody, and/or control will be

13 produced.

14     **Basis for Defendant's Contention That it Is Entitled to Requested Discovery:**

15     Plaintiff represents that documents "will be produced." As of the date of this motion, no

16 documents have been produced. Plaintiff made a single disclosure pursuant to Fed.R.Civ.P 26(a),

17 including production of documents pre-dating this discovery response. Plaintiff has failed to

18 produce any additional documents or identify which, if any, of the documents produced in

19 connection with the Rule 26 disclosure are responsive to this request. Plaintiff contends these are

20 components of his damage. Defendant is entitled to conduct discovery concerning the validity of

21 these claims.

22     **Request for Production No. 9:**

23     Any and all records or documents evidencing damages claimed by the plaintiff.

24     **Response to Request for Production No. 9:**

25     Objection. The request is vague, ambiguous, and compound with respect to the term

26 "damages." Without waiving such objections, plaintiff responds as follows: All responsive

27 documents within plaintiff's possession, custody, and/or control will be produced.

28     **Basis for Defendant's Contention That it Is Entitled to Requested Discovery:**

1    Plaintiff represents that documents "will be produced." As of the date of this motion, no

2  documents have been produced. Plaintiff made a single disclosure pursuant to Fed.R.Civ.P 26(a),

3  including production of documents pre-dating this discovery response. Plaintiff has failed to

4  produce any additional documents or identify which, if any, of the documents produced in

5  connection with the Rule 26 disclosure are responsive to this request. Plaintiff claims damages as a

6  result of the alleged actions of defendants. Plaintiff includes in his complaint multiple components

7  of damages, including general and special monetary damages, injunctive and declaratory relief,

8  attorney's fees, and punitive damages. Defendant is entitled to conduct discovery with regard to

9  plaintiff's claimed damages.

10 DATE: February 4, 2008

                                  JONES & DYER

11

12                          By: _____/s/ Mark A. Jones_____
                                  MARK A. JONES
13                                KRISTEN K. PRESTON
                                  Attorneys for Defendants County of Lake, Lake
14                                County Sheriff's Office, Matthew Wristen and
                                  Emil Devincenzi
15

16

17

18

19

20

21

22

23

24

25

26

27

28