JONES & DYER
A Professional Corporation
1800 J Street
Sacramento, California 95811
Telephone: (916) 552-5959
Fax: (916) 442-5959

MARK A. JONES, State Bar #96494
KRISTEN K. PRESTON, State Bar #125455

Attorneys for: Defendants County of Lake, Lake County Sheriff's Office, Matthew Wristen and Emil Devincenzi

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRAINERD, <br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF LAKE; LAKE COUNTY SHERIFF'S OFFICE; and DOES 1 through 50, inclusive,<br><br>　　　　　　　Defendants. | NO. C 07 2663 EDL<br><br>[PROPOSED] ORDER GRANTING MOTION TO COMPEL DISCOVERY RESPONSES<br>(F.R.C.P. 37-<br><br>Date:　　March 4, 2008<br>Time:　　9:00 a.m.<br>Courtroom E, 15th Floor |

This matter came before the Court on defendant County of Lake's Motion for Order to Compel Discovery Responses. The Motion has been fully briefed by the parties For the reasons set forth below, defendant's Motion is GRANTED.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed this action on May 18, 2007 against the County of Lake and County of Lake Sheriff's Office, alleging causes of action based on "violations of the civil rights laws of the United States, 42 U.S.C. sections 1983 and 1985." (Docket #1) Specifically, plaintiff alleges causes of action for unlawful arrest, unreasonable search and seizure, failure to provide timely probable cause hearing, illegal incarceration/failure to provide medical treatment. (Id.) Plaintiff seeks general and special damages as well as equitable and injunctive relief, reasonable attorneys fees and costs and

punitive damages against these defendants.  Plaintiff's complaint alleges against these public entities that "defendants' actions and failures as alleged . . . constitute a pattern, practice, custom, and policy of violations of the civil rights laws of the United States, 42 U.S.C. sections 1983 and 1985. (Id.)

Plaintiff subsequently sought and was granted leave to amend his complaint to name Emil Devincenzi and Matthew Wristen as defendants.  The substance of plaintiff's complaint did not significantly change except that these individuals were identified as defendants against whom plaintiff alleges all causes of action referenced hereinabove.  (Docket #27)

On September 24, 2007, on behalf of the defendant County of Lake, interrogatories were propounded to the plaintiff.  (Preston Declaration ¶1)  These interrogatories were propounded pursuant to Federal Rules of Civil Procedure 33 and were propounded in tandem with a Request for Production of Documents pursuant to Federal Rules of Civil Procedure 34.  (Id.)

Plaintiff sought and was granted extensions to respond to discovery.  (Preston Declaration ¶2.)  On November 28, 2007, plaintiff's discovery responses were received accompanied by a proof of service dated November 21, 2007.  (Preston Declaration ¶3.)  The interrogatory responses reflected that plaintiff's verification would follow.  (Id.)  Plaintiff's Rule 34 request indicated that documents would be produced.

No verification has been received from the plaintiff and no documents were produced by plaintiff in response to the Fed. Rule of Civ. Pro. 34 request.  (Preston Declaration ¶¶ 3 and 4.)

On December 3, 2007, correspondence was directed to counsel for plaintiff requesting further responses to Interrogatories Nos. 14, 16, 18, 19 and 20.  The specific basis for entitlement to the further responses was included in the correspondence.  Plaintiff was requested to provide further responses with his verification on or before December 18, 2007.  Plaintiff was further requested to comply with Local Rule 33-1 in providing these further responses.  (Preston Declaration ¶5.)  Plaintiff did not respond to this request for further discovery. (Id.)

On December 11, 2007, a Further Joint Case Management Statement was submitted to the court on behalf of the parties.  (Docket #28) In that Statement, plaintiff represented "Defendant has propounded written discovery to plaintiff.  Plaintiff has responded with answers and objections. Plaintiff has just received a meet and confer letter regarding said responses and is in the process of

1  responding." (Docket #28, at page 5.)   Despite this representation, no response was received on
2  behalf of plaintiff.  (Preston Declaration ¶6.)

3      On or about January 14, 2008, correspondence was directed to counsel for the plaintiff again
4  seeking further responses to written discovery and referencing the December 3, 2007 letter.  In this
5  January 14, 2008 correspondence, a response was requested on or before January 22, 2008
6  concerning further discovery responses seeking an indication as to "whether further responses will be
7  provided.  We would also ask for some time estimate as to when we might expect these further
8  responses."  No response was received to this correspondence.   (Preston Declaration ¶7.)

