**David M. Poore, State Bar $192541**
**KAHN BROWN & POORE LLP**
**755 Baywood Drive, Suite 185**
**Petaluma, CA 94954**
**Telephone: (707) 763-7100**
**Fax: (707) 763-7180**

Attorneys for Plaintiff Michael Brainerd

**MARK A. JONES, State Bar #96494**
**KRISTEN K. PRESTON State Bar #125455**
**JONES & DYER**
**A Professional Corporation**
**1800 J Street**
**Sacramento, California 95811**
**Telephone:  (916) 552-5959**
**Fax: (916) 442-5959**

Attorneys for: Defendant County of Lake

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRAINERD,<br><br>                  Plaintiff,<br><br>vs.<br><br>COUNTY OF LAKE; LAKE COUNTY SHERIFF'S OFFICE; and DOES 1 through 50, inclusive,<br><br>                  Defendants. | NO.  C 07 2663 EDL<br><br>**FURTHER JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  March 11, 2008<br>Time:  9:00 a.m.<br>Location: Courtroom E, 15th Floor<br>Hon. Elizabeth D. Laporte |

1. <u>Jurisdiction and Service:</u>

No issues exist with regard to jurisdiction or service.

2. <u>Facts:</u>

Plaintiff's Version:

This case is a civil rights action asserting violations of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.  In particular, plaintiff alleges that defendants

unlawfully arrested plaintiff for engaging in felony "terrorist acts" without any reasonable investigation or probable cause.  Moreover, plaintiff alleges that he was improperly searched, seized, and incarcerated in the Lake County Jail for five days without any judicial review or probable cause determination.  During this period of time, plaintiff was a diabetic with severe medical complications, and defendants denied plaintiff reasonable access to medical care.  Defendants later admitted that the "terrorist" charges against plaintiff were baseless, and plaintiff was never formally charged with any crime.  As a result of defendants' actions, plaintiff suffered significant damages, including the loss of his long-term position as a government worker with the City of Ukiah.  Plaintiff's economic damages and loss of benefits are substantial.

<u>Defendant's Version</u>:  Defendants generally and specifically deny plaintiff's version of events.  Defendants contend that Plaintiff Michael Brainerd was lawfully arrested by Lake County Sheriff's Department deputies on Thursday, May 19, 2004 for violation of California Penal Code section 422.  Plaintiff threatened to beat a resident of his household with a baseball bat.  Plaintiff was held in the Lake County Jail until Monday, May 23, 2004, when he was released pursuant to California Penal Code section 825 with a detention certificate.  Upon entering the jail facility, plaintiff's medical history and condition was assessed.  Plaintiff was provided adequate medical treatment during his detention.

3.    <u>Legal Issues</u>:

Plaintiff's complaint alleges four causes of action, including violations of the Fourth, Fifth, and Fourteenth Amendments based on unlawful arrest, unreasonable search and seizure, failure to provide a timely probable cause hearing, and illegal incarceration with failure to provide medical treatment.  Plaintiff seeks compensatory and punitive damages.

The following legal issues are disputed:  (1) whether defendant violated 42 U.S.C. Section 1983 and the above referenced constitutional amendments; (2) whether defendants had probable cause to arrest and incarcerate plaintiff for committing "terrorist acts"; (3) whether defendants conducted an unreasonable search and seizure; (4) whether defendant provided plaintiff with a timely probable cause determination; (5) whether defendants illegally incarcerated plaintiff; (6) whether plaintiff was denied adequate medical care and treatment; (6) whether defendants have engaged in a

pattern, practice, custom, or policy of violating such constitutional rights; and (7) the nature and extent of damages.

Defendants generally and specifically deny plaintiff's allegations. Defendants contend that probable cause existed and the arrest of plaintiff for violation of California Penal Code section 422 was lawful. Defendants further contend that defendants complied with California Penal Code sections 825 and 849 and other applicable statutes. Defendants contend that the detention of plaintiff was lawful and that, during the period of his detention, defendants were not deliberately indifferent to any serious medical need of plaintiff's. Defendants further deny any pattern, practice, custom or policy of violating constitutional rights.

4.  Motions:

Defendants and plaintiff anticipate filing dispositive motions. Defendant's have filed a motion to compel further discovery responses set for hearing March 11, 2008.

5.  Amendment of Pleadings:

No amendment of pleadings is anticipated.

6.  Evidence Preservation:

Except as maintained in the ordinary course, the parties do not propose any particular measures are required to preserve evidence relevant to issues reasonably evident in this action.

7.  Disclosures:

Defendant made a full and timely initial disclosure of witnesses and documents as required by Fed. R. Civ. P. 26(a) and the case schedule ordered in this action. Defendant made three supplemental disclosures, August 31, 2007, September 24, 2007 and October 22, 2007. Plaintiff served his initial disclosures on August 27, 2007 and subsequently produced documents in connection with his initial disclosures. The parties anticipate further disclosures.

8.  Discovery:

The parties anticipate that discovery will include written discovery as well as depositions.

The parties submit that discovery should proceed pursuant to Federal Rule of Civil Procedure 26 and 29-37. The parties do not believe that a Rule 26(f) discovery conference is necessary in this matter, and the parties should simply proceed with initial disclosures.

Plaintiff's deposition is currently scheduled for March 4, 2008. Defendants have filed a motion requesting an order compelling further responses to written discovery from plaintiff set for hearing March 11, 2008.

9. <u>Class Actions</u>:

Not applicable.

10. <u>Related Cases</u>:

The parties are unaware of any other case related to the instant matter.

11. <u>Relief</u>:

Plaintiff's complaint requests compensatory and punitive damages.

12. <u>Settlement and ADR</u>:

The parties have stipulated to court-supervised mediation. The court appointed mediator Teri Sklar will conduct mediation on March 20, 2008.

13. <u>Consent to Magistrate Judge for All Purposes</u>:

The parties will consent to have a magistrate judge conduct all further proceedings, including trial and entry of judgment.

14. <u>Other References</u>:

The parties do not suggest that this case is suitable for any other reference.

15. <u>Narrowing of Issues</u>:

The parties have not presently identified any issues that can be narrowed by agreement. The parties will meet and confer to narrow issues as the need arises.

16. <u>Expedited Schedule</u>:

The parties do not propose that this is the type of case that can be handled on an expedited basis with streamlined procedures.

17. <u>Scheduling</u>:

Scheduling is pursuant to the Case Management and Pretrial Order issued December 19, 2007.

18: <u>Trial</u>:

Pursuant to the Case Management and Pretrial Order issued December 19, 2007, the case is

1  set for jury trial of not more than 7 days commencing January 26, 2009.

2      19.    <u>Disclosure of Non-Party Entities or Persons</u>:

3  Defendant's Certificate of Interested Parties or Persons is filed concurrently herewith and, pursuant to Local Rule 3-16, provides: [Defendant] certifies that as of this date, other than the named parties, there is no such interest to report. Plaintiff is unaware of any such interest to report.

    20.    <u>Other Matters</u>:

The parties are unaware of any other matters to address at this point.

Date: _____ March 3, 2008 _____

KAHN BROWN & POORE LLP

By: ___/s/ David M. Poore_____
      DAVID M. POORE
      Attorneys for Plaintiff

Date: _____ March 3, 2008 _____

JONES & DYER

By: ___/s/ Mark A. Jones_____
      MARK A. JONES
      Attorneys for Defendants