1  **JONES & DYER**
   **A Professional Corporation**
2  **1800 J Street**
   **Sacramento, California 95814**
3  **Telephone: (916) 552-5959**
   **Fax: (916) 442-5959**
4
   **MARK A. JONES, State Bar #96494**
5  **KRISTEN K. PRESTON, State Bar #125455**

6  Attorneys for: Defendants County of Lake, Lake County Sheriff's Department, Matthew
                   Wristen and Emil Devincenzi
7

8

9                    IN THE UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11 | MICHAEL BRAINERD,                    ) NO.  C 07 2663 EDL
                                          )
12 |                          Plaintiff,  ) **EXHIBIT E TO DECLARATION OF**
                                          ) **CRYSTAL ESBERG IN SUPPORT OF**
13 | vs.                                  ) **MOTION FOR SUMMARY**
                                          ) **JUDGMENT**
14 | COUNTY OF LAKE; LAKE COUNTY          )
     SHERIFF'S DEPARTMENT                 ) Date:  July 22, 2008
15                                        ) Time:  9:00 a.m.
                              Defendants. ) Courtroom E, 15th Floor
16                                        ) 450 Golden Gate Avenue
                                          ) San Francisco, CA
17 | _____)

As required by the provisions of Penal Code Section 851.6, I hereby certify that the taking into custody of

**BRAINERD, Michael** (Subject's Name)    CHARGE(S) **402a PC**

on **08-19-05** (Date) by the **Lake County Sheriff** (Name of Agency taking custody) was a detention only, not an arrest.  **Michael Brainerd** (Subject's Name) was released

on **05/23/05** (Date) by the **Lake County Sheriff** (Name of releasing agency)

Pertinent portions of Penal Code Sections 849, 849.5, 851.6 are included as part of this certificate.

x **Michael Brainerd** (Inmates Signature)    Signed: **Tom Kovich**

Title and/ or ID No.: **528, Co-II**

*** 825 (A)(1) PC**

THE FOLLOWING MUST BE INCLUDED AS PART OF THE CERTIFICATE:

Penal Code Section 849 provides, in part:

(a) When an arrest is made without a warrant by a peace officer or private person, the person arrested, if not otherwise released, shall, without necessary delay, be taken before the nearest or most accessible magistrate in the county in which the offense is triable, and a complaint stating the charge against the arrested person shall be laid before such magistrate.

(b) Any peace officer may release from custody, instead of taking such person before a magistrate, any person arrested without a warrant whenever:

   (1) He is satisfied that there are insufficient grounds for making a criminal complaint against the person arrested.
   (2) The person arrested was arrested for intoxication only, and further proceedings are desirable.
   (3) The person was arrested only for being under the influence of a narcotic drug, or restricted dangerous drug and such person is delivered to a facility or hospital for the treatment and no further proceedings are desirable.

(c) Any record of arrest of a person released pursuant to paragraphs (a) and (3) of subdivision (b) shall include a record of release. Thereafter, such arrest shall not be deemed an arrest, but a detention.

Penal Code Section 849.5 provides:

In any case in which a person is arrested and released and no accusatory pleading is filed charging him with an offense, any record of arrest of the person shall include a record of release. Thereafter, the arrest shall not be deemed an arrest, but a detention only.

Penal Code Section 851.6 provides, in part:

(a) In any case in which a person is arrested and released pursuant to paragraph (a) or (3) of subdivision (b) of Section 849, the person shall be issued a certificate, signed by the releasing officer or his superior officer, describing the action as a detention.

(b) In any case in which a person is arrested and released and no accusatory pleading is filed charging him with an offense, the person shall be issued a certificate by the law enforcement agency which arrested him describing the action as a detention.

DEF 22