1  **JONES & DYER**
   **A Professional Corporation**
2  **1800 J Street**
   **Sacramento, California 95811**
3  **Telephone: (916) 552-5959**
   **Fax: (916) 442-5959**
4
5  **MARK A. JONES, State Bar #96494**
   **KRISTEN K. PRESTON, State Bar #125455**
6
   Attorneys for: Defendants County of Lake, Lake County Sheriff's Department, Matthew
7  Wristen and Emil Devincenzi
8
9              IN THE UNITED STATES DISTRICT COURT
10             NORTHERN DISTRICT OF CALIFORNIA
11  MICHAEL BRAINERD
12                                          ) NO.  C 07 2663 EDL
                                            )
                         Plaintiff,         ) **RESPONSE TO REQUEST FOR**
13  vs.                                     ) **PRODUCTION OF DOCUMENTS,**
                                            ) **SET ONE**
14  COUNTY OF LAKE; LAKE COUNTY             )
15  SHERIFF'S OFFICE; and DOES 1 through 50,)
    inclusive,                              )
16                                          )
17                       Defendants.        )
                                            )
18  _____)
19  PROPOUNDING PARTY:    PLAINTIFF MICHAEL BRAINERD
20  RESPONDING PARTY:     DEFENDANT COUNTY OF LAKE, LAKE COUNTY SHERIFF'S
21                        OFFICE
22  SET NUMBER:           ONE
23      Comes now defendant County of Lake and Lake County Sheriff's Office, and pursuant to
24  Federal Rules of Civil Procedure 34 and Local Rule 34-1, responds to plaintiff's request for
25  production of documents as follows:
26  **REQUEST NO. 1:**
27      All writings or documents which constitute, pertain to, refer to, or relate to the plaintiff
28  Michael Brainerd, including arrest records, reports, statements, interviews, communications,

1  correspondence, emails, 911 contact records, or any other writings pertaining to plaintiff.

2  **Response to Request No. 1:**    Objection. The request is overbroad and seeks documents

3  protected by confidentiality, attorney client privilege and work product protections. The request is

4  vague as to "any other writings pertaining to plaintiff." To the extent documents responsive to this

5  request are in the possession and control of the responding party, these documents have been

6  produced in connection with Defendant's Rule 26 Disclosures.

7  **REQUEST NO. 2:**

8  All writings or documents which constitute, pertain to, refer to, or relate to the incarceration

9  of plaintiff at the SUBJECT DETENTION FACILITY.

10  **Response to Request No. 2:**    Objection. The request is overbroad and seeks documents

11  protected by confidentiality, attorney client privilege and work product protections. The request is

12  vague as to "any other writings pertaining to plaintiff." To the extent documents responsive to this

13  request are in the possession and control of the responding party, these documents have been

14  produced in connection with Defendant's Rule 26 Disclosures.

15  **REQUEST NO. 3:**

16  All writings or documents which constitute, pertain to, refer to, or relate to the County of

17  Lake's policies, procedures, practices, handbooks, manuals, and/or memorandums applicable to

18  detaining a person prior to a formal charging and/or trial.

19  **Response to Request No. 3:**    Objection. The request is overbroad as to time and subject

20  matter and requests disclosure of policies and procedures unrelated to the issues in this action.

21  Without waiving the objections , in addition to documents previously produced, defendant produces

22  herewith copies of relevant portions of the Corrections Division Policy Manual (Bates stamped Nos.

23  DEF 299 through 308).

24  **REQUEST NO. 4:**

25  All writings or documents which constitute, pertain to, refer to, or relate to the County of

26  Lake's policies, procedures, practices, handbooks, manuals, and/or memorandums applicable to a

27  detainee's request for medical care and/or treatment, including, but not limited to the administration

28  of medication.

1    **Response to Request No. 4:**    Objection. The request is overbroad as to time and subject

2    matter and seeks production of policies, procedures, practices, handbooks, manuals and/or

3    memorandums unrelated to the subject matter of this action. Without waiving these objections,

4    defendant produces herewith a copy of the Agreement for Medical Services in Lake County

5    Detention Facilities between Lake County and California Forensic Medical Group (Bates stamped

6    Nos. 309 through 331).

7        **REQUEST NO. 5:**

8        All writings or documents which constitute, pertain to, refer to, or relate to the County of

9    Lake's policies, procedures, practices, handbooks, manuals, and/or memorandums applicable to

10   detained persons telephone privileges at the SUBJECT DETENTION FACILITY.

11   **Response to Request No. 5**    Objection. The request is overbroad as to time and subject

12   matter. Further objection is made to the extent the request seeks policies, procedures, practices,

13   handbooks, manuals and/or memoranda unrelated to the subject matter of this action. Without

14   waiver of stated objections, and subject thereto, defendant produces herewith copies of the policy

15   and procedures pertaining to telephone use within the facility by pretrial detainees (Bates stamped

16   DEF 307 through 308).

17       **REQUEST NO. 6:**

18       All writings or documents which constitute, pertain to, refer to, or relate to the County of

19   Lake's policies, procedures, practices, handbooks, manuals, and/or memorandums applicable to any

20   other rights and/or privileges of arrested, seized, or detained persons not previously specified in

21   Requests No. 3-5 above.

22   **Response to Request No. 6**    Objection. The request is overbroad as to time and subject

23   matter and seeks documents not relevant or potentially relevant to the issues of this action. Further,

24   the request is vague and ambiguous as to "not previously specified in requests Nos. 3-5 above."

