**JONES & DYER**
**A Professional Corporation**
**1800 J Street**
**Sacramento, California 95811**
**Telephone: (916) 552-5959**
**Fax: (916) 442-5959**

**MARK A. JONES, State Bar #96494**
**KRISTEN K. PRESTON, State Bar #125455**

Attorneys for: Defendants County of Lake, Lake County Sheriff's Department, Matthew Wristen and Emil Devincenzi

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRAINERD<br><br>  Plaintiff,<br><br>vs.<br><br>COUNTY OF LAKE; LAKE COUNTY SHERIFF'S OFFICE; and DOES 1 through 50, inclusive,<br>  Defendants. | NO. C 07 2663 EDL<br><br>**DEFENDANTS' EVIDENTIARY OBJECTIONS TO DECLARATION OF MICHAEL BRAINERD**<br><br>Date: July 22, 2008<br>Time: 9:00 a.m.<br>Courtroom E, 15th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA |

Defendant County of Lake objects to the admissibility of the declaration of Michael Brainerd filed by plaintiff in support of his opposition to defendant's motion for summary judgment as set forth below:

| **Declaration - Paragraph & Lines:** | **Objection** |
|---|---|
| Paragraph 17, lines 16-20 | Relevance (Rule 401, 401), lack of personal knowledge (Rule 602).[1]  Plaintiff has demonstrated no basis upon which he has personal knowledge as to whether and when Ms. Ward sought assistance from County of Lake Victim-Witness office or Ms. Ward's motivation for such action. |

---

[1] Rule 602 provides in pertinent part: "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony

**DEFENDANTS' EVIDENTIARY OBJECTION TO DECLARATION OF MICHAEL BRAINERD**
**CASE NO. C 07 2663 EDL**

| | | |
|---|---|---|
| 1 | Paragraph 25, lines-17–19 | Relevance, (Rule 401, 402), lack of personal knowledge Rule 602), inadmissible lay opinion testimony,( Rule 701).[2] In addition, plaintiff provides no factual basis upon which he could offer this opinion. |
| 4 | Paragraph 26, line 28 | Inadmissible lay opinion (Rule 701). Plaintiff has demonstrated no basis upon which he may competently testify as to medical issues |
| 6 | Paragraph 28 | Lack of foundation (Rule 602), inadmissible lay opinion (Rule 701). Plaintiff has demonstrated no basis upon which he may competently testify as to medical issues. |
| 9 | Paragraph 30 | Relevance (Rule 401, 401), lack of personal knowledge (Rule 602), inadmissible lay opinion (Rule 701). Plaintiff has demonstrated no basis upon which he may competently testify as to the County procedures for detainee hearings, the purpose for transport of other detainees or the hearings to which these other detainees attended and whether the courthouse "that was in the same city" as the jail was the courthouse at which a probable cause determination for his arrest would be made. |

DATE: July 8, 2008.

JONES & DYER

By:   /s/ Mark A. Jones
        MARK A. JONES
        KRISTEN K. PRESTON
        Attorneys for Defendants County of Lake, Lake County Sheriff's Office, Matthew Wristen and Emil Devincenzi

---

[2] Rule 701 provides in pertinent part: "If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony, or the determination of a fact in issue, and (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702."

**DEFENDANTS' EVIDENTIARY OBJECTION TO DECLARATION OF MICHAEL BRAINERD
CASE NO. C 07 2663 EDL**