9      In compliance with Civil Local Rule 37-2, a telephone conference was proposed with
10 plaintiff's counsel for January 24, 2008 at 3:00 p.m. in order to meet and confer concerning these
11 discovery issues. This proposal was made by email correspondence.  Alternatively, counsel for the
12 plaintiff was requested to indicate whether Mr. Brainerd would provide a verification and further
13 responses and a date by which that might occur.  On January 24, 2008 at 3:00 p.m., an attempt was
14 made to contact counsel for the plaintiff by telephone.  Mr. Poore was not in his office and a detailed
15 voicemail message was left.  No return telephone call was received.  (Preston Declaration ¶8.)

16     On January 24, 2008 at approximately 4:30 p.m Mr. Poore responded by email proposing the
17 afternoon of January 28, 2008 as an alternative for the meet and confer conference.  Mr. Poore's
18 proposal conflicted with a previously-scheduled court appearance.  As an alternative, an email
19 response from Mr. Poore was requested regarding plaintiff's intentions to respond to discovery.  No
20 response was offered on behalf of plaintiff.  Telephone messages were left with Mr. Poore on
21 January 29 and January 30, 2008 without response.  (Preston Declaration ¶9.)

22     As of the date of this declaration, the plaintiff has failed to respond to any attempt to engage
23 in a conference to meet and confer concerning responses to written discovery.  The plaintiff has
24 failed to provide further responses.  The plaintiff has failed to provide a verification for his
25 interrogatories.  The plaintiff has failed to produce documents as indicated in his response to the
26 request for production.   Inasmuch as the court has ordered the parties to complete mediation not
27 later than March 17, 2008, and in view of the failure of plaintiff's counsel to respond to good faith
28 efforts to meet and confer and plaintiff's failure to provide discovery responses, defendant had no

1  alternative other than to pursue this motion and an order compelling plaintiff's response. (Preston
2  Declaration ¶10.)

### Defendant Has Complied with Civil Local Rule 37

4  As outlined above and set forth in the declaration of Kristen K. Preston accompanying this
5  motion, defendant has made every effort to reasonably, and in good faith, meet and confer
6  concerning the written discovery requests propounded to Michael Brainerd, the further responses
7  sought, documents to be produced and the verification from Michael Brainerd required by Federal
8  Rules of Civil Procedure 33. Plaintiff has not responded to any of these attempts. Despite express
9  representations to the court that plaintiff would engage in meet and confer efforts, the plaintiff has
10 failed to do so.

11 Plaintiff has failed to meaningfully participate in any effort to meet and confer regarding
12 these discovery responses. Plaintiff sought and was granted a substantial extension of time within
13 which to initially respond to this discovery. Since the initial response, defendant has made numerous
14 efforts, as documented above and in the accompanying declaration, to address the deficiency in the
15 responses, the failure to produce documents, and the lack of verification for interrogatory responses.
16 Defendant attempted, albeit unsuccessfully, to convene a L.R. 37-2 conference. Ultimately,
17 defendant requested only that the plaintiff indicate whether he intended to provide further responses,
18 produce documents, and supply a verification and, if he did so intend, when defendant might expect
19 such responses. There was no response.

20 Since December 3, 2007, defendant has sent at least two letters and three emails and made
21 numerous telephone calls. Plaintiff has responded once.[1]

22 Responses to the discovery propounded by defendant is critical for meaningful mediation of
23 this case. Defendant intends also to complete the plaintiff's deposition prior to mediation, but

---

[1] On January 24, 2008 counsel for plaintiff sent an email in response to a request for a LR37 conference: "This week is very bad for me. I am available in the afternoon on Monday, January 28, or potentially Tuesday. Let me know." An email response was unanswered. A calendar conflict prevented a conference on the afternoon of January 28. Telephone calls to Mr. Poore the mornings of Tuesday, January 29, and Wednesday, January 30, remain unreturned.

**ORDER GRANTING MOTION TO COMPEL DISCOVERY RESPONSES**
**CASE NO. C 07 2663 EDL**

desires responses to written discovery in advance of the deposition.[2]  In view of the extended delay and plaintiff's failure to participate in any effort to meet and confer, informal resolution of these discovery matters is unlikely.  To adequately prepare for a meaningful mediation within the applicable time constraints, the court's intervention is absolutely necessary.

**Defendant Is Entitled to Further Discovery Responses**

**Fed. Rule Civ. Pro. 33 - Interrogatories**

Defendant, as a matter of right, may propound discovery to plaintiff concerning the substance of these claims. (Fed. Rule Civ. P. 26(b).)  Plaintiff, as the party answering interrogatories, must furnish 'such information as is available to [him]' (Rule 33(a)), and answer "fully in writing and under oath . . ." Rule 33(b)(1)).  Plaintiff is required to provide "'true, explicit, responsive, complete, and candid answers to interrogatories.' (Citation.)  An answer to an interrogatory must respond to question being asked." (Anderson v. Fresno County, Human Services System, Slip Copy 2007 WL 1865657 (E.D. Cal. 2007).)