25       **REQUEST NO. 7:**

26       All writings or documents which constitute, pertain to, refer to, or relate to the County of

27   Lake's policies, procedures, practices, handbooks, manuals, and/or memorandums applicable to

28   Sheriff Deputy or other law enforcement officer's arrest, detaining, or seizure of a person.

1     **Response to Request No. 7**    Objection. The request is overbroad as to time and subject

2 matter. Further objection is made to the extent the requests seeks policies, procedures, practices,

3 handbooks, manuals, and/or memoranda unrelated to the subject matter of this action.   To the

4 extent plaintiff limits his request to policies and procedures related in time and scope to the issues

5 raised by his complaint, defendants will amend this response.

6     **REQUEST NO. 8:**

7     All writings or documents which constitute, pertain to, refer to, or relate to the County of

8 Lake's policies, procedures, practices, handbooks, manuals, and/or memorandums applicable to

9 conducting investigations into felony crimes.

10     **Response to Request No. 8**    Objection. The request is overbroad as to time and subject

11 matter. Further objection is made to the extent the requests seeks policies, procedures, practices,

12 handbooks, manuals, and/or memoranda unrelated to the subject matter of this action.  Further

13 objection is made to the extent the request is vague and ambiguous as to "applicable to conducting

14 investigations into felony crimes."

15     **REQUEST NO. 9:**

16     All writings or documents which constitute, pertain to, refer to, or relate to the County of

17 Lake's policies, procedures, practices, handbooks, manuals, and/or memorandums applicable to the

18 handling of suspected domestic violence crimes.

19     **Response to Request No. 9**    Objection. The request is overbroad as to time and subject

20 matter. Further objection is made to the extent the requests seeks policies, procedures, practices,

21 handbooks, manuals, and/or memoranda unrelated to the subject matter of this action.  Further

22 objection is made to the extent the request is vague and ambiguous as to "applicable to the handling

23 of suspected domestic violence crimes."

24     **REQUEST NO. 10:**

25     All writings or documents which constitute, pertain to, refer to, or relate to any modifications,

26 amendments, and/or changes to the County of Lake's policies, procedures, practices, handbooks,

27 manuals, and/or memorandums applicable to the handling of suspected domestic violence crimes for

28 the past 15 years.

1    **Response to Request No. 10**    Objection. The request is overbroad as to time and subject

2    matter. Further objection is made to the extent the requests seeks disclosure of policies, procedures,

3    practices, handbooks, manuals, and/or memoranda unrelated to the subject matter of this action.

4    **REQUEST NO. 11:**

5    All writings or documents which constitute, pertain to, refer to, or relate to any monetary

6    grants to other funds accepted by the County of Lake in the past 15 years for use in the area of

7    domestic violence cases.

8    **Response to Request No. 11**    Objection. The request is overbroad as to time and subject

9    matter. Further objection is made to the extent the requests seeks documents, the subject matter of

10   which is unrelated to the subject matter of the pending action.

11   **REQUEST NO. 12:**

12   All writings or documents which constitute, pertain to, refer to, or relate to any employee

13   orientation and/or training materials that were applicable to defendant MATTHEW WRISTEN

14   during his employment with defendant.

15   **Response to Request No. 12**    Objection. The request is overbroad as to time and subject

16   matter. Further objection is made to this request insofar as the documents requested are privileged

17   and confidential in that the request implicates defendant's employee's fundamental rights to privacy

18   under the United States and California constitutions, and pursuant to California Evidence Code

19   sections 1040, 1043, 1045, 1046, Government code section 3300, *et seq.*, Penal Code sections 832.7

20   and 832.8 and pursuant to Pitchess v. Superior Court, (1974) 11 Cal.3d 531, and its progeny.

21   Defendant further objects that the request is not reasonably calculated to lead to the discovery of

22   relevant and/or admissible evidence, and is unduly burdensome, oppressive and harassing to

23   defendant. There is no prima facie showing for such discovery request. Defendant further objects to

24   this request to the extent it seeks documents and information subject to the official information

25   privilege.

26   **REQUEST NO. 13:**

27   All writings or documents which constitute, pertain to, refer to, or relate to any employee

28   orientation and/or training materials that were applicable to defendant EMIL DEVINCENZI during

1  his employment with defendant.

2

3  **Response to Request No. 13**  Objection. The request is overbroad as to time and subject

4  matter. Further objection is made to this request insofar as the documents requested are privileged

5  and confidential in that the request implicates defendant's employee's fundamental rights to privacy

6  under the United States and California constitutions, and pursuant to California Evidence Code

7  sections 1040, 1043, 1045, 1046, Government code section 3300, *et seq.*, Penal Code sections 832.7

8  and 832.8 and pursuant to Pitchess v. Superior Court, (1974) 11 Cal.3d 531, and its progeny.