Defendant Lake County propounded to plaintiff 20 interrogatories drafted in accordance with Fed.R.Civ.P. 33.  Six of these interrogatories sought information concerning the factual bases for the causes of action set forth in plaintiff's complaint against the asking defendant.  Such "contention"-type interrogatories are "permissible and acceptable under Rule 33(c)." (U.S. ex rel. O'Connell v. Chapman University, 245 F.R.D. 646 (C.D. Cal. 2007).)  Such interrogatories are not only expressly authorized by Rule 33, but have been deemed "consistent with Rule 11 of the Federal Rules of Civil Procedure, [which requires that] plaintiffs must have some factual basis for the allegations of their complaint . . ." (Id., citations omitted.)

Plaintiff served responses to these interrogatories on November 21, 2007.  Plaintiff provided no verification with his responses.  Of the six "contention" interrogatories, plaintiff answered one interrogatory.  To the remaining five, including interrogatory numbers 14, 16, 18, 19, and 20, plaintiff's response consisted entirely of objections.  Plaintiff's objections are identical to each of the interrogatories and all of the objections recited by plaintiff are without merit.

---

[2] Defendant has also solicited from plaintiff mutually convenient dates for the completion of plaintiff's deposition in Napa, California.  No dates have been supplied by plaintiff.

1    Plaintiff's assertion that each interrogatory is "vague, ambiguous and overbroad" constitute
2 improper, boilerplate objections. (U.S. ex rel. O'Connell v. Chapman University, 245 F.R.D. 646,
3 649-650 (C.D. Cal. 2007).)  A review of the complaint reflects that the content of the interrogatories
4 consistently follows the substance of plaintiff's allegations as plaintiff has set these allegations forth
5 in his complaint.  Plaintiff's assertion of these objections is tantamount to labeling the allegations of
6 his own complaint "vague, ambiguous and overbroad."

7    Plaintiff's objections based on attorney client privilege and work product protection are
8 equally improper.  Rule 33 specifically sanctions contention-type interrogatories and plaintiff's
9 iteration of the factual bases for his claims in no way invades the privilege or protection cited.
10 Indeed, plaintiff is obligated to disclose the facts and evidence of which he is aware supporting his
11 claims in the event he intends to rely on this evidence at the time of trial.

12    Plaintiff's objection that the interrogatories are compound and contain impermissible
13 subparts is entirely without merit.  The substance of each interrogatory reflects the substance of *each*
14 *individual claim* plaintiff alleges in his complaint.  There are no subparts.  Even assuming, for
15 purposes of argument, that the interrogatories are deemed to contain subparts, defendant is within the
16 limitation for the number of interrogatories it may propound.

17    Finally, plaintiff's objection that the interrogatories are "premature" lacks merit.  Plaintiff
18 makes vague and broad claims in his complaint for which he is required to have *some* factual basis.
19 In the event plaintiff can currently articulate no factual basis of support for the claims set forth in his
20 complaint, his responses must indicate this.  Otherwise, he is properly compelled to present the
21 factual basis for his claims in complete, responsive, verified answers to these interrogatories and to
22 supply a verification for the substantive answer to other interrogatories served November 21, 2007.

23    **Rule 34 - Request for Production of Documents**
24    Defendant County of Lake propounded nine separate document requests to the plaintiff.
25 There is no dispute between the parties that the documents requested are subject to production by the
26 plaintiff.  While plaintiff did respond with objections to some of the requests, notwithstanding any
27 objection, plaintiff indicated he would produce responsive documents.  That representation was
28 made November 21, 2007.  In the 60 days that have elapsed since that representation, not one

1  document has been produced.

2      Prior to the discovery responses plaintiff produced documents in connection with his Rule
3  26(a) disclosure.  Since the date of the discovery responses plaintiff has made no supplemental
4  disclosure and plaintiff has made no effort to identify which, if any, of the previously produced
5  documents are responsive to the Rule 34 request.

6      Sufficient time has now elapsed to indicate that plaintiff will continue to delay production of
7  documents indefinitely without intervention by the court and an order compelling his compliance.

8  **DETERMINATION**

9      For the foregoing reasons, the Court GRANTS the motion for order to compel responses to
10  discovery and hereby orders plaintiff to provide further responses to Interrogatory Nos. 14, 16, 18, 19
11  and 20, to produce documents in response to defendant's Fed. Rule Civ. P. Section 34 request, and to
12  provide a verification for all interrogatory responses within 10 days of the date of this order.

14  DATED: _____

16  _____
   HON. ELIZABETH LAPORTE,
17  UNITED STATES MAGISTRATE JUDGE