9  Defendant further objects that the request is not reasonably calculated to lead to the discovery of

10 relevant and/or admissible evidence, and is unduly burdensome, oppressive and harassing to

11 defendant. There is no prima facie showing for such discovery request. Defendant further objects to

12 this request to the extent it seeks documents and information subject to the official information

13 privilege.

14  **REQUEST NO. 14:**

15  All writings or documents presented the defendant COUNTY OF LAKE relating to

16 complaints and/or concerns of unlawful arrest and/or seizure.

17  **Response to Request No. 14**  Objection. The request is overbroad as to time and subject

18 matter. Further objection is made to this request to the extent that the request seeks documents and

19 information subject to the official information privilege. Further objection is made on the basis that

20 the request seeks documents that are privileged and confidential implicating the fundamental rights

21 to privacy of third parties. Further objection is made to the extent that the request is vague and

22 ambiguous as to "complaints and/or concerns." Objection is also made to the extent that the

23 documents sought are protected pursuant to the attorney client privilege and work product

24 protections. Defendant further objects on the basis that the request is not relevant and is overly

25 broad as to the officers about whom information is sought. Defendant further objects that the request

26 is not calculated to lead to the discovery of relevant and/or admissible evidence, is unduly

27 burdensome, oppressive and harassing to defendant, and there is no prima facie showing for such

28 discovery request. Defendant also objects to this request insofar as the documents requested are

1  privileged and confidential in that requests implicate defendant's employee's fundamental rights to

2  privacy under the United States and California constitutions, and pursuant to California Evidence

3  Code sections, 1040, 1043, 1045, 1046, Government Code sections 3300, *et seq.*, Penal Code

4  sections 832.7 and 832.8, and pursuant to Pitchess v. Superior Court, (1974) 11 Cal.3d 531, and its

5  progeny. Further objection is made to the extent the request seeks documents that are confidential

6  and the request implicates the fundamental privacy rights of third parties.

7  **REQUEST NO. 15:**

8  All writings or documents presented the defendant COUNTY OF LAKE relating to

9  complaints and/or concerns of unlawful incarceration over the past ten years.

10  **Response to Request No. 15**    Objection. The request is overbroad as to time and subject

11  matter. Further objection is made to this request to the extent that the request seeks documents and

12  information subject to the official information privilege. Further objection is made on the basis that

13  the request seeks documents that are privileged and confidential implicating the fundamental rights

14  to privacy of third parties. Further objection is made to the extent that the request is vague and

15  ambiguous as to "complaints and/or concerns." Objection is also made to the extent that the

16  documents sought are protected pursuant to the attorney client privilege and work product

17  protections. Defendant further objects on the basis that the request is not relevant and is overly

18  broad as to the officers about whom information is sought. Defendant further objects that the request

19  is not calculated to lead to the discovery of relevant and/or admissible evidence, is unduly

20  burdensome, oppressive and harassing to defendant, and there is no prima facie showing for such

21  discovery request. Defendant also objects to this request insofar as the documents requested are

22  privileged and confidential in that requests implicate defendant's employee's fundamental rights to

23  privacy under the United States and California constitutions, and pursuant to California Evidence

24  Code sections, 1040, 1043, 1045, 1046, Government Code sections 3300, *et seq.*, Penal Code

25  sections 832.7 and 832.8, and pursuant to Pitchess v. Superior Court, (1974) 11 Cal.3d 531, and its

26  progeny. Further objection is made to the extent the request seeks documents that are confidential

27  and the request implicates the fundamental privacy rights of third parties.

28  **REQUEST NO. 16:**

**RESPONSE TO REQUEST FOR PRODUCTION**
**CASE NO. C 07 2663 EDL**

1    All writings or documents which constitute, pertain to, refer to, or relate to any investigation

2    regarding any complaint and/or concern of unlawful arrest, including but not limited to any witness

3    statements, notes, internal documents, investigation reports, electronic communications, findings,

4    billing, invoices, conclusions, determinations, and/or any other documents pertaining to the

5    investigation.

6    **Response to Request No. 16**    Objection. The request is overbroad as to time and subject

7    matter. Further objection is made to this request to the extent that the request seeks documents and

8    information subject to the official information privilege. Further objection is made on the basis that

9    the request seeks documents that are privileged and confidential implicating the fundamental rights

10   to privacy of third parties. Further objection is made to the extent that the request is vague and

11   ambiguous as to "complaints and/or concerns." Objection is also made to the extent that the

12   documents sought are protected pursuant to the attorney client privilege and work product

13   protections. Defendant further objects on the basis that the request is not relevant and is overly

14   broad as to the officers about whom information is sought. Defendant further objects that the request

15   is not calculated to lead to the discovery of relevant and/or admissible evidence, is unduly

16   burdensome, oppressive and harassing to defendant, and there is no prima facie showing for such

17   discovery request. Defendant also objects to this request insofar as the documents requested are

18   privileged and confidential in that requests implicate defendant's employee's fundamental rights to

19   privacy under the United States and California constitutions, and pursuant to California Evidence

20   Code sections, 1040, 1043, 1045, 1046, Government Code sections 3300, *et seq.*, Penal Code

21   sections 832.7 and 832.8, and pursuant to Pitchess v. Superior Court, (1974) 11 Cal.3d 531, and its

22   progeny. Further objection is made to the extent the request seeks documents that are confidential

23   and the request implicates the fundamental privacy rights of third parties.

24   **REQUEST NO. 17:**

25   All writings or documents which constitute, pertain to, refer to, or relate to any investigation

26   regarding any complaint and/or concern of unlawful incarceration, including but not limited to any

27   witness statements, notes, internal documents, investigation reports, electronic communications,

28   findings, billing, invoices, conclusions, determinations, and/or any other documents pertaining to the

1  investigation.

2

3      **Response to Request No. 17**    Objection.  The request is overbroad as to time and subject

4  matter.  Further objection is made to this request to the extent that the request seeks documents and

5  information subject to the official information privilege.  Further objection is made on the basis that

6  the request seeks documents that are privileged and confidential implicating the fundamental rights

7  to privacy of third parties.  Further objection is made to the extent that the request is vague and

8  ambiguous as to "complaints and/or concerns."  Objection is also made to the extent that the

9  documents sought are protected pursuant to the attorney client privilege and work product

10  protections.  Defendant further objects on the basis that the request is not relevant and is overly

11  broad as to the officers about whom information is sought.  Defendant further objects that the request

12  is not calculated to lead to the discovery of relevant and/or admissible evidence, is unduly

13  burdensome, oppressive and harassing to defendant, and there is no prima facie showing for such

14  discovery request.  Defendant also objects to this request insofar as the documents requested are

15  privileged and confidential in that requests implicate defendant's employee's fundamental rights to

16  privacy under the United States and California constitutions, and pursuant to California Evidence

17  Code sections, 1040, 1043, 1045, 1046, Government Code sections 3300, *et seq.*, Penal Code

18  sections 832.7 and 832.8, and pursuant to Pitchess v. Superior Court, (1974) 11 Cal.3d 531, and its

19  progeny.  Further objection is made to the extent the request seeks documents that are confidential

20  and the request implicates the fundamental privacy rights of third parties.

21      **REQUEST NO. 18:**

22      All writings or documents constituting or relating to complaint and/or concern regarding

23  defendant MATTHEW WRISTEN.

24      **Response to Request No. 18**    Defendant objects to this request insofar as the documents

25  requested are privileged and confidential in that the request implicates defendant's employee's

26  fundamental rights to privacy under the United States and California constitutions, and pursuant to

27  California Evidence Code sections, 1040, 1043, 1045, 1046, Government Code sections 3300, *et*

28  *seq.*, Penal Code sections 832.7 and 832.8, and pursuant to Pitchess v. Superior Court, (1974) 11

1   Cal.3d 531, and its progeny. Defendant further objects in that the request is not reasonably

2   calculated to lead to the discovery of relevant and/or admissible evidence, is overly broad as to

3   subject matter and time, unduly burdensome, oppressive and harassing to defendant, and there is no

4   prima facie showing for such discovery request. Defendant further objects that the request seeks

5   documents and information subject to the official information privilege. Further objection is made

6   on the basis that the request is overly broad as to time. The scope of the request is for an unlimited

7   time. Further objection is made to the extent that the fundamental right to privacy of third parties is

8   implicated.

9   **REQUEST NO. 19:**

10   All writings or documents which constitute, pertain to, refer to, or relate to any investigation

11   regarding any complaint and/or concern regarding defendant MATTHEW WRISTEN, including but

12   not limited to any witness statements, notes, internal documents, investigation reports, electronic

13   communications, findings, billing, invoices, conclusions, determinations, and/or any other

14   documents pertaining to the investigation.

15   **Response to Request No. 19**   Defendant objects to this request insofar as the documents

16   requested are privileged and confidential in that the request implicates defendant's employee's

17   fundamental rights to privacy under the United States and California constitutions, and pursuant to

18   California Evidence Code sections, 1040, 1043, 1045, 1046, Government Code sections 3300, *et*

19   *seq.*, Penal Code sections 832.7 and 832.8, and pursuant to Pitchess v. Superior Court, (1974) 11

20   Cal.3d 531, and its progeny. Defendant further objects in that the request is not reasonably

21   calculated to lead to the discovery of relevant and/or admissible evidence, is overly broad as to

22   subject matter and time, unduly burdensome, oppressive and harassing to defendant, and there is no

23   prima facie showing for such discovery request. Defendant further objects that the request seeks

24   documents and information subject to the official information privilege. Further objection is made

25   on the basis that the request is overly broad as to time. The scope of the request is for an unlimited

26   time. Further objection is made to the extent that the fundamental right to privacy of third parties is

27   implicated. Further objection is made to the extent that the request is vague and ambiguous as to

28   "regarding any complaint and/or concern."

1

**REQUEST NO. 20:**

2       All writings or documents constituting or relating to complaint and/or concern regarding

3   defendant EMIL DEVINCENZI.

4       **Response to Request No. 20**   Defendant objects to this request insofar as the documents

5   requested are privileged and confidential in that the request implicates defendant's employee's

6   fundamental rights to privacy under the United States and California constitutions, and pursuant to

7   California Evidence Code sections, 1040, 1043, 1045, 1046, Government Code sections 3300, *et*

8   *seq.*, Penal Code sections 832.7 and 832.8, and pursuant to <u>Pitchess v. Superior Court</u>, (1974) 11

9   Cal.3d 531, and its progeny.  Defendant further objects in that the request is not reasonably

10  calculated to lead to the discovery of relevant and/or admissible evidence, is overly broad as to

11  subject matter and time, unduly burdensome, oppressive and harassing to defendant, and there is no

12  prima facie showing for such discovery request.  Defendant further objects that the request seeks

13  documents and information subject to the official information privilege.  Further objection is made

14  on the basis that the request is overly broad as to time.  The scope of the request is for an unlimited

15  time.  Further objection is made to the extent that the fundamental right to privacy of third parties is

16  implicated.

17      **REQUEST NO. 21:**

18      All writings or documents which constitute, pertain to, refer to, or relate to any investigation

19  regarding any complaint and/or concern regarding defendant EMIL DEVINCENZI, including but not

20  limited to any witness statements, notes, internal documents, investigation reports, electronic

21  communications, findings, billing, invoices, conclusions, determinations, and/or any other

22  documents pertaining to the investigation.

23      **Response to Request No. 21**   Defendant objects to this request insofar as the documents

24  requested are privileged and confidential in that the request implicates defendant's employee's   .

25  fundamental rights to privacy under the United States and California constitutions, and pursuant to

26  California Evidence Code sections, 1040, 1043, 1045, 1046, Government Code sections 3300, *et*

27  *seq.*, Penal Code sections 832.7 and 832.8, and pursuant to <u>Pitchess v. Superior Court</u>, (1974) 11

28  Cal.3d 531, and its progeny.  Defendant further objects in that the request is not reasonably

1   calculated to lead to the discovery of relevant and/or admissible evidence, is overly broad as to

2   subject matter and time, unduly burdensome, oppressive and harassing to defendant, and there is no

3   prima facie showing for such discovery request. Defendant further objects that the request seeks

4   documents and information subject to the official information privilege. Further objection is made

5   on the basis that the request is overly broad as to time. The scope of the request is for an unlimited

6   time. Further objection is made to the extent that the fundamental right to privacy of third parties is

7   implicated. Further objection is made to the extent that the request is vague and ambiguous as to

8   "regarding any complaint and/or concern."

9          **REQUEST NO. 22:**

10         All writings or documents constituting or relating to any witness statements, declarations,

11   affidavits, deposition transcripts, hearing transcripts, witness summaries, or any other statements

12   relating to any complaint and/or concern of unlawful arrest and/or seizure.

13         **Response to Request No. 22**    Objection. The request seeks documents and information

14   subject to the official information privilege. Further objection is made to the extent that the request

15   is overly broad as to time in that the scope of the request is unlimited. Further objection is made to

16   the extent this request is not reasonably calculated to lead to the discovery of relevant and/or

17   admissible evidence, is overly broad, unduly burdensome, oppressive and harassing to defendant,

18   and there is no prima facie showing for such discovery request. Further objection is made insofar as

19   the request seeks privileged and confidential information in that the request implicates defendant's

20   employee's fundamental rights to privacy and third parties' right to privacy under the United States

21   and California constitutions, and pursuant to California Evidence Code sections, 1040, 1043, 1045,

22   1046, Government Code sections 3300, *et seq.*, Penal Code sections 832.7 and 832.8, and pursuant

23   to Pitchess v. Superior Court, (1974) 11 Cal.3d 531, and its progeny. Further objection is made on

24   the basis that the request is vague and ambiguous as to "relating to any complaint and/or concern."

25   Further objection is made to the extent this request seeks documents protected by the attorney client

26   privilege and work product protection.

27         **REQUEST NO. 23:**

28         All writings or documents constituting or relating to any witness statements, declarations,

**RESPONSE TO REQUEST FOR PRODUCTION**
**CASE NO. C 07 2663 EDL**

H:\(AJ.eee\Bnipnvl w. Lake County\Pleadings\Discovery\Response to RQFD#1 (County).wpd

1  affidavits, deposition transcripts, hearing transcripts, witness summaries, or any other statements

2  relating to any complaint and/or concern of unlawful incarceration for the past ten years.

3      **Response to Request No. 23**    Objection. The request seeks documents and information

4  subject to the official information privilege. Further objection is made to the extent this request is

5  not reasonably calculated to lead to the discovery of relevant and/or admissible evidence, is overly

6  broad, unduly burdensome, oppressive and harassing to defendant, and there is no prima facie

7  showing for such discovery request. Further objection is made insofar as the request seeks

8  privileged and confidential information in that the request implicates defendant's employee's

9  fundamental rights to privacy and third parties' right to privacy under the United States and

10 California constitutions, and pursuant to California Evidence Code sections, 1040, 1043, 1045, 1046,

11 Government Code sections 3300, *et seq.*, Penal Code sections 832.7 and 832.8, and pursuant to

12 Pitchess v. Superior Court, (1974) 11 Cal.3d 531, and its progeny. Further objection is made on the

13 basis that the request is vague and ambiguous as to "relating to any complaint and/or concern."

14 Further objection is made to the extent this request seeks documents protected by the attorney client

15 privilege and work product protection.

16     **REQUEST NO. 24:**

17     All writings or documents which constitute, pertain to, refer to, or relate to any internal

18 investigation and/or inquiry into any of plaintiff's complaints and/or concerns, including, but not

19 limited to any witness statements, notes, internal documents, investigations, electronic

20 communications, findings, conclusions, determinations, and/or any other documents pertaining to the

21 investigation.

22     **Response to Request No. 24**    Objection. The request seeks documents and information

23 subject to the official information privilege. Further objection is made to the extent this request is

24 not reasonably calculated to lead to the discovery of relevant and/or admissible evidence, is overly

25 broad, unduly burdensome, oppressive and harassing to defendant, and there is no prima facie

26 showing for such discovery request. Further objection is made insofar as the request seeks

27 privileged and confidential information in that the request implicates defendant's employee's

28 fundamental rights to privacy and third parties' right to privacy under the United States and

H:\MAJ data\Heister\J. Lake County\Pleadings\Discovery\Response to RQPD#1 (County).wpd

1    California constitutions, and pursuant to California Evidence Code sections, 1040, 1043, 1045, 1046,

2    Government Code sections 3300, *et seq.*, Penal Code sections 832.7 and 832.8, and pursuant to

3    Pitchess v. Superior Court, (1974) 11 Cal.3d 531, and its progeny. Further objection is made on the

4    basis that the request is vague and ambiguous as to "relating to any complaint and/or concern."

5    Further objection is made to the extent this request seeks documents protected by the attorney client

6    privilege and work product protection.

7    **REQUEST NO. 25:**

8    All writings or documents constituting or relating to any settlement agreements or releases

9    regarding any complaints and/or concerns of unlawful arrest and/or seizure.

10    **Response to Request No. 25**    Objection. The request is not calculated to lead to the

11    discovery of relevant and/or admissible evidence, is overly broad as to subject matter and time, is

12    unduly burdensome, oppressive and harassing to defendant, and there is no prima facie showing for

13    such discovery request. Defendant further objects to this request insofar as the documents requested

14    are privileged and confidential, subject to the official information privilege, and that the request

15    implicates the fundamental rights to privacy of third parties.   Further objection is made to the extent

16    that the request is vague and ambiguous as to "complaints and/or concerns."

17    **REQUEST NO. 26:**

18    All writings or documents constituting or relating to any settlement agreements or releases

19    regarding any complaints and/or concerns of unlawful incarceration.

20    **Response to Request No. 26:**      Objection. The request is not calculated to lead to the

21    discovery of relevant and/or admissible evidence, is overly broad as to subject matter and time, is

22    unduly burdensome, oppressive and harassing to defendant, and there is no prima facie showing for

23    such discovery request. Defendant further objects to this request insofar as the documents requested

24    are privileged and confidential, subject to the official information privilege, and that the request

25    implicates the fundamental rights to privacy of third parties.   Further objection is made to the extent

26    that the request is vague and ambiguous as to "complaints and/or concerns."

27    **REQUEST NO. 27:**

28    All writings or documents constituting or pertaining to training of law enforcement

1  employees regarding suspected and/or reported domestic violence for the past 15 years, including

2  proof of attendance of training.

3      **Response to Request No. 27**    Objection. The request is not reasonably calculated to lead to

4  the discovery of relevant and/or admissible evidence, is overly broad as to subject matter and time, is

5  unduly burdensome, oppressive and harassing to defendant, and there is no prima facie showing for

6  such discovery request. Further objection is made to the extent that the request exceeds the scope of

7  the subject matter of this lawsuit as determined by plaintiff's complaint.

8      **REQUEST NO. 28:**

9      All electronic mail communications that reference and/or refer to plaintiff or any of the

10  allegations contained in plaintiff's complaint.

11      **Response to Request No. 28**    Objection. The request is overbroad and is not reasonably

12  limited to the subject matter of this lawsuit. Further objection is made to the extent that the

13  documents and information are subject to the attorney client privilege and work product protection.

14  Without waiver of stated objections, and subject thereto, to the extent such communications exist,

15  are not subject to privilege or protection, and are in the possession and control of responding party,

16  these communications will be produced.

17      **REQUEST NO. 29:**

18      All writings or documents which constitute, pertain to, refer to, or relate to any statements

19  (whether written or oral) of any and all witnesses or potential witnesses to any of the allegations

20  contained in plaintiff's complaint.

21      **Response to Request No. 29**    Objection. The request is overbroad in that it seeks

22  documents subject to the attorney client and work product protection. Without waiver of stated

23  objections, and subject thereto, the only statements of which these defendants are aware are the

24  statement of witnesses summarized in the arrest report, and the statements of victims made in

25  connection with their respective applications for temporary restraining orders against the plaintiff.

26      **REQUEST NO. 30:**

27      All writings or documents from the victim-witness office pertaining to plaintiff, including

28  any such writings pertaining to Marci Ward and/or Bobby Boyd.

1    **Response to Request No. 30**    Objection. The request is overbroad as to subject matter and

2    is not relevant to any issue in this litigation as determined by the scope of plaintiff's complaint.

3    Further objection is made to the extent the request implicates the fundamental rights to privacy of

4    third parties.

5        **REQUEST NO. 31:**

6        All writings or documents which reference, contain, refer to, or relate to any of the alleged

7    victims to the incident that occurred on May 19, 2005, including any writings pertaining to Marci

8    Ward and/or Bobby Boyd.

9    **Response to Request No. 31**    Objection. The request is overbroad as to subject matter and

10   is not relevant to any issue in this litigation as determined by the scope of plaintiff's complaint.

11   Further objection is made to the extent the request implicates the fundamental rights to privacy of

12   third parties.   Without waiver of stated objections, and subject thereto, to the extent the victims are

13   referenced in the arrest report, these documents have been produced.  Further defendants have

14   procured court files pertaining to the respective applications on behalf of Marci Ward and Bobby

15   Boyd for restraining orders against Brainerd. These documents were previously produced.

16       **REQUEST NO. 32:**

17       All writings or documents which constitute, pertain to, refer to, or relate to plaintiff's

18   requests for medication treatment and/or care, including, but not limited to, plaintiff's request for

19   medication.

20   **Response to Request No. 32**    Objection. The request is overbroad as to time and subject

21   matter. Further objection is made to the extent that the documents requested are not in the

22   possession and control of the responding party. Without waiver of stated objections, and subject

23   thereto, to the extent the request seeks documents pertaining to plaintiff's medical treatment while

24   detained at the Lake County Jail, all documents in the possession and control of responding party

25   have been produced with Defendant's Rule 26 Disclosures and herewith.

26       **REQUEST NO. 33:**

27       All writings or documents which constitute, pertain to, refer to, or relate to defendant

28   COUNTY OF LAKE'S response to plaintiff's requests for medication treatment and/or care,

**RESPONSE TO REQUEST FOR PRODUCTION**
**CASE NO. C 07 2663 EDL**

1  including, but not limited to, plaintiff's request for medication.

2  **Response to Request No. 33**    Objection. The request is overbroad as to time and subject
3  matter. Further objection is made to the extent that the documents requested are not in the
4  possession and control of the responding party. Without waiver of stated objections, and subject
5  thereto, to the extent the request seeks documents pertaining to plaintiff's medical treatment while
6  detained at the Lake County Jail, all documents in the possession and control of responding party
7  have been produced with Defendant's Rule 26 Disclosures and herewith.

8  **REQUEST NO. 34:**

9  All writings or documents which constitute, pertain to, refer to, or relate to any investigation
10  into plaintiff's medical condition(s) and/or complication(s).

11  **Response to Request No. 34**    Objection. The request is overbroad as to time and subject
12  matter. Further objection is made to the extent that the documents requested are not in the
13  possession and control of the responding party. Without waiver of stated objections, and subject
14  thereto, to the extent the request seeks documents pertaining to plaintiff's medical treatment while
15  detained at the Lake County Jail, all documents in the possession and control of responding party
16  have been produced with Defendant's Rule 26 Disclosures.

17  **REQUEST NO. 35:**

18  All writings or documents which constitute, pertain to, refer to, or relate to defendant
19  COUNTY OF LAKE's decision not to charge plaintiff with any crime for the incident that took
20  place on or about May 19, 2005.

21  **Response to Request No. 35**    To the extent documents responsive to this request exist and
22  are in the possession and control of the responding party, these documents were produced in
23  connection with Defendant's Rule 26 Disclosures.

24  **REQUEST NO. 36:**

25  All writings or documents which constitute, pertain to, refer to, or relate to the identification
26  of the employees who were on staff at the SUBJECT DETENTION FACILITY from May 19, 2005
27  to May 23, 2005, including, but not limited to timesheets, memorandum, notes, summaries, diaries,
28  or logs, including computer logs.

1  **Response to Request No. 36**    Objection. The request is overbroad as to subject matter and

2  is not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. Further

3  objection is made insofar as the documents requested are privileged and confidential in that the

4  request implicates defendants' employees' fundamental rights to privacy under the United States and

5  California constitutions.   Further objection is made on the basis that the request is not relevant and

6  is overly broad as to the officers and staff as to whom information is sought.

7  **REQUEST NO. 37:**

8      All memorandum, notes, summaries, diaries, or logs, including computer logs of any medical

9  staff at the SUBJECT DETENTION FACILITY from May 19, 2005 to May 23, 2005.

10  **Response to Request No. 37**    Objection. The request is overbroad as to subject matter and

11  is not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. Further

12  objection is made insofar as the documents requested are privileged and confidential in that the

13  request implicates defendants' employees' fundamental rights to privacy of third parties. Further

14  objection is made to the extent that the documents sought are maintained by entities other than these

15  responding defendants.  Without waiver of stated objections, and subject thereto, defendants

16  previously produced all medical records in their possession and control, including medical screening,

17  medication records and medical treatment records pertaining to the plaintiff in connection with

18  Defendants' Rule 26 Disclosures.

19  DATE: May 2 7, 2008.

                                    JONES & DYER

20

21                                  By: _____

22                                      MARK A. JONES
                                        Attorneys for County of Lake, Lake County
23                                      Sheriff's Office, Matthew Wristen and Emil
                                        Devincenzi

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**RESPONSE TO REQUEST FOR PRODUCTION**
**CASE NO. C 07 2663 EDL**

1

## PROOF OF SERVICE BY MAIL

2

I am a citizen of the United States and a resident of the County of Sacramento. I am over the age of eighteen

3

years and not a party to the within entitled action; my business address is 1800 J Street, Sacramento, California, 95814.

4

On this date, I served the foregoing documents described as follows: **RESPONSE TO REQUEST FOR**

5

**PRODUCTION OF DOCUMENTS** on the interested parties in this action by placing a true copy thereof enclosed in a

6

sealed envelope addressed as follows:

7

**COUNSEL FOR PLAINTIFF:**
David M. Poore

8

KAHN BROWN & POORE LLP0
755 Baywood Drive, Suite 185

9

Petaluma, CA 94954
707-763-7100

10

707-763-7180 (fax)

11

12

13

_____ (BY FEDERAL EXPRESS) I caused such envelope to be delivered by hand to the offices of the addressee(s) via Federal Express.

14

__x___ (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the U.S. Mail at

15

Sacramento, CA.

16

_____ (BY PERSONAL SERVICE) I caused such envelope to be hand delivered to the above address.

17

_____ (BY FAX) by transmitting by facsimile copying machine a true copy thereof to telephone number
_____ known or represented to me to be the receiving telephone number for facsimile copy

18

transmission of the parties/person/firms listed above.

19

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

20

Executed on May _27_, 2008, at Sacramento, California.

21

MARY ALICE MYERS

22

23

24

25

26

27

28

## RESPONSE TO REQUEST FOR PRODUCTION
### CASE NO. C 07 2663 EDL



**LAKE COUNTY
SHERIFF'S DEPARTMENT**

**CORRECTIONS DIVISION
POLICY MANUAL**

**TITLE:   PROBABLE CAUSE HEARINGS**

**NO. 3-8**

**EFFECTIVE DATE**: September 11, 2005

**REVISED**: September 11, 2005
**AUDITED**: March 10, 2006

**POLICY:** Per the United States Supreme Court, hearings must be held on fresh arrests within 48 hours from the time of the arrest.

All fresh misdemeanor and felony arrests will require all arresting officers to adhere to the following procedure.

**REFERENCES: California Penal Code Section 836**

**PROCEDURE:**

- The arresting officer will fill out the Arrest Report Form which details all required arrestee identification and the probable cause involved in the warrant-less arrest.

- The Probable Cause must contain inmate's name, date of arrest, time of arrest, violations felony/misdemeanor, and narrative of violations and signature of arresting officer.

- The mandatory narrative in the factual summary section is to be completed. The arresting officer must list in detail the probable cause used to support the arrest or the specific charges(s) cited.

- If the report contains insufficient information, the magistrate is likely to release the arrestee from custody.

- The Lake County Jail staff will forward all required paperwork to the judge hearing custody matters, or telephone an on-call magistrate for review within the established 48 hours starting from the time of arrest. The information on the back of the Probable Cause will be filled out by the Officer conducting the hearing with the magistrate.

- The county jail staff will not be responsible for the completion of the probable cause/declaration intake forms. This is the sole responsibility of the arresting agency/officer

1

**DEF 305**

**The arrestee cannot be held in custody longer than 48 hours without a magistrate's review of the probable cause for the arrest, either in person or via telephone.**

- The arrest report and declaration forms are available at the main jail intake booking area.

- On days in which the court is not in session and a warrant-less arrestee is held in custody, Correctional staff shall make telephone contact with the magistrate of the court on-call. A magistrate will be contacted Saturday/Sunday and on holidays to assure significant probable cause has been meat to detain the subject.

- They shall read all information regarding the statement made by the arresting officer regarding probable cause used in effecting the arrest.

- The magistrate shall deem at the time if there was probable cause and shall authorize them to hold the inmate in custody until his/her arraignment or until bail is posted.

- If the magistrate deems there was insufficient probable cause, they shall release the inmate in accordance with 825 PC.

2

DEF